**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

GILEAD SCIENCES, INC., GILEAD SCIENCES  :
IRELAND UC, and GILEAD SCIENCES, LLC,   :
                                        :       Case No. 21-cv-4106 (AMD) (RER)
                Plaintiffs,             :
                                        :
                                        :
v.                                      :       **FILED UNDER SEAL**
                                        :       **PURSUANT TO 15 U.S.C. § 1116(d)**
SAFE CHAIN SOLUTIONS, LLC; PATRICK      :       **AND COURT ORDER (DKT. NO. 20)**
BOYD; CHARLES BOYD; WORLDWIDE           :
PHARMA SALES GROUP, INC. d/b/a          :
PHARMASALES.COM; ADAM S. BROSIUS;       :
BOULEVARD 9229 LLC; ISHBAY SHUKUROV;    :
PETER KHAIM; ZAFAR ABDULLAEV;           :
PROPHARMA DISTRIBUTION LLC; LEVI        :
ELLIS; SYNERGY GROUP WHOLESALERS        :
LLC; CARLOS VEGA; ISLAND CHEMISTS,      :
INC. d/b/a MEADOW DRUGS & SURGICAL;     :
RANDOLPH MOHABIR; V.L.S. PHARMACY       :
INC.; GOPESH M. PATEL; LIN PHARMACY     :
INC. d/b/a MAKKI PHARMACY; SAMUEL       :
YAKUBOV; MONICA A. NGO; ASCENSION       :
PHARMACY HOLDINGS I LLC d/b/a           :
MERMAID RX AND ARIEL PHARMACY; and      :
ALEX GELBINOVICH,                       :
                                        :
                Defendants.             :

------------------------------------------------------------------

**<u>DECLARATION OF TIMOTHY WATERS</u>**

TIMOTHY WATERS, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.      I am an attorney admitted to practice before this Court and Counsel to the law firm of Patterson Belknap Webb & Tyler LLP, attorneys for Plaintiffs in the above-captioned action. I am fully familiar with the facts set forth herein.

2.    On August 23, 2021, I led the team that conducted a civil seizure, pursuant to an order of this Court (Dkt. No. 46), at the residence of Peter Khaim, located at 6936 Dartmouth Street, Forest Hills, New York. I was present throughout the seizure.

3.    The photograph below shows the New York Sheriff's Deputies in Khaim's living room (including an elevator between the floors of his home) during the seizure:



4.    Khaim's residence had multiple closed-circuit television cameras positioned outside of the residence, facing toward the street. Khaim met the Sheriff's deputies outside of his residence before they could enter.

5.    When I told Khaim that pursuant to the Seizure Order we would be making copies of his phone and computers, Khaim denied having either a phone or computer. Eventually, I indicated that the seizure team would have to conduct a thorough search of the house, including any places where a phone might have been hidden, to locate Khaim's phone. Khaim, after speaking to counsel, located and provided at least one of his phones.

6.    After Khaim spoke with him, I spoke with Khaim's counsel. Counsel stated that that Khaim would provide the seizure team his phone, that Khaim would briefly unlock the phone to show that it was active and recently received text messages, but that Khaim would lock

2

the phone before handing it over and would not provide the passcode. Khaim then provided the phone in the manner described by his counsel.

7.  Gilead's forensic analysists informed me they were able to unlock Khaim's phone without Khaim providing the passcode. Emails from at least two email addresses – pkhaim01@gmail.com and consultinggroup910@gmail.com – were stored on the phone. Gilead's digital forensics examiners and Gilead's counsel were able to view the email messages that were cached – *i.e.*, stored locally – on the phone, but were not able to forensically collect them. In addition, any email attachments could not be viewed. When connected to the Internet, the phone was unable to download any new messages from those email accounts from the server because the passwords to the email accounts had been changed following the seizure.

8.  I have had discussions with Khaim's counsel, who stated that Khaim would not comply with the Court's orders on the basis of the Fifth Amendment privilege. I informed counsel of Gilead's position that the Fifth Amendment did not apply, at minimum, to the production of corporate records, and that Gilead intended to move to have Khaim held in contempt.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed on September 2, 2021.

_____
TIMOTHY WATERS

3