UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GILEAD SCIENCES, INC., GILEAD SCIENCES : IRELAND UC, and GILEAD SCIENCES, LLC, :

:    Case No. 21-cv-4106 (AMD) (RER)

Plaintiffs,    :

:

v.    :    FILED UNDER SEAL

:    PURSUANT TO 15 U.S.C. § 1116(d)

SAFE CHAIN SOLUTIONS, LLC; PATRICK :    AND COURT ORDER (DKT. NO. 20)

BOYD; CHARLES BOYD; WORLDWIDE :

PHARMA SALES GROUP, INC. d/b/a :

PHARMASALES.COM; ADAM S. BROSIUS; :

BOULEVARD 9229 LLC; ISHBAY SHUKUROV; :

PETER KHAIM; ZAFAR ABDULLAEV; :

PROPHARMA DISTRIBUTION LLC; LEVI :

ELLIS; SYNERGY GROUP WHOLESALERS :

LLC; CARLOS VEGA; ISLAND CHEMISTS, :

INC. d/b/a MEADOW DRUGS & SURGICAL; :

RANDOLPH MOHABIR; V.L.S. PHARMACY :

INC.; GOPESH M. PATEL; LIN PHARMACY :

INC. d/b/a MAKKI PHARMACY; SAMUEL :

YAKUBOV; MONICA A. NGO; ASCENSION :

PHARMACY HOLDINGS I LLC d/b/a :

MERMAID RX AND ARIEL PHARMACY; and :

ALEX GELBINOVICH, :

:

Defendants.    :

---------------------------------------------------------------

## DECLARATION OF ARON FISCHER

ARON FISCHER, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.    I am an attorney admitted to practice before this Court and a partner at the law firm of Patterson Belknap Webb & Tyler LLP, attorneys for Plaintiffs in the above-captioned action. I am fully familiar with the facts set forth herein.

2.    On August 23, 2021, I led the team that conducted a civil seizure, pursuant to an order of this Court (Dkt. No. 46), at the residence of Carlos Vega, located at 3010 NW 5th Street,

Miami, Florida. I was present throughout the seizure, including during all interactions with Mr. Vega.

3.    During the course of the seizure, investigators found in Mr. Vega's residence a checkbook for "Cesar Castillo LLC," with an address in Colorado Springs, Colorado, a photograph of which (with account information redacted) is shown below:



4.    Mr. Vega was present throughout Gilead's execution of the Court's seizure order, but he refused to provide any information about the activities of his company, Synergy Group Wholesalers LLC ("Synergy"). During the seizure, Mr. Vega contacted counsel, Juan Berrio, and I sent Mr. Berrio copies of the seizure order (and other Court orders) and discussed them with him. Nevertheless, Mr. Berrio represented that Synergy and Mr. Vega would not be

2

producing documents or information until further notice. When I explained that this would put his clients in contempt of the Court's orders, counsel maintained the position.

5.      Gilead's investigators seized password-protected smartphones and a password-protected desktop computer. The number on one of the locked phones matches the phone number listed on Synergy's Tennessee pharmaceutical wholesaler license. Mr. Vega confirmed that the phone was used by Synergy business. Mr. Vega confirmed that the locked computer was the one he used for business, unlike the other, unlocked computers found at his residence, which Mr. Vega stated were not used for business. Mr. Vega refused to provide the passwords for any locked device.

6.      Neither Synergy nor Mr. Vega have produced any documentation required under the Court's orders.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Executed on September 2, 2021.

_____
ARON FISCHER

3