UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GILEAD SCIENCES, INC., et al.,

                Plaintiffs,

v.

SAFE CHAIN SOLUTIONS, LLC, et al.,

                Defendants.

Case No. 21-cv-4106 (AMD) (RER)

---

**STIPULATION AND ORDER
ENTERING A PRELIMINARY INJUNCTION AND CONFIRMING THE
*EX PARTE* SEIZURE AS TO THE MEDICINE SHOPPE DEFENDANTS**

     WHEREAS, on October 19, 2021, Plaintiffs Gilead Sciences, Inc., Sciences Ireland UC, and Gilead Sciences, LLC (collectively, "Plaintiffs" or "Gilead") filed its Second Amended Complaint against, *inter alia*, Defendants Sekar Venkatesh, Maryland Pharmacies Inc. d/b/a The Medicine Shoppe #1802, and PrimeRx Inc. (collectively, the "The Medicine Shoppe Defendants"), and sought a temporary restraining order, asset freeze order, and *ex parte* seizure against The Medicine Shoppe Defendants;

     WHEREAS, on October 16, 2021, the Honorable Rachel P. Kovner entered a temporary restraining order, asset freeze order, and *ex parte* seizure order against The Medicine Shoppe Defendants;

     WHEREAS, on October 18, 2021, Plaintiffs executed the Court's *ex parte* seizure order at the premises of The Medicine Shoppe Defendants;

     WHEREAS, in order to avoid the burden and expense of a preliminary injunction and seizure confirmation hearing, Plaintiffs and The Medicine Shoppe Defendants wish to stipulate to a preliminary injunction without a bond and to confirm the *ex parte* seizures;

1

NOW THEREFORE, UPON THE STIPULATION AND AGREEMENT by and between the undersigned counsel for Plaintiffs and counsel for The Medicine Shoppe Defendants, it is hereby ORDERED that:

1. The Medicine Shoppe Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in concert and participation with them pending the final hearing and determination of this action, are preliminarily enjoined from importing, purchasing, selling, distributing, marketing, or otherwise using in commerce in the United States any Gilead Products (as defined below), including authentic products, or assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph, except for Gilead Products purchased directly from AmerisourceBergen Corporation, Capital Drug, Cardinal Health, Cesar Castillo, Inc., Dakota Drug, DMS Pharmaceutical Group, Drogueria Betances, J.M. Blanco, Inc., Louisiana Wholesale Drug Co., McKesson Corporation, Morris & Dickson Co., Ltd., N.C. Mutual Wholesale Drug Co., Prescription Supply, Inc., R&S Northeast/Dixon-Shane, Smith Drug Company, or Value Drug Company.

2. The "Gilead Products" are defined as all products manufactured by or sold by Gilead or its subsidiaries in the United States, including but not limited to all products bearing anywhere any of the Gilead Marks (as defined below), [1] whether on the product itself or any of its packaging.

---

[1] The Gilead Marks are defined as follows:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| GILEAD | 3251595 | June 12, 2007 |
|  | 2656314 | December 3, 2002 |
| GSI | 3890252 | December 14, 2010 |
| BIKTARVY | 5344455 | November 28, 2017 |

3. Plaintiffs and The Medicine Shoppe Defendants agree that, as among them, there are no issues to address at the hearing scheduled for October 27, 2021, with respect to the Order to Show Cause and/or the confirmation of the Seizure Order. The Medicine Shoppe Defendants waive any and all rights they might have to a hearing to contest the issuance of a preliminary injunction and agree to the entry of a preliminary injunction as requested by Plaintiffs without a hearing as memorialized in this Stipulation.

4. Plaintiffs and their surety are released from any and all liability under the bond submitted in connection with the Court's October 16, 2021, seizure order and temporary restraining order and any liability under or as a result of the seizure order signed by the Court in this case on October 16, 2021, or the execution thereof, and the seizure is hereby confirmed.

