

FRIER LEVITT
ATTORNEYS AT LAW

Jason N. Silberberg, Esq.
direct: 973.852.8368
jsilberberg@frierlevitt.com

**FILED UNDER SEAL**

December 9, 2021

***Via Email to*** donnelly_chambers@nyed.uscourts.gov ***and by Courier***
Hon. Ann M. Donnelly
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE:   ***Gilead Sciences, Inc. et al. v. Safe Chain Solutions, LLC et al.***
>         **Dkt. No.: 21-cv-4106**

Dear Judge Donnelly,

This firm represents Defendants Safe Chain Solutions, LLC ("Safe Chain"), Patrick Boyd, and Charles Boyd (collectively, the "Safe Chain Defendants"). We write, pursuant to Your Honor's chambers Rule 4, to request a pre-motion conference to file a joint motion to dismiss on behalf of the Safe Chain Defendants, which would seek to dismiss all Counts against Charles and Patrick Boyd and Counts 5, 7 and 9 as to Safe Chain.[1] A condensed summary of the arguments to be included in the motion follows below.

### I.   *The Fifth Count Should be Dismissed Because the Marks At Issue Are Not Famous.*

In its Fifth Count, Plaintiffs Gilead Sciences, Inc. and Gilead Sciences, LLC (collectively, "Gilead") assert that Defendants' actions dilute the "Gilead Marks" in violation of the Lanham Act's anti-dilution law, 15 U.S.C. §1125(c). The list of the asserted "Gilead Marks" is attached hereto as **Annex A**, *see also* Sec. Am. Compl. ¶ 341; Exs. A-B. To be entitled to protection under federal trademark dilution law, the Gilead Marks must be famous, indeed, so famous that the marks are "almost universally recognized" and are "household names" among the "general consuming public of the United States." *See* 15 U.S.C. §1125(c); *Luv N' Care, Ltd. v. Regent Baby Products Corp.*, 841 F.Supp.2d 753, 758 (S.D.N.Y. 2012); *Urb. Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, No. 12 Civ. 3599, 2013 WL 866867, at *6 (S.D.N.Y. Mar. 8, 2013). Representative samples of the

purportedly famous "Gilead Marks" are:  9883; ATRIPLA; BIKTARVY; DESCOVY; and ███████ ; such obscure pharmaceutical names, numbers, and labels do not meet the high bar for "famous" marks. The Fifth Claim

---

[1] It is the Safe Chain Defendants' position that, pursuant to F.R.C.P. 12(a)(4) (among other law), filing the motion to dismiss should toll the time to respond to all other Counts, in addition to all cross-claims filed, until such time as the motion to dismiss has been decided.

Pine Brook | New York City
84 Bloomfield Avenue, Pine Brook, New Jersey 07058 | t 973-618-1660 | f 973.618.0650
Please respond to New Jersey office
www.FrierLevitt.com



for Relief therefore fails to state a claim on which relief can be granted and must be dismissed. *See, e.g.*, *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 472 (E.D.N.Y. 2009) (dismissing dilution claim on a 12(b)(6) motion because asserted mark was not famous).

## II. *The Seventh Count Should Be Dismissed For Failure to Allege Consumer-Oriented Conduct.*

In its Seventh Count, Gilead alleges that Defendants violated New York General Business Law § 349 by "selling . . . counterfeit, altered, and/or falsified products" to pharmacies. SAC at ¶356. Section 349 of the New York General Business Law prohibits "[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York. To state a claim under § 349, a plaintiff must demonstrate that "a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered an injury as a result of the allegedly deceptive act or practice." *Kommer v. Bayer Consumer Health*, 252 F.Supp.3d 304, 310 (SDNY 2017) (*quoting Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015)). To show that conduct is "consumer-oriented," a plaintiff must demonstrate that the offending conduct was a deceptive practice "*directed at consumers*[.]" *Spirit Locker, Inc. v. EVO Direct, LLC*, 696 F.Supp.2d 296, 300-301 (EDNY 2010) (emphasis supplied); *see also Amos v. Biogen Idec, Inc.*, 25 F.Supp.3d 164. 173-174 (WDNY 2014). A deceptive practice is not directed at consumers where there is an "informed" or "learned" intermediary, generally a physician, standing between the deceptive practice and the public at large. *See Amos*, 25 F.Supp.3d at 173-174; *Zottola v. Eisa, Inc.*, 2021 WL 4460563, at *4 (SDNY 2021).

While courts have not always found the informed intermediary doctrine to serve as a blanket exemption to § 349 claims, *see, e.g., Goldych v. Eli Lilly and Company*, 2006 WL 2038436, at FN14 (*citing Karlin v. IVF America, Inc.* 93 NY2d 282 (Ct. App. 1999), applying it to the instant fact pattern is warranted. Similar to cases involving a defendant's alleged failure to warn or active concealment of a medication's harmful side effects, the alleged deception here was targeted at healthcare professionals, including physicians and pharmacists, and not the public – such "deceptive practice[s are,] . . . as a matter of law, not . . . directed at consumers." *Wholey v. Amgen, Inc.* 165 NYS3d 16, 17-19 (2018) (*quoting Amos*, 25 F.Supp.3d at 173-174); *see also Zottola*, 2021 WL 4460563, at *4 (accord). Because the alleged misconduct at issue was not consumer-oriented, Count Seven should be dismissed.

