



**FRIER LEVITT**
ATTORNEYS AT LAW

Jason N. Silberberg, Esq.
direct: 973.852.8368
jsilberberg@frierlevitt.com

January 10, 2022

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Gilead Sciences, Inc. et al. v. Safe Chain Solutions, LLC et al.*
             Case No. 21-cv-4106 (AMD) (RER)

Dear Judge Donnelly:

      Defendants Safe Chain Solutions, LLC ("Safe Chain"), Charles Boyd, and Patrick Boyd (collectively, the "Safe Chain Defendants") respectfully request the Court to refer this case to immediate mediation, preferably before Magistrate Judge Reyes. As discussed below, this case presents a number of extenuating circumstances that warrant mediation at the outset of the case so that the parties can explore whether an amicable resolution is possible. Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland, UC (collectively, "Gilead") have engaged in a pattern of aggressive and abusive litigation tactics that has put Safe Chain Defendants on the cusp of financial ruin well before they even have an opportunity to meaningfully respond to Gilead's unfounded allegations.  Indeed, Gilead has confirmed on the record it would have no qualms with Safe Chain's insolvency prior to the time that it can file a response.[1]

      Under the cover of a sealed docket, posting a minimal bond, Gilead acquired an overly-broad temporary restraining order which afforded it immense leverage against the much smaller Safe Chain.[2]  Once the Temporary Restraining Order issued, Gilead seized virtually all of Safe Chain's inventory and equipment, including even the personal electronic devices of Safe Chain's employees.  Further, Gilead froze Safe Chain's financial assets, as well as the personal accounts of Safe Chain's individual owners.  Gilead then used this immense leverage to "negotiate" terms of a preliminary injunction, knowing full well that the much smaller Safe Chain, and its individual owners, had essentially no choice but to comply with Gilead's demands.  At the same time, Gilead refuses to negotiate

---

[1] Specifically, during the September 29, 2021 hearing on the Safe Chain Defendants' Motion to Modify the Asset Freeze Order, the Court asked counsel for Gilead the "straightforward question" or whether it should be able "at this stage in the litigation, to basically shutdown their business?" Counsel responded: "The answer is they – to the extent they're running their business on our money, the answer is yes."

[2] The TRO issued by Judge Kovner based on representations by Gilead authorized Gilead to seize "any equipment and supplies used to manufacture, label or package any merchandise bearing any of the Gilead Marks. Seizure Order at 2, *Gilead v. Safe Chain*, (E.D.N.Y. July 23, 2021) (21-cv-4106 (AMD) (RER)).  It is noteworthy that this Order permits the seizure of any product this is merely marked with a Gilead trademark, without requiring any evidence that the goods are counterfeit.

Pine Brook | New York City | Long Island
84 Bloomfield Avenue, Pine Brook, New Jersey 07058 | t 973-618-1660 | f 973.618.0650
www.FrierLevitt.com


FRIER LEVITT
ATTORNEYS AT LAW

settlement in good faith and instead demands exorbitant sums of money from Safe Chain. In short, Gilead is forcing Safe Chain to incur extensive legal fees and expenses with the knowledge that it has the muscle to grind Safe Chain to dust. This is not a by-product of litigation. It is a litigation strategy. Judicial economies, as well as concerns for fairness to the Safe Chain Defendants, warrant an objective exploration whether a quick resolution is possible in front of a neutral party that can report back to the Court on the parties' respective good faith participation.

Such an order is well within the Court's powers. A federal court is authorized to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as . . . expediting disposition of the action [or] facilitating settlement." *F.R.C.P.* 16(a)(1), (a)(5). Further, the Court has authority to refer this case to mediation without the consent of both parties. *See Grenion v. Farmers Ins. Exchange*, 2014 WL 1284635 (E.D.N.Y. Mar. 14, 2014) (finding that each party's attendance was mandatory for the court-ordered settlement conference); *Bank v. Fluent, Inc.* (E.D.N.Y. Mar. 6, 2020) (19-cv-06543 (RRM))) (ECF No. 100) (Order and Memorandum at 1) (denying the plaintiff's application for the court to vacate its order of referral of the case to court-annexed mediation). The Court can require the "representatives of the parties with authority to bind them in settlement discussions be present or available by telephone during any settlement conference." 28 U.S.C. § 473(a)(6)(B), (b)(5). Mediation "would provide 'an opportunity to explore a wide range of potential solutions and to address interests that may be outside the scope of the stated controversy or which could not be addressed by judicial action.'" *Wilton Reassurance Life Co. of New York v. Smith*, 2015 WL 631973, at *18 (E.D.N.Y. Feb. 13, 2015) (quoting E.D.N.Y. Local Civ. R. 83.8(a)).

In *Wilton*, the Court recommended that the "*pro se* [d]efendants be required to participate in court-annexed mediation" after they "each raised concerns about the time, money and effort they have expended in this case." 2015 WL 631973, at *18. The required mediation was recognized as an alternative to a costly proceeding. *Id.* Similarly, the equities in this case strongly favor mediation at this stage, given the immense fees and expenses that Safe Chain has already incurred. Gilead does not require additional discovery from Safe Chain to now engage in discussions; Gilead has in its possession Safe Chain's equipment, any Gilead product that had been in Safe Chain's facilities (including those that Safe Chain had already quarantined), electronic documents, and financials, among other records. Gilead has now had these materials for nearly six-months for its review and inspection. Given the unfair posture of the parties, the Safe Chain Defendants simply cannot stand toe to toe with Gilead in a manner that places the parties on equal footing, and therefore respectfully requests the Court's intervention in compelling the Parties to mediation in an effort to resolve the matter more equitably and expeditiously.

                                        Respectfully submitted,

                                        **FRIER & LEVITT, LLC**

                                        /s/ Jason N. Silberberg_____
                                        Jason N. Silberberg, Esq.
                                        84 Bloomfield Avenue
                                        Pine Brook, NJ 07058
                                        Telephone: (973) 618-1660
                                        Facsimile: (973) 618-0650
                                        jsilberberg@frierlevitt.com

cc: Counsel of Record (*via email*)