Clerk's Office
Filed Date: 1/13/2022

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
BROOKLYN OFFICE

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

January 12, 2022

Geoffrey Potter
Partner
(212) 336-2050
gpotter@pbwt.com

**BY EMAIL AND HAND DELIVERY**

Hon. Ann M. Donnelly, U.S.D.J.
United States District Court,
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201
Email: Donnelly_Chambers@nyed.uscourts.gov

>   Re:   Safe Chain Defendants' Motion to Compel Mediation,
>         *Gilead Sciences, Inc. et al. v. Safe Chain Solutions, LLC et al.*,
>         No. 21-cv-4106 (AMD) (RER) (Under Seal )

Dear Judge Donnelly:

On behalf of Plaintiffs Gilead Sciences, Inc., *et al.* ("Gilead"), we write in response to the January 10, 2022 letter-motion (the "Ltr.") filed by Defendants Safe Chain Solutions, LLC, Charles Boyd, and Patrick Boyd (collectively, "Safe Chain") requesting that the Court refer Gilead's claims to mediation.

Safe Chain begins its letter by asserting, among other things, that Gilead's allegations are "unfounded," that Gilead has engaged in "abusive" litigation tactics, and that Gilead obtained an "overly-broad" temporary restraining order ("TRO") against Safe Chain. Ltr. at 1. These contentious assertions are not only mistaken, they are puzzling, given that Safe Chain has *stipulated* to the entry of a preliminary injunction ("PI") and the confirmation of the seizure (Dkt. No. 28) and has no pending motions directed at any supposedly "abusive" tactics by Gilead. In fact, Gilead's allegation that Safe Chain (with the active personal participation of co-owners Charles and Patrick Boyd) sold counterfeit Gilead-branded HIV medication is demonstrably true; the actions Gilead has taken to put a halt to Safe Chain's dangerous counterfeiting have been entirely appropriate; and the TRO and (stipulated) PI entered by the Court are completely proper. Safe Chain, of course, reserves the right to oppose Gilead's claims as this litigation progresses and to bring motions for any relief it contends it is entitled to. But it is unclear why Safe Chain believes the time is now ripe for mediation given the stark contrast between the parties' views of the case. The tone and content of Safe Chain's letter suggest that mediation at this juncture is unlikely to be successful.

Safe Chain's motion is also puzzling because, contrary to Safe Chain's contention, the parties have already engaged in good-faith settlement discussions. In fact, Gilead previously agreed to mediation, proposing late last year that the parties mediate using JAMS and split the costs. In their last email exchange on the subject, on December 22, 2021, Safe Chain's counsel

wrote: "I don't see any reason why my clients wouldn't agree to a JAMS mediator, but I'll confirm." Gilead did not hear anything further from Safe Chain on the topic of mediation before Safe Chain filed its letter-motion with the Court.

The parties' disagreement is not *whether* mediation might be useful, but rather *when*. In their last email exchange on December 22, Gilead suggested that, since Safe Chain had filed a letter concerning its anticipated motion to dismiss – the pre-motion conference is tomorrow – it would be prudent to have the Court's ruling on the motion to dismiss before proceeding to mediation. Safe Chain responded that they would prefer to mediate while the motion was pending. In our experience, however, pending motions to dismiss are detrimental to mediation efforts: the parties' diverging opinions about the merits of the motion can be a hindrance and distraction to discussions of the substantive issues in the case and to agreement on a settlement amount. To put a finer point on it, Gilead believes that the documentary record conclusively establishes that Safe Chain and the Boyds are liable for tens of millions of dollars of losses that Gilead suffered as the result of their counterfeiting and tens of millions of dollars of statutory damages, whereas Safe Chain believes it has defenses to Gilead's claims that should impact settlement. This creates a fundamental disconnect that is unlikely to be bridged before the Court has weighed-in on Safe Chain's pending motion to dismiss. Gilead therefore respectfully requests that the Court deny Safe Chain's motion to compel mediation, without prejudice to renewal after the Court has ruled on Safe Chain's motion to dismiss.

Respectfully submitted,

Geoffrey Potter

cc: All Counsel of Record (via email)