


Jason N. Silberberg, Esq.
direct: 973.852.8368
jsilberberg@frierlevitt.com

**FILED UNDER SEAL**

January 13, 2022

***Via Email to*** donnelly_chambers@nyed.uscourts.gov ***and by Courier***
Hon. Ann M. Donnelly
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:   ***Gilead Sciences, Inc. et al. v. Safe Chain Solutions, LLC et al.***
              **Dkt. No.: 21-cv-4106**
              **Request for Compelled Mediation**

Dear Judge Donnelly:

We write on behalf Defendants Safe Chain Solutions, LLC, Charles Boyd, and Patrick Boyd (collectively, "Safe Chain") in response to Plaintiffs Gilead Sciences, Inc., et al. ("Gilead") objecting to Safe Chain's request to refer the case to mediation in a timely manner.

Gilead's response letter is consistent with its litigation and settlement tactics. Without support, Gilead contends "that the documentary record conclusively establishes that Safe Chain and the Boyds are liable for tens of millions of dollars of losses that Gilead suffered as the result of their counterfeiting and tens of millions of dollars of statutory damages." Gilead then represents that the pending motion to dismiss will help to bridge the "fundamental disconnect" in the parties' respective case assessment. In other words, delaying mediation in favor of further litigation is the only way to resolve the "fundamental disconnect". Neither statement is accurate.

First, Safe Chain's proposed Motion to Dismiss is not case dispositive. Rather, it seeks to dismiss (1) three counts (out of nine total counts) that Safe Chain contends are not legally viable and (2) the complaint against its corporate officers, Charles Boyd and Patrick Boyd. However, the counterfeiting claim(s) which Gilead contends establishes liability for "tens of millions of dollars of losses" against the corporate entity would still survive. Waiting for the Motion to Dismiss to be addressed will not resolve what Gilead itself characterizes as the "fundamental disconnect."

Second, Safe Chain has for a decade operated a reputable pharmaceutical distribution business that involves the sale of thousands of products. Safe Chain contacted Gilead in good faith to report concerns about some of the very products at issue in this case and filed a report with the FDA, and continued to work with Gilead and the FDA, all long before this lawsuit was filed. Yet, Gilead clandestinely filed a lawsuit against Safe Chain and raided Safe Chain's facilities, detained all of the employees, took all of their personal non-work devices (scanned them all).

Pine Brook | New York City

84 Bloomfield Avenue, Pine Brook, New Jersey 07058 | t 973.618.1660 | f 973.618.0650
Please respond to New Jersey office
www.FrierLevitt.com



Roughly $2.5 million dollars in Safe Chain's assets remain frozen, causing substantial harm to Safe Chain. Despite the overly invasive and abusive tactics, Gilead found no counterfeiting operation. To date, Gilead has provided no evidence of any problematic products identified in the seizure that Safe Chain had not already segregated. Nevertheless, Gilead trumpets to the Court even in today's letter that "the actions Gilead has taken to put a halt to Safe Chain's dangerous counterfeiting have been entirely appropriate."

The continued posturing and request to delay mediation only reinforces the core issue raised in Safe Chain's initial letter - Gilead intends to use the grind of litigation to shut down Safe Chain and financially ruin the Boyds. Facilitated mediation provides an opportunity to explore the "fundamental disconnect" that Gilead describes. Namely, Safe Chain views itself as a good faith operator that sells thousands of legitimate products to its customers; Gilead contends that Safe Chain owes Gilead tens of millions of dollars for its "dangerous counterfeiting." There is an avenue - short of hundreds of thousands of dollars (or more) in discovery and motion practice that will bring Safe Chain's business to the brink of collapse - to bridge this "fundamental disconnect" and arrive at a resolution. We believe facilitated mediation that requires the mediator to report back on the parties' good faith participation is such an avenue. As our initial letter indicates, courts have ordered mediation in such circumstances.

Respectfully submitted,

**FRIER & LEVITT, LLC**

/s/ Jason N. Silberberg
Jason N. Silberberg, Esq.
84 Bloomfield Avenue
Pine Brook, NJ 07058
Telephone: (973) 618-1660
Facsimile: (973) 618-0650
jsilberberg@frierlevitt.com

cc: Counsel of Record (*via email*)