**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

February 17, 2022

Geoffrey Potter
Partner
(212) 336-2050
gpotter@pbwt.com

**VIA ECF**

Hon. Ramon E. Reyes, Jr., U.S.M.J.
United States District Court
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    **Gilead's Motion to Compel Discovery Responses from Defendants Quan
> Hernandez and Make it Happen Marketing, Inc. in *Gilead Sciences, Inc. et al.
> v. Safe Chain Solutions, LLC et al.*, No. 21-cv-4106 (AMD) (RER)**

Dear Magistrate Judge Reyes:

Plaintiffs (together, "Gilead") write pursuant to Section III.C.3 of Your Honor's Individual Rules to seek an order compelling defendants Quan Hernandez and Make It Happen Marketing, Inc. (together, the "MIHM Defendants") to respond within 14 days to discovery requests served upon them almost two months ago.  As required by Section III.C.1 of Your Honor's Rules, we have conferred with the MIHM Defendants' counsel via telephone (and email) on multiple occasions in an attempt to resolve this issue, but the result has been a series of missed deadlines and empty promises that responses will be forthcoming.  To date, the MIHM Defendants have still neither responded to Gilead's outstanding discovery requests nor provided a date certain as to when they intend do so.  Gilead respectfully requests that this issue be heard at the upcoming telephone status conference scheduled before Your Honor on February 24, 2022.

**I.    The MIHM Defendants' Repeated Failure to Respond to Discovery Requests**

As the Court is aware, Gilead commenced this action on July 22, 2021 to put an immediate stop to the distribution of thousands of bottles of counterfeit Gilead-branded HIV medicines and thereby protect public health.  Gilead first named the MIHM Defendants on October 16, 2021 after uncovering evidence that the MIHM Defendants were closely involved with this counterfeiting conspiracy, and received over $1 million in counterfeiting proceeds.  *See* ECF No. 167 at 73-74.  Gilead also sought—and received—an Asset Freeze Order and Temporary Restraining Order ("TRO") against the MIHM Defendants.  *See* ECF Nos. 166, 168.  After the MIHM Defendants failed to answer, appear, or otherwise defend themselves in this action, the Court converted the TRO to a preliminary injunction against them on November 10, 2021.  *See* ECF No. 280.  One week later, the MHIM Defendants' counsel appeared.  *See* ECF Nos. 292-93.  To date, the MIHM Defendants have still not answered, nor have they challenged the Asset Freeze Order or preliminary injunction, which remain in effect.

On December 20, 2021, Gilead served its First Set of Interrogatories and First Set of Document Requests (the "Discovery Requests") on the MIHM Defendants; two days later (on December 22), Gilead followed-up via email to confirm receipt.  *See* **Exhibit A**.  Gilead stated as early as its December 22 follow-up email that it intended to seek court intervention, if necessary, to compel the MIHM Defendants' participation in this suit.  *See id.*  On January 5, 2022, counsel for the MIHM Defendants acknowledged Gilead's discovery demands, and the parties exchanged correspondence about this issue, with Gilead offering to speak via phone.  *See* **Exhibit B**.

On January 20, 2022—the MIHM Defendants' deadline to respond to the Discovery Requests—Gilead again emailed counsel for the MIHM Defendants, inquiring as to when they intended to respond to the requests.  *See* **Exhibit C**.  The following day—after their response deadline had lapsed—counsel for the MIHM Defendants emailed back, stating their intent to respond "by next Friday," *i.e.*, January 28, 2022.  *See* **Exhibit D**.  Gilead agreed to this new date, and mentioned again its willingness to seek judicial intervention if needed.

But, in a now-familiar pattern, the MIHM Defendants again failed to respond to the Discovery Requests by their (self-imposed) deadline of January 28.  Although counsel for the MIHM Defendants wrote to Gilead's counsel on that day that he "will have information out to you asap[,]" and Gilead's counsel wrote back that same day, reminding counsel again that it would seek remedies from the court if needed, Gilead did not receive any responses to the Discovery Requests.  *See* **Exhibit E.**

Gilead has continued to follow up with the MIHM Defendants this month and provide them every opportunity to respond to the outstanding Discovery Requests.  Although the parties have continued exchanging email correspondence and phone calls, the MIHM Defendants still have not responded, nor provided a date certain by which they will do so.  *See* **Exhibit F**.  Following its final email communication to the MIHM Defendants on Monday, February 7, 2022, which was unanswered, counsel for Gilead called and left voicemails for counsel for the MIHM Defendants on Wednesday February 9 and Friday February 11.  Those calls have also gone unanswered, and Gilead now brings this motion to compel the responses to which it is entitled.

## II.    Gilead is Entitled to the Discovery it Seeks

Gilead validly served interrogatories and document requests on the MIHM Defendants on December 20, 2021, and their 30-day deadline to respond has long since passed.  *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If a party fails to provide the discovery requested, the party seeking the discovery is entitled to "move for an order compelling disclosure or discovery."  *Id.* 37(a)(1); *see also id.* 37(a)(3)(B)(iii)-(iv).

Gilead has done its best to resolve this issue among the parties, but it is now clear that court intervention is necessary.  Despite Gilead's numerous and diligent follow-up attempts, the MIHM Defendants have not responded to the outstanding Discovery Requests, and have failed to meet both the deadlines imposed by the Rules and the extended deadlines Gilead granted at the MIHM Defendants' request.  Gilead therefore respectfully requests that the Court issue an order compelling the MIHM Defendants to respond to the outstanding Discovery Requests by a date certain.  *See Jobe O. v. Pataki*, 2007 WL 844707, at *5 (S.D.N.Y. Mar. 15, 2007) (ordering

defendant to respond to outstanding discovery requests within 21 days, "given the amount of time the [defendant] has been out of compliance with his discovery obligations, and the fact that the plaintiffs have a right, under the Federal Rules of Civil Procedure, to obtain from any defendant a response to properly served discovery demands"); *see also Djurdjevich v. Flate Rate Movers, Ltd.*, 2020 WL 2319119, at *2 (S.D.N.Y. May 8, 2020) (ordering party that had not responded to written discovery to do so within 30 days). Given Gilead's extensive prior attempts to obtain the MIHM Defendants' responses to discovery, Gilead submits that 14 days would be an appropriate amount of time for the MIHM Defendants to respond to the Discovery Requests.

Moreover, because the MIHM Defendants have repeatedly failed to meet multiple deadlines by which to object to the Discovery Requests, they have waived their right to do so. *See Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (finding "there is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections" and ordering accordingly (citations omitted)); *see also Stabile v. United Recovery Servs., L.P.*, 2011 WL 6448189, at *2 (E.D.N.Y. Dec. 22, 2011) ("I find, further, that the defendants' failure to timely respond results in a waiver of all objections as to the interrogatories and all objections to the document demands[.]" (internal citation omitted)).

## III. Conclusion

For the foregoing reasons, Gilead respectfully requests that the Court order the MIHM Defendants have waived their right to interpose objections to the outstanding Discovery Requests, and order them to respond within 14 days, without prejudice to Gilead's ability to seek further relief and/or sanctions should the MIHM Defendants' non-compliance continue past that time.

Respectfully submitted,

Geoffrey Potter

cc:     All Counsel of Record (via ECF)