**Patterson Belknap Webb & Tyler LLP**

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

February 23, 2022

Geoffrey Potter
Partner
(212) 336-2050
gpotter@pbwt.com

**VIA ECF**

Hon. Ramon E. Reyes, Jr., U.S.M.J.
United States District Court
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Gilead Sciences, Inc. et al. v. Safe Chain Solutions, LLC et al.*,
             No. 21-cv-4106 (AMD) (RER)

Dear Judge Reyes:

      Plaintiffs (collectively, "Gilead") write in response to Defendants Steven Diamantstein, Scripts Wholesale Inc., USDV Pharma LLC, NER 250, and Jeffrey Beetley's (collectively, "Scripts") motion to quash a subpoena served on non-party Mag Group NJ LLC ("Mag Group"). That motion should be denied for a multitude of reasons, including that Scripts lacks standing; that Gilead's subpoena is in strict compliance with the Court's August 20, 2021 Expedited Party Discovery Order; that the subpoena did not seek expedited production under the Court's July 23, 2021 Expedited Discovery Order; that Mag Group has not objected; and that Scripts failed to meet and confer with Gilead prior to filing its motion.

**I.    Scripts Has No Standing to Challenge the Non-Party Subpoena**

      The subpoenaed third party, Mag Group, has <u>not</u> made any objections to the subpoena and has <u>not</u> moved to quash. Scripts alone has so moved, but Scripts makes no attempt to articulate any basis upon which it would have standing to move to quash a subpoena addressed to a third party. There is, in fact, no such basis to confer standing upon Scripts, and so its motion must be denied.

      The well-established, general rule is that a party lacks standing to object to a non-party subpoena. *See Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 112187, at *18 (E.D.N.Y. Aug. 23, 2016) (collecting cases). Scripts does not and cannot claim, for instance, to have "some personal privacy right or privilege to the documents sought" from Mag Group. *Id.* (internal quotation marks and citations omitted). And even if it did, Scripts would "still lack[] standing to oppose a third-party subpoena on undue burden grounds[,] … overbreadth," or any other actionable objection. *Powell v. Allied Universal Security Servs.*, 2018 U.S. Dist. LEXIS 224909, at *3-4 (E.D.N.Y. Aug. 9, 2018); *see also In re Rule 45 Subpoena Issued to JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 135 (S.D.N.Y. 2016) (no standing to argue that bank's time for compliance under the subpoena is unreasonably short). Indeed, Scripts has since confirmed, in a

13379890

telephone conversation, that Scripts' counsel does not represent Mag Group, and indeed does not know anything about Mag Group or its relationship to Scripts. If Mag Group has any issues with the subpoena, Gilead will work them out with Mag Group. Under black-letter law, Scripts has no standing to move to quash the subpoena itself.

## II.     The Non-Party Subpoena Fully Complies with the Court's Orders

The August 20 Expedited Party Discovery Order expressly states that "in taking discovery Plaintiffs need not comply with the notice requirement of Rule 45(a)(4)." Dkt. No. 48. This provision is not limited to any particular subpoena recipients or any particular topics; it exempts all of Plaintiffs' third-party subpoenas from the notice requirement. Accordingly, Gilead did not serve Scripts (or the other parties) with a notice and copy of the subpoena to Mag Group. Gilead served the subpoena in compliance with, and not in violation of, the Order.

## III.    The Non-Party Subpoena Does Not Seek Expedited Discovery

The July 23 Order permits Gilead to take non-party discovery on one of two tracks. First, it lists numerous topics on which third parties must provide expedited discovery by responding to subpoenas on seven-days' notice. Dkt. No. 440-1. Second, the Order provides that "all non-party discovery not described above" – i.e., not falling under the listed topics – "may proceed immediately pursuant to the ordinary time limits in the Federal Rules of Civil procedure." *Id.* Scripts argues that Gilead's subpoena to Mag Group does not fall under the enumerated topics for a seven-day turnaround on discovery. Scripts misrepresents the scope of those topics, but its argument is moot, because Gilead did <u>not</u> issue the subpoena to Mag Group on seven-days' notice. Rather, Gilead issued the subpoena "pursuant to the ordinary time limits in the Federal Rules of Civil Procedure" – namely, the default 14-days' notice provided by Rule 45(d)(2)(B). In short, the subpoena does not seek expedited discovery, period.

## IV.     Neither Mag Group Nor Scripts Has Raised a Justiciable Objection

As explained above, Mag Group is the only entity that has standing to object to the subpoena, and Mag Group has not objected, or asserted in any way that the subpoena is unduly burdensome, seeks irrelevant information, is vague or ambiguous, or seeks disclosure of privileged or protected information.

Even if Scripts had standing to object on Mag Group's behalf (it does not), it makes no to attempt to articulate a cognizable objection. Aside from a bald assertion that the subpoena "seek[s] every possible document … that could possibly exist" – a claim the subpoena belies – Scripts' motion relies entirely on its own ipse dixit that the subpoena is a "gross abuse of process" and is "violative" of the Court's Orders. Scripts' letter fails, however, to identify a single fact from which to infer that the subpoena seeks irrelevant information or is otherwise objectionable or abusive. That is because the subpoena does not and is not.

## V.      Scripts' Motion is Premature

Scripts' failure to meet and confer is inexcusable. Local Rule 37.3(a) and Your Honor's Motion and Individual Practice Rules make clear that prior to seeking judicial resolution of a discovery dispute, the parties must attempt to confer in good faith in an effort to resolve the

13379890

dispute. Scripts pays lip service to this requirement, claiming that it "attempted to contact Gilead's counsel to discuss this urgent matter." The truth, though, is that Scripts called Gilead's counsel at 6:00 p.m. on Presidents' Day, less than 90 minutes before filing the instant motion. A single phone call after hours on a federal (and Court) holiday does not constitute an actual, good-faith effort to resolve the dispute extrajudicially.

Nonetheless, in an attempt to resolve this matter, Gilead has since reached out and spoken with counsel for Scripts. Gilead explained the relevance of the information being sought from Mag Group. In response, Scripts was not able to represent that Gilead's understanding is incorrect or aver that the information sought is irrelevant or otherwise protected from disclosure.

Ultimately, there is no "emergency" here. The subpoena is not returnable until March 4. The Orders that Scripts takes issue with have been in place for over six months. And Mag Group has not contacted Gilead or asserted any objection or claim of urgency.[1] Considered individually, any one of the reasons set forth above warrants denial of Scripts' request. In the aggregate, the reasons dictate one outcome: rejection of the motion out of hand.

Respectfully submitted,

Geoffrey Potter

cc:     All Counsel of Record (via ECF)

---

[1] Scripts also takes issue with the inclusion of USDV Pharma LLC in Schedule A to the subpoena. Had Scripts attempted to meet in good faith before bringing their ill-timed motion, they would have learned that the identification of USDV Pharma in Schedule A was a clerical error and that a subpoena is being re-served on Mag Group with USDV Pharma now omitted.