**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

GILEAD SCIENCES, INC., *et al.*,                  :
                                                  :
                              Plaintiffs,         :        Case No. 21-CV-4106 (AMD) (RER)
                                                  :
v.                                                :
                                                  :
SAFE CHAIN SOLUTIONS, LLC, *et al.*,              :
                                                  :
                              Defendants.         :
--------------------------------------------------------------- x

**CONTEMPT ORDER AS TO
DEFENDANTS VENKATA SRINIVAS MANNAVA AND DSP CONSULTING INC.
AND RELIEF DEFENDANTS SWETHA KETINENI AND
<u>BABASHILOH ENTERPRISES LLC</u>**

WHEREAS, on October 16, 2021, Plaintiffs Gilead Sciences, Inc., Sciences Ireland UC, and Gilead Sciences, LLC (collectively, "Plaintiffs" or "Gilead") filed its Second Amended Complaint against, *inter alia*, Defendants Venkata Srinivas Mannava and DSP Consulting Inc. (collectively, the "DSP Defendants"), and sought, *inter alia*, an asset freeze order against the DSP Defendants;

WHEREAS, on October 16, 2021, the Honorable Rachel P. Kovner entered an asset freeze order against the DSP Defendants (the "Asset Freeze Order," Dkt. No. 166);

WHEREAS, on October 18, 2021, Plaintiffs executed the Court's *ex parte* seizure order at the premises of the DSP Defendants;

WHEREAS, on October 26, 2021, Plaintiffs and the DSP Defendants entered into a stipulation, which was so-ordered by the Court, modifying the Asset Freeze Order and placing certain funds into escrow with the Clerk of this Court and unfreezing certain disclosed assets held by the DSP Defendants (Dkt. No. 205), but otherwise maintaining the Asset Freeze Order;

WHEREAS, Plaintiffs later learned that the DSP Defendants, in coordination with Swetha Ketineni and Babashiloh Enterprises LLC (collectively with the DSP Defendants, the "Contempt Defendants"), hid and secreted funds totaling over $3 million in violation of this Court's Asset Freeze Order;

WHEREAS, upon an *ex parte* submission, this Court granted an asset freeze order on Ms. Ketineni and Babashiloh Enterprises LLC (the "Second Asset Freeze Order," Dkt. No. 512) and issued an order to show cause as to why the Contempt Defendants should not be held in contempt (Dkt. No. 511); and

WHEREAS, on April 26, 2022, this Court held a show cause hearing and, for the reasons discussed on the record, the Court found that the Asset Freeze Order is clear and unambiguous, that the Contempt Defendants' noncompliance is clear and convincing, and that the Contempt Defendants have not been reasonably diligent in attempting to comply with the Asset Freeze Order, and therefore found the Contempt Defendants to be in willful contempt of the Asset Freeze Order;

NOW THEREFORE, it is hereby ORDERED that:

1.      The Contempt Defendants are ORDERED to deposit the sum of $3,320,000.00 into the Clerk of Court's escrow account.

2.      The Contempt Defendants are ORDERED to file with the Court no later than seven days from the date of this Order a submission via ECF describing their efforts to recover or raise funds in satisfaction or partial satisfaction of their obligation under paragraph 1 of this Order. The submission shall consist of admissible evidence, such as an affidavit, declaration, and/or documentary evidence. After this initial submission, the Contempt Defendants shall file a further submission with the Court via ECF every 14 days thereafter, until such time as their obligation under paragraph 1 of this Order is fulfilled or the Court orders otherwise.

3.    If Plaintiffs believe that the Contempt Defendants are not fulfilling their obligations under this Order, and the parties are not able to resolve the issue via the meet-and-confer process, Plaintiffs shall file a motion or order to show cause with the Court.

