UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GILEAD SCIENCES, INC., *et al.*,

        Plaintiffs,

v.

SAFE CHAIN SOLUTIONS, LLC, *et al.*,

        Defendants.

Case No. 21-cv-4106 (AMD) (RER)

---

## ASSET FREEZE ORDER AGAINST NEWLY NAMED DEFENDANTS

PLEASE TAKE NOTICE that upon the Fourth Amended Complaint of Plaintiffs Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Sciences, LLC (together, "Plaintiffs"), the memorandum of law submitted in support of this Order, and the accompanying declarations and the exhibits annexed thereto, pursuant to the Court's authority under the Lanham Act, it is hereby ORDERED:

1. Plaintiffs' motion for an asset freeze against Armando Herrera; John Levitan; David Dunn; My Meds LLC; Stephen Smith; ITC Group, LLC; Frank Betancourt; Abacus Distributors Inc.; Jose Hernandez; Laconia Avenue Pharmacy Corp.; Nicole Alston; Boris Abramov; Lazaro Hernandez; Pharmacy Consulting Services, Inc.; PCSIONE, LLC; Emilio Juvier Vina; Carlos Pimentel; V & G Wholesale Inc; Pavel Lashkevich; Mainspring Distribution LLC; Edvin Ovasapyan; Hakob Kojoyan; Lorik Papyan; Stephen Silverman; Pharma Pac LLC; Daynel Garcia; CompaRx LLC; Yusniel Forcelledo Perez; Valuecare Pharmacy Inc.; Bakhtiyar Nabiev; Proven Pharmaceuticals LLC; William Scott Wise; Stanislaus Mgbeojirikwe; Everything Pharmacy Related II, Inc., d/b/a Total Remedy and Prescription

Center; Mohammad Etminan; Hashem Yitbarach LLC; Vibe Enterprise, Inc.; Ronald Vidaurre; Sofitel Trading Corp; Skyline World Group Inc.; Francy Bedoya; Elite Distribution Inc; Maria Bedoya; The Precious Metals Group Inc.; Avi Kessler; Madison Bullion LLC; Green Capital Investors LLC; Sam Kessler; Gold Tower Refinery Inc.; Igor Aminov; All American Heavy Equipment Import & Export, LLC; Blue Sea Marine Inc; Alexander Orriols; AMG Logistics Sky LLC; Alex Galvan; Power Pro Logistics LLC; M & D Co. Distributors, LLC; MDSD Enterprises LLC; Liliana Teresa Sampayo Mena; and Yisel Lopez; and Etzhaim Inc. (each an "Asset Restrained Defendant," and collectively, the "Asset Restrained Defendants") is GRANTED.

2. The Asset Restrained Defendants shall be restrained from secreting any assets and from transferring or conveying any assets.

3. The Asset Restrained Defendants shall be restrained from transferring, selling, mortgaging, encumbering, or otherwise impairing any ownership or other legal interest they may have in any real property.

4. For the avoidance of doubt, and without limitation as to any other Defendants or any other real properties, Etzhaim, Inc. shall be restrained from transferring, selling, mortgaging, encumbering, or otherwise impairing any ownership or other legal interest it has in the real property 80-74 188th St., Hollis Hills, New York.

5. Plaintiffs may immediately serve this Order upon any bank, brokerage house, or financial institution in which any Asset Restrained Defendant is known or suspected to hold an account.

6. All assets held by, for, or on account of any Asset Restrained Defendant, and the balance of any account for which any of them has signature authority, shall be frozen and restrained, and any bank, brokerage house or financial institution holding such funds is restrained

from releasing them until further order of this Court.

7. Any such bank, brokerage house, or financial institution that freezes and restrains any assets shall also immediately contact Plaintiffs' counsel Geoffrey Potter via email at CounterfeitGileadMedications@pbwt.com to disclose the account numbers and titles and amount of assets so frozen.

8. Immediately upon receipt of this Order, each Asset Restrained Defendant shall disclose to Plaintiffs' attorneys:

    a. a list of all assets held by, for, or on account of him/her/it, including any account for which he/she/it has signatory authority, in any bank, brokerage house, or financial institution, including account title, account number, and balance;

    b. a list of all real properties he/she/it owns or in which he/she/it presently has a legal interest; and

    c. a list of all real properties he/she/it previously owned or in which he/she/it previously had a legal interest from January 1, 2019 to the present.

9. Plaintiffs shall serve a copy of this Order on each Asset Restrained Defendant as directed in this Court's temporary restraining order.

10. Opposition papers, if any, by any Restrained Party must be filed with this Court on or before the _16th__ day of __August_____, 2022, and reply papers shall be filed and served on or before the __19th_ day of __August_____, 2022.

11. The Restrained Parties are hereby put on notice that failure to file an opposition shall result in the immediate conversion of this Order into a preliminary injunction,

which shall be deemed to take effect immediately and shall extend during the pendency of this action. The Restrained Parties shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by any of the Restrained Parties in violation of any of its terms may be considered and prosecuted as contempt of this Court.

12. Any party or non-party who believes it has grounds to do so may file a motion to lift or amend this Order before this Court.

s/Ann M. Donnelly
_____
UNITED STATES DISTRICT JUDGE

Issued: August 11, 2022