# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

GILEAD SCIENCES, INC., *et al.*,

        Plaintiffs,

v.

SAFE CHAIN SOLUTIONS, LLC, *et al.*,

        Defendants.

---

Case No. 21-cv-4106 (AMD) (RER)

## SEIZURE ORDER

Upon review of the Fourth Amended Complaint of Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Sciences, LLC (together, "Gilead" or "Plaintiffs"), the accompanying declarations and the exhibits annexed hereto, and the memorandum of law submitted in support of this Order, and for good cause shown, it is hereby:

ORDERED that the United States Marshals Service for the Southern District of New York; United States Marshals Service for the Eastern District of New York; the United States Marshals Service for the Southern District of Florida; the United States Marshals Service for the Northern District of Florida; the United States Marshals Service for the Eastern District of Tennessee; the United States Marshals Service for the Eastern District of Pennsylvania; the New York City Sheriff's Office; the New York City Police Department; the Miami-Dade Police Department; the Miami-Dade County Sheriff's Office; the Pembroke Pines Police Department; the Pensacola Police Department; the Lenoir City Police Department; the Pennridge Regional Police Department; the Federal Bureau of Investigation; and the U.S. Food and Drug Administration Office of Criminal Investigations, or any other law enforcement officers having jurisdiction, and

in all cases assisted by one or more attorneys, private investigators, or employees or agents of Gilead and employees or agents of UnitedLex Corp. ("UnitedLex") are directed and permitted, at any time between the hours of 8:00 a.m. and 9:00 p.m., but no later than seven days (7) from the date of this Order, to begin enforcing this order and search, seize, copy, and sequester at any time the following items in the possession, custody, or control of Defendants Armando Herrera; John Levitan; David Dunn; My Meds LLC; Stephen Smith; ITC Group, LLC; Frank Betancourt; Abacus Distributors Inc.; Jose Hernandez; Laconia Avenue Pharmacy Corp.; Nicole Alston; and Boris Abramov (each a "Defendant" and together, "Defendants") located at the following locations:

- 660 Enclave Circle W, Pembroke Pines, FL 33027;
- 511 Windrose Cir, Pensacola, FL 32507;
- 385 Conkinnon Drive, Lenoir City, TN 37772;
- 816 Ridgeview Ct, Sellersville, PA 18960;
- 1756 N. Bayshore Drive, Unit 35I, Miami, FL 33132;
- 601 NE 36th Street, #3307, Miami, FL 33137;
- 4041 Laconia Avenue, Bronx, NY 10466;
- 3560 Webster Avenue, Apt #11F, Bronx, NY 10467; and
- 147-55 71st Ave, Flushing, NY 11367.

(a)     All products bearing any of the Gilead Marks (as defined below)[1];

(b)     All business records, invoices, correspondence, emails, instant messages, text messages, WhatsApp communications, electronic communications, photographs, bank records, cancelled checks, wire transfers, books of account, receipts, or other documentation relating or

---

[1] The Gilead Marks are defined as follows:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| GILEAD | 3251595 | June 12, 2007 |
|  | 2656314 | December 3, 2002 |
| GSI | 3890252 | December 14, 2010 |
| BIKTARVY | 5344455 | November 28, 2017 |
| DESCOVY | 4876632 | December 29, 2015 |
| DESCOVY FOR PREP | 5912591 | November 19, 2019 |
| 9883 | 5467392 | May 15, 2018 |
|  | 5636131 | December 25, 2018 |
|  | 5906177 | November 12, 2019 |
|  | 5030567 | August 30, 2016 |
|  | 5154303 | March 7, 2017 |
| TRUVADA | 2915213 | December 28, 2004 |
| GENVOYA | 4797730 | August 25, 2015 |
| ATRIPLA | 3276743 | August 7, 2007 |
| RANEXA | 3094007 | May 16, 2006 |
| VOSEVI | 5259592 | August 8, 2017 |
| STRIBILD | 4263613 | December 25, 2012 |
|  | 6031751 | April 14, 2020 |
| SOVALDI | 4468665 | January 21, 2014 |
|  | 5018106 | August 9, 2016 |
| 7977 | 4585257 | August 12, 2014 |

referring in any manner to the manufacture, promotion, publicity, advertising, receiving, acquisition, importation, return, shipment, purchase, sale, offer for sale, or distribution of any merchandise bearing any of the Gilead Marks, whether such information is stored in a written or computerized form; and

   (c) Any equipment and supplies used to manufacture, assemble, label or package any merchandise bearing any of the Gilead Marks; and it is further

   ORDERED that Gilead's counsel and/or private investigators working on their behalf shall act as substitute custodian for all products and property seized, including documents and electronic evidence, and shall after completing the seizure account completely for all products and property seized pursuant to this Order, and shall compile a written inventory of all such products and property seized and shall provide a copy to the law enforcement authority conducting the seizure, who shall include such a copy with its return to the Court, but that any law enforcement officer or agency will be present solely to enforce this Order and allow for Gilead's private investigators and attorneys to carry out the provisions stated in this Order, and no law enforcement officer or agency will take possession of any items or documents; and it is further