5. To the extent they have not done so, The Medicine Shoppe Defendants agree to produce all documents and materials they are required to produce under the Seizure Order and the

| | | |
|---|---|---|
| DESCOVY | 4876632 | December 29, 2015 |
| DESCOVY FOR PREP | 5912591 | November 19, 2019 |
| 9883 | 5467392 | May 15, 2018 |
| | 5636131 | December 25, 2018 |
| | 5906177 | November 12, 2019 |
| | 5030567 | August 30, 2016 |
| | 5154303 | March 7, 2017 |
| TRUVADA | 2915213 | December 28, 2004 |
| GENVOYA | 4797730 | August 25, 2015 |
| ATRIPLA | 3276743 | August 7, 2007 |
| RANEXA | 3094007 | May 16, 2006 |
| VOSEVI | 5259592 | August 8, 2017 |
| STRIBILD | 4263613 | December 25, 2012 |
| | 6031751 | April 14, 2020 |
| SOVALDI | 4468665 | January 21, 2014 |
| | 5018106 | August 9, 2016 |
| 7977 | 4585257 | August 12, 2014 |

Temporary Restraining Order by the deadlines set forth in each respective order, including any products bearing any of the Gilead Marks that are or come into the possession of The Medicine Shoppe Defendants.

6.  The Court's October 16, 2021, Asset Freeze Order is hereby MODIFIED as follows:

   a. Any bank, brokerage house, or financial institution holding frozen assets under the Asset Freeze Order shall continue to hold such assets except as set forth in this Order.

   b. Counsel for Plaintiffs or The Medicine Shoppe Defendants may immediately serve this Order upon the banks, brokerage houses, or financial institutions identified in the subparagraphs below.

   c. Upon service of this Order upon Bank of America, Bank of America shall immediately unfreeze the frozen accounts ending with 8117, 2224, 2237, 2518, 5399, 5436, 0995, 1905 (account holder or signatory: Sekar Venkatesh, PrimeRx Inc. or Maryland Pharmacies Inc. d/b/a The Medicine Shoppe #1802).

   d. Within three business days of receipt of this Order, Bank of America shall deposit $150,000.00 from account ending in 6428 (account holder: Sekar Venkatesh or Maryland Pharmacies Inc. d/b/a The Medicine Shoppe #1802) into the United States District Court for the Eastern District of New York by check(s) made payable to "Clerk, U.S. District Court." The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. Safe Chain Solutions, LLC, 21-cv-4106") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Douglas Palmer, Clerk of Court, Theodore

Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201." The Clerk of Court shall notify the Court upon receiving and depositing these checks.

e. Immediately upon conveyance of such funds to the Clerk of Court, Citywide shall each send a digital scan of the check(s) by electronic mail to Geoffrey Potter (gpotter@pbwt.com), counsel for Plaintiffs, and Mr. Venkatesh (1802msi@gmail.com) for The Medicine Shoppe Defendants; and shall send a copy of the check(s) to: "The Honorable Ann M. Donnelly, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201."

f. The Clerk of the Court is directed to receive and deposit all funds received under this Order into an interest-bearing account, whereupon the funds will be enjoined and held in constructive trust under the custody and administration of the Court to secure and preserve the availability of the relief Plaintiffs seek (including the equitable remedies of disgorgement and restitution) until the final disposition of this action. Pursuant to Local Civil Rule 67.1, the Clerk is directed to deduct from the income on the investment a fee consistent with that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.

g. The order will remain in effect until further order of this court directing disbursement of the funds deposited into the Registry Fund of the Treasury.

h. Once completed, Bank of America shall give written confirmation that it has complied with subparagraph c above to counsel for Plaintiffs at gpotter@pbwt.com and CounterfeitHIVMedications@pbwt.com, and to Mr.