## III. *The Ninth Count Should Be Dismissed Because Plaintiffs Did Not Confer a Cognizable Benefit on the Safe Chain Defendants.*

Through its Ninth Count, Gilead alleges that the Defendants were unjustly enriched "at Gilead's expense" by "selling . . . counterfeit, altered, and/or falsified products bearing Gilead's valuable trademarks . . ." SAC at ¶365. To sustain this claim, Gilead "must show that (1) defendant was enriched, (2) the enrichment was at the plaintiff's expense and (3) the circumstances were such that equity and good conscience require defendant to make restitution." *Violette v. Armonk Assocs., L.P.*, 872 F. Supp. 1279, 1282 (SDNY 1995) (Sweet, J.); *see also County of Nassau v. Expedia, Inc.*, 992 NYS2d 293, 296 (2d Dep't 2014). "'The theory of unjust enrichment lies as a quasi-contract claim'" and contemplates "an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (*quoting IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 (Ct. App. 2009)). As a consequence, a plaintiff must also allege a bona fide and non-attenuated relationship with the defendant at the time the benefit was conferred. *See Sperry v. Crompton Corp.*, 8 NY3d 204, 210 (2007); *Georgia Malone*, 19 N.Y.3d, at 517. In other words, "[i]t is

FRIER LEVITT
A T T O R N E Y S    A T    L A W

not enough that the defendant received a benefit from the activities of the plaintiff; if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery." *Piccoli A/S v. Calvin Klein Jeanswear Co.*, 19 F.Supp.2d 157, 166 (SDNY 1998) (*quoting Kagan v. K-Tel Entertainment, Inc.*, 568 N.Y.S.2d 756, 757; (1st Dep't 1991)); *see also Int'l Diamon Importers, Inc. v. Med Art, Inc.*, 2017 WL 2839640, at *10 (SDNY 2017).

Here, Gilead does not plead a sufficient relationship between itself and the Safe Chain Defendants in or around the time the conduct in question allegedly occurred. Indeed, as best as can be gleaned from the SAC, in fact, there was no relationship between the parties, let alone a non-attenuated one. Further, as in the *Piccoli* matter, the performance at issue was the "creation of demand" by Gilead for its own marks – a "performance indisputably not rendered for the defendants. On the contrary, [plaintiff] performed for its own benefit . . ." 19 F.Supp.2d at 166. For these reasons, Count Nine should be dismissed.

### IV. *All Counts Against Charles Boyd and Patrick Boyd Should Be Dismissed Because Gilead Failed to Allege Facts Warranting Piercing of the Corporate Veil.*

Gilead alleges that Charles Boyd and Patrick Boyd are "founder[s], owner[s], and managing principal[s] of Safe Chain[,]" SAC at ¶13-14, and names them, along with all other Defendants, in Counts 1-9. In so doing, however, Gilead fails to allege facts sufficient to pierce Safe Chain's corporate veil and, absent such allegations, "[l]imited liability is the rule not the exception[,]" meaning Charles and Patrick should be dismissed from the suit. *Anderson v. Abbott*, 321 U.S. 349, 361-362. Veil-piercing is permitted only where Plaintiff has sufficiently alleged that the individuals in question "exercised complete domination over [a corporate entity] in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form[.]" *City of Almaty v. Ablyazov*, 278 F.Supp.3d 776, 799 (SDNY 2017) (*quoting E. Hampton Union Free Sch. Dist. V. Sandpebble Builders, Inc.*, 884 N.Y.S.2d 94, 90 (2009)). Determining whether "complete domination" exists to justify veil-piercing requires the Court to consider a number of factors, including: "(1) a disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds[,]" among others. *MAG Portfolio Consult., GMBH v. Merlin Biomed Group, LLC*, 268 F.3d 58, 63 (2d Cir. 2001) (*quoting Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1053 (2d 1997)). Importantly, "[c]omplete stock ownership [of an entity] does not alone warrant" piercing the veil. *MS 'Taga Bay GMBH & Co. v. SA Independent Liner Srevices Pty Ltd.*, 2009 WL 2222922, at *3 (*citing William v. McAllister Bros Inc.*, 534 F.2d 19, 21 (2d Cir. 1976)). Here, the SAC fails to allege facts addressing any of the foregoing factors, and Gilead's allegation that Charles Boyd and Patrick Boyd are owners of Safe Chain is insufficient as a matter of law to cure this deficiency.

### CONCLUSION

It is respectfully requested that that the Court arrange for a pre-motion conference or otherwise grant the Safe Chain Defendants leave to file the above-described motion to dismiss.



Respectfully submitted,

**FRIER & LEVITT, LLC**

/s/ Jason N. Silberberg
Jason N. Silberberg, Esq.
84 Bloomfield Avenue
Pine Brook, NJ 07058
Telephone: (973) 618-1660
Facsimile: (973) 618-0650
jsilberberg@frierlevitt.com

cc: Counsel of Record (*via email*)

## ANNEX A

7977 (Reg. No. 4,585,257)

9883 (Reg. No. 5,467,392)

ATRIPLA (Reg. No. 3,276,743)

BIKTARVY (Reg. No. 5,344,455)

DESCOVY (Reg. No. 4,876,632)

DESCOVY FOR PREP (Reg. No. 5,912,591)

GENVOYA (Reg. No. 4,797,730)

GILEAD (Reg. No. 3,251,595)

GSI (Reg. No. 3,890,252)

RANEXA (Reg. No. 3,094,007)

SOVALDI (Reg. No. 4,468,665)

STRIBILD (Reg. No. 4,263,613)

TRUVADA (Reg. No. 2,915,213)

VOSEVI (Reg. No. 5,259,592)


































  