4.    In furtherance of the obligations set forth above, the Court's Asset Freeze Order and Second Asset Freeze Order are modified as follows:

   a. Any bank, brokerage house, or financial institution holding frozen assets under the Asset Freeze Order or the Second Asset Freeze Order shall continue to hold such assets except as set forth in this Order.

   b. Counsel for Plaintiffs or the Contempt Defendants may immediately serve this Order upon the banks, brokerage houses, or financial institutions identified in the subparagraphs below.

   c. Upon service of this Order upon Santander Bank, Santander Bank shall immediately unfreeze the account ending in 2129 (account holder: Swetha Ketineni).

   d. Upon service of this Order upon PNC Bank ("PNC"), PNC shall immediately transfer the balance of the account ending in 2689 (account holder: DSP Consulting Inc.) to the Clerk of Court pursuant to the instructions in subparagraphs g, h, and i.

   e. Upon service of this Order upon E-Trade Financial Corp. ("E*Trade"), E*Trade shall immediately liquidate and transfer the balance of the account ending in 2903 (account holder: Swetha Ketineni) and account ending in 7227 (account holder: Swetha Ketineni) to the Clerk of Court pursuant to the instructions in subparagraphs g, h, and i.

f.  Upon service of this Order upon Provident Bank, Provident Bank shall immediately transfer the balance of the account ending in 1829 (account holder: Babashiloh Enterprises LLC) to the Clerk of Court pursuant to the instructions subparagraphs g, h, and i.

g.  Within three business days of receipt of this Order, each financial institution listed in subparagraphs d through f shall deposit the amount specified above into the United States District Court for the Eastern District of New York by check(s) made payable to "Clerk, U.S. District Court."  The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. Safe Chain Solutions, LLC, 21-cv-4106") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Douglas Palmer, Clerk of Court, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201."  The Clerk of Court shall notify the Court upon receiving and depositing the check(s).

h.  Immediately upon conveyance of such funds to the Clerk of Court, each financial institution listed in subparagraphs d through f shall send a digital scan of the check(s) by electronic mail to Geoffrey Potter (gpotter@pbwt.com), counsel for Plaintiffs, and Joseph W. Carbonaro (Joe@jcarbonarolaw.com), counsel for the Contempt Defendants; and shall send a copy of the check(s) to: "The Honorable Ann M. Donnelly, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201."

i.  Once completed, counsel for Plaintiffs and the Contempt Defendants shall provide to each financial institution listed in subparagraphs d through f written

acknowledgement of receipt of that notification. Once the financial institution receives such written acknowledgment from counsel for Plaintiffs and from counsel for the Contempt Defendants, the financial institution shall unfreeze the subject account.

j. The Order will remain in effect until further order of this court directing disbursement of the funds deposited into the Registry Fund of the Treasury.

k. Except to the extent inconsistent with this Order, the provisions of the Court's Asset Freeze Order and Second Asset Freeze Order shall remain in effect.

5. All additional payments made by the Contempt Defendants to the Clerk of the Court pursuant to this Order shall be made via check(s) made payable to "Clerk, U.S. District Court." The check(s) shall state the caption and docket number of this case ("Gilead Sciences, Inc. v. Safe Chain Solutions, LLC, 21-cv-4106") and be sent, along with a copy of this Order, by FedEx Priority Overnight to "Douglas Palmer, Clerk of Court, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201." The Clerk of Court shall notify the Court upon receiving and depositing the check(s). Immediately upon conveyance of any funds to the Clerk of Court, the Contempt Defendants shall send a digital scan of the check(s) by electronic mail to Geoffrey Potter (gpotter@pbwt.com), counsel for Plaintiffs, and shall send a copy of the check(s) to: "The Honorable Ann M. Donnelly, Theodore Roosevelt United States Courthouse, 225 Cadman Plaza East Brooklyn, NY 11201."

6. The Clerk of the Court is directed to receive and deposit all funds received under this Order into an interest-bearing account, whereupon the funds will be enjoined and held in constructive trust under the custody and administration of the Court to secure and preserve the availability of the relief Plaintiffs seek (including the equitable remedies of disgorgement and

restitution) until the final disposition of this action.  Pursuant to Local Civil Rule 67.1, the Clerk

is directed to deduct from the income on the investment a fee consistent with that authorized by

the Judicial Conference of the United States and set by the Director of the Administrative Office.

Dated: May 4, 2022

SO ORDERED.

s/Ann M. Donnelly

_____

Hon. Ann M. Donnelly