   ORDERED that Gilead's private investigators and attorneys and UnitedLex are authorized, under the supervision and with the assistance of law enforcement authority, to take all necessary steps to secure and remove the property described in this Order and located at the addresses or locations stated herein, including but not limited to using the appropriate force necessary, if it is apparent that entry is being denied, by utilizing a locksmith or law enforcement entry tools to gain entry for the purposes of searching the premises, or vehicle, or facility in the possession, custody or control of Defendants, and to inspect the contents of any rooms, closets, cabinets, safes, vehicles, containers, desks, electronic storage devices, computer drives, desktop computers, laptop

computers, tablets or documents located on the premises or any storage rooms located within the same complex as the premises, as well as the cellular or smart phones of or used by Armando Herrera; John Levitan; David Dunn; Stephen Smith; Frank Betancourt; Jose Hernandez; Nicole Alston; and Boris Abramov and the cellular or smart phones of individuals on the premises who state that they use their phone for conducting the business activities of the defendant businesses; and that Defendants and their employees shall provide access (including providing all keys, passwords or codes needed) to inspect the contents of any rooms, closets, cabinets, safes, vehicles, containers, desks, electronic storage devices, computer drives, desktop computers, laptop computers, tablets or documents located on the premises or any storage rooms located within the same complex as the premises, or the cellular or smart phones of the individuals identified herein; and it is further

ORDERED that during the course of the seizure Gilead's attorneys shall determine whether an item is covered by the preceding paragraphs and the law enforcement officers shall follow such attorneys' determination and ensure that no one attempts to interfere with the execution of this Order; and it is further

ORDERED that Defendants immediately upon receipt of this Order shall provide to Gilead's attorneys a summary document or documents giving the location or locations of any merchandise bearing any of the Gilead Marks that is in the possession, custody, or control of any of the Defendants so that merchandise can be seized pursuant to this Order; and it is further

ORDERED that Gilead's attorneys may be accompanied by private investigators and/or computer technicians to obtain copies of documents to be seized that are stored in computerized form, and Gilead's attorneys may, but are not required to, also bring with them still camera or video camera operators to record the seizure; and it is further

ORDERED that the computer technicians and private investigators may scan, image, or copy any paper or electronically stored information in the possession, custody or control of the Defendants so that the information may be searched following the seizure for relevant information; and it is further,

ORDERED that Gilead shall, following the seizure, inspect the products seized bearing any of the Gilead Marks, and if any products are found to be genuine and accompanied by genuine and accurate Drug Supply Chain Security Act pedigree documentation, such products are to be returned following the termination of this action; and it is further

ORDERED that immediately upon receipt of this Order Defendants shall disclose to Gilead's attorneys and investigators the following information concerning their purchases and/or sales of any product bearing any of the Gilead Marks product from January 1, 2019 to the present: (1) the Drug Supply Chain Security Act pedigree documentation; (2) the price and quantity of each purchase or sale; (3) the product, including the specific type or variety of product; (4) the lot numbers; (5) the contact information, including names, addresses, email addresses, and telephone numbers of all associated individuals and/or companies from which Defendants have purchased or to whom Defendants sold the products, and Gilead or its counsel may contact those individuals and/or companies to locate and quarantine additional counterfeits and obtain evidence thereof; and it is further

ORDERED that Gilead shall be responsible to the law enforcement officers for all of their fees and charges incurred in carrying out this Order and shall hold harmless the law enforcement authority and its employees for any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendant's property, including any third-party claims; and it is further

ORDERED that anyone interfering with the execution of this Order or disobeying this Order is subject to arrest by law enforcement authority and subject to contempt of court; and it is further

ORDERED that Gilead shall post an undertaking within three business days of the entry of this Order with the Clerk of the Court in the form of a bond in the sum of $50,000.00 as security for the payment of such actual and reasonable costs and damages as may be incurred or suffered by any party as a result of a wrongful seizure and for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this Court's Temporary Restraining Order and Order to Show Cause; and it is further

ORDERED that the parties shall appear for a hearing before this Court to confirm this Seizure Order on __August 24th____ at _2:30____p.m.; such date not being sooner than ten (10) days from the date of this Order and not later than fifteen (15) days from the date of this Order, absent good cause or consent of all parties to set a different hearing date; and it is further

ORDERED that any Defendant intending to oppose confirmation of this Order shall file opposition papers with this Court and serve by email and mail upon Gilead's counsel, Geoffrey Potter, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036, CounterfeitGileadMedications@pbwt.com, on or before ____August 17, 2022_____, and reply papers shall be filed and served by email or otherwise on or before __August 23, 2022_____, and if any Defendants fail to oppose confirmation of this Seizure Order in accordance with this paragraph, then with regard to such Defendants the seizure shall be deemed confirmed, Gilead's bond shall be released, and Gilead shall be released from any liability in connection with the seizure; and it is further