Venkatesh for The Medicine Shoppe Defendants at 1802msi@gmail.com. Counsel for Plaintiffs and Mr. Venkatesh for The Medicine Shoppe Defendants shall provide to Bank of America written acknowledgement of receipt of that notification. Once Bank of America receives such written acknowledgment from counsel for Plaintiffs and from Mr. Venkatesh for The Medicine Shoppe Defendants, Bank of America shall unfreeze the accounts ending in 6428 (account holder: Sekar Venkatesh or Maryland Pharmacies Inc. d/b/a The Medicine Shoppe #1802).

i. Except to the extent inconsistent with this Order, the provisions of the Court's Asset Freeze Order shall remain in effect.

7. Nothing in this stipulation shall constitute or be treated as an admission by any party, including an admission of any liability, wrongdoing, or violation of law. Plaintiffs and The Medicine Shoppe Defendants do not waive and reserve all rights and remedies not specifically addressed herein.

8. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: October 18, 2021

Respectfully submitted,

*signature: Jeffrey Potter*

GEOFFREY POTTER
ARON FISCHER
TIMOTHY A. WATERS
JOSHUA R. STEIN
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: (212) 336-2000
Fax: (212) 336-2222
gpotter@pbwt.com
afischer@pbwt.com
twaters@pbwt.com
jstein@pbwt.com

*Attorneys for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC*

*signature*

Sekar Venkatesh

SO ORDERED

s/Ann M. Donnelly
Hon. Ann M. Donnelly

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2021, I served the foregoing upon the following:

Jonathan Levitt
Todd Mizeski
Jesse Dresser
Lucas Morgan
Jason N. Silberberg
FRIER LEVITT, LLC
jlevitt@frierlevitt.com
tmizeski@frierlevitt.com
jdresser@frierlevitt.com
lmorgan@frierlevitt.com
jsilberberg@frierlevitt.com

*Counsel for Defendants Safe Chain Solutions, LLC, Patrick Boyd, Charles Boyd, Worldwide Pharma Sales Group, Inc. d/b/a Pharmasales.com, and Adam S. Brosius*

Susan Brichler Trujillo
Gregory T. Everts
Hector J. Diaz
Ryan L. Torres
QUARLES & BRADY LLP
Susan.trujillo@quarles.com
Gregory.everts@quarles.com
Hector.diaz@quarles.com
Ryan.Torres@quarles.com
Tel: (602) 229-5200

Andrey Spektor
BRYAN CAVE LEIGHTON PAISNER LLP
andrey.spektor@bclplaw.com

*Counsel for Defendants ProPharma Distribution LLC and Levi Ellis*

Jonathan Savella
Jonathan.savella@gmail.com
*Attorney for Defendant Ishbay Shukurov*

James R. Froccaro
jrfesq61@aol.com
*Attorney for Defendant Peter Khaim*

Juan Diego Berrio
Berrio & Berrio PA
Jdberrio@hotmail.com
*Attorney for Defendant Carlos Vega*

Gerald J. Di Chiara
jdichiarag@aol.com
*Attorney for Defendant Zafar Abdullaev*

R. David Lane, Jr.
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.
rdlane@mdwcg.com
*Attorney for Defendants Island Chemists, Inc. d/b/a Meadow Drugs & Surgical and Randolph Mohabir*

James P. Flynn
EPSTEIN BECKER & GREEN P.C.
JFlynn@ebglaw.com
*Attorney for Defendants Ascension Pharmacy Holdings 1 LLC d/b/a Mermaid RX and Ariel Pharmacy and Alex Gelbinovich*

Matthew J. Conrey
Maria Campese
Robert E. Hewitt
SCHWARTZ, CONROY, & HACK P.C.
mjc@schlawpc.com
mac@schlawpc.com
rch@schlawpc.com
*Attorneys for Defendants Lin Pharmacy, Inc. d/b/a Makki Pharmacy, Monica Ngo, and Samuel Yakubov*

*/s/ Joshua R. Stein*

8