ORDERED that Defendants serve by email and mail upon Gilead's counsel, Geoffrey Potter, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036, CounterfeitGileadMedications@pbwt.com, five days before the confirmation hearing scheduled herein, copies, to the extent originals were not seized and sequestered, of all business records, inventory records, invoices, emails, text messages, instant messages, WhatsApp messages, photographs, contacts, bank records, wire transfers, correspondence, books of account, letters of credit, receipts or other documentation relating or referring in any manner to the manufacture, promotion, publicity, advertising, receiving, acquisition, importation, shipment, purchase, sale, offer for sale or distribution of any merchandise bearing any of the Gilead Marks (as defined herein), whether such information is stored in a written or computerized form, and any merchandise bearing any of the Gilead Marks that are in the possession, custody, or control of any Defendant; and it is further

ORDERED that the seizure of any documents, records, or communications pursuant to this Order shall not be construed to effect or constitute the waiver of attorney-client privilege, work-product immunity, or any other privilege or immunity; and it is further

ORDERED that the following confidentiality provisions shall apply to all documents and all other materials obtained by Gilead from Defendants (the "Material"), until such time as the Court enters a comprehensive confidentiality order in this case:

    1.    Gilead shall not disclose any Material to any persons, except the following, who shall treat such information as confidential in accordance with the terms of this Order:

        (a)    The parties and their counsel;

        (b)    The Court and its officers, and any court reporters employed in this action;

  (c)  lawyers, legal assistants, and support personnel at Gilead's outside counsel, and investigators and experts employed by Gilead's outside counsel;

  (d)  Gilead's in-house attorneys, legal assistants, and support people that work with them with a need to know, including those who deal with applicable regulatory agencies;

  (e)  Gilead's corporate security employees and those employees who support Gilead's anti-counterfeiting efforts;

  (f)  Gilead's customer service people employed in connection with Gilead's patient information line;

  (g)  government agencies, including those responsible for law enforcement and pharmaceutical licensing, sales, and distribution; and

  (h)  fact witnesses or expert witnesses at trial or deposition.

2. The provisions noted above relating to the Material shall not apply to any Material that:

  (a)  is, was, or becomes public knowledge, as long as it became so not in violation of this Order,

  (b)  is lawfully acquired by Gilead from a person or entity, other than Defendants, that has the right to possess and disclose such Material;

  (c)  was lawfully possessed by Gilead prior to entry by the Court of this Order; or

  (d)  Defendants subsequently agree in writing that the Material is not Confidential.

3. Nothing in this Order relating to the treatment of the Material shall be taken as indicating that any of the Materials are in fact confidential or entitled to confidential treatment. Gilead may at any time seek an order from the Court, on notice to counsel for Defendants, determining that specified Materials or categories of Materials are not entitled to be treated as confidential.

4. Material may be used in pleadings, motions, and other papers filed with the Court. All Material that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such Material, shall be filed under seal and kept under seal by the Clerk of this Court until further order of the Court. Nothing in this Order shall prevent Gilead from serving such papers on any present or future party to the case pursuant to the Federal Rules of Civil Procedure or other order of the Court.

5. A person who receives a subpoena or other request for production or disclosure of any of the Material from any person, other than a government agency or law enforcement agency, shall give prompt written notice to Defendants to enable them to take such action as they deem appropriate to protect the confidential status of the Material. Requests for the Material from a government agency or law enforcement agency shall be complied with without notice to any of Defendants; and it is further

ORDERED that service by any person of this Order, the papers upon which it was granted, and the summons and complaint in this action shall be made at the time of the seizure by delivering true copies thereof to any person of suitable age found at the premises or, if no persons are present, by leaving them in a conspicuous place at the premises, and that such service be deemed sufficient service.

The Court has granted the foregoing Seizure Order without prior written or oral notice to Defendants because it clearly appears from specific facts as follows:

(a) The entry of any Order other than a Seizure Order without notice will not serve to adequately achieve the objectives underlying the Trademark Counterfeiting Act of 1984;

(b) Gilead has not publicized the proposed Seizure Order;

(c) Gilead has provided the United States Attorney for the Eastern District of New York with notice of their application for a Seizure Order pursuant to 15 U.S.C. § 1116(d)(2);

(d) Gilead has provided the Court with substantial evidence that Defendants have used counterfeit marks in connection with the sale, offering for sale, or distribution of goods, and the Court concludes that Gilead is likely to succeed in so demonstrating;

(e) Gilead will incur immediate and irreparable injury if this Court declines to grant a Seizure Order without notice;

(f) The matters subject to said Seizure Order likely will be located at the locations to be searched;

(g) The harm to Gilead should this Court decide not to grant Gilead's motion for a Seizure Order outweighs any harm which Defendants may incur in the event this Court grants Gilead's motion for a Seizure Order; and

(h) Defendants, or persons acting in concert with them, would likely destroy, move, hide, or otherwise make inaccessible to the Court the matters that are subject to the proposed Seizure Order if Gilead is required to proceed on notice.

s/Ann M. Donnelly
_____
UNITED STATES DISTRICT JUDGE

Issued: August 11, 2022 at 5:00 p.m.