

Weisbrod Matteis & Copley PLLC
1200 New Hampshire Avenue, NW
Fourth Floor
Washington, DC 20036

202 499 7900

www.wmclaw.com

April 14, 2023

**By CM/ECF**

Hon. Ann M. Donnelly, United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Request for Premotion Conference on Motion to Dismiss Total Remedy Crossclaims
      *Gilead Sciences, Inc.*, et al. *v. Safe Chain Solutions LLC*, et al., No. 21-cv-4106

Dear Judge Donnelly:

Safe Chain Solutions, LLC ("Safe Chain"), respectfully requests a premotion conference on its anticipated motion to dismiss crossclaims brought by Everything Pharmacy Related II, Inc., d/b/a Total Remedy and Prescription Center, and Mohammad Etminan (collectively, "Total Remedy"). Total Remedy's threadbare pleading [768] fails to allege facts stating a "plausible claim for relief," and its crossclaims must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

I.   **The Contribution/Indemnification Count Must be Dismissed.**

Total Remedy's Count I purports to assert a cause of action for contribution and indemnification, though "'[c]ontribution and indemnification are different claims governed by distinct legal regimes.'" *Carrion v. City of N.Y.*, No. 01CIV.2255LAKDF, 2002 WL 31107747, at *2 n.1 (S.D.N.Y. Sept. 23, 2002); *accord* [768] ¶¶ 1-9. Total Remedy fails to allege facts supporting either theory of relief.

Although pleading standards may be somewhat relaxed for crossclaims that can be read together with the original pleadings, "third-parties seeking indemnification or contribution must still set forth 'enough facts to state a claim to relief that is plausible on its face.'" *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or.*, 156 F. Supp. 3d 348, 361 (E.D.N.Y. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A party cannot sustain such crossclaims with boilerplate allegations that "if it were found to be liable, it was entitled to 'indemnification and/or contribution,' without setting forth any additional facts." *Id.* (quoting *Gabriel Cap. v. Natwest Fin.*, 137 F. Supp. 2d 251, 269-70 (S.D.N.Y. 2000)).

Nor may pleadings simply reference the complaint without setting forth their own independent facts. *Sands Harbor* dismissed a crossclaim that "does reference the Complaint, [but] does not contain a single independent fact indicating why [the defendant] is obligated to indemnify." *Id.*; *see also Cubilete v. United States*, 469 F. Supp. 3d 13, 20 (E.D.N.Y. 2020) ("'[S]imply

Hon. Ann M. Donnelly
April 14, 2023
Page 2

reiterating [Plaintiff's] allegation.' … is insufficient … to meet the pleading requirements of Rule 8."); *Energy Brands, Inc. v. Jorgensen*, No. 09-cv-591A, 2011 WL 282354, at *7 (W.D.N.Y. Jan. 25, 2011) (dismissing crossclaims containing only "conclusory allegations" that if movants were "found liable to plaintiff, [co-defendants] [would be] liable to [movants] under a theory of contribution or indemnification.").

Total Remedy fails to meet this standard. Half of Count I's paragraphs simply summarize Plaintiffs' allegations against Safe Chain. [768] ¶¶ 1-5. The others merely say that, if those allegations are true, then Total Remedy is entitled to contribution and/or indemnification. *Id.* ¶¶ 1, 6-9. Nowhere does Total Remedy offer a single independent fact to establish its right to relief. Such barebones pleading cannot survive a motion to dismiss.

Total Remedy fails even to recite necessary elements of its indemnification cause of action. "'The key element of a common-law cause of action for indemnification is … a duty owed the indemnitee [Total Remedy] by the indemnitor [Safe Chain].'" *Santoro v. Poughkeepsie Crossings, LLC*, 180 A.D.3d 12, 16 (N.Y. App. Div. 2019). Total Remedy alleges in its counterclaim that *Gilead* owed it a duty to notify it of alleged risks that it had acquired supposedly illegitimate drugs. Yet it makes no such allegation as to Safe Chain, nor does it plead facts supporting the existence of such a duty. *See* [768] ¶¶ 1-9.

## II.     The Fraud Count Fails to Provide the Specificity Required by Rule 9(b).

Count II of Total Remedy's crossclaim alleges fraud in the inducement, fraudulent misrepresentation, and/or common law fraud. [768] ¶¶ 10-15. Yet its threadbare pleading again fails to provide the specificity required to state a claim.

Total Remedy's allegations are almost verbatim identical to the now-withdrawn fraud claims previously asserted against Safe Chain by: (1) Maryland Pharmacies, Inc. d/b/a The Medicine Shoppe #1802, Primerx Inc., and Sekar Venkatesh (collectively, "Medicine Shoppe") [316]; (2) Lin Pharmacy Inc. d/b/a Makki Pharmacy, Samuel Yakubov, and Monica A. Ngo (collectively, "Lin Pharmacy") [965]; (3) Island Chemists, Inc. d/b/a Meadow Drugs & Surgical, and Randolph Mohabir (collectively, "Island Chemists") [859]; and (4) Alex Gelbinovich [862]. Lin Pharmacy, Island Chemists, and Mr. Gelbinovich all withdrew their fraud claims voluntarily [925, 976, 995]. Medicine Shoppe did not even both to respond to Safe Chain's prior request for a premotion conference on its fraud claim, Your Honor ruled that claim abandoned and withdrawn. Order (Apr. 12, 2023). Total Remedy's essentially identical claim fails for the same reasons as these now-abandoned ones.

A plaintiff alleging fraud must demonstrate: "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001); *see also Wild Bunch, SA v. Vendian Ent., LLC*, No. 17 Civ. 1383, 2018 WL 1365680, at *3 n.1 (S.D.N.Y. Feb. 26, 2018) (applying same elements to fraudulent inducement); *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 186-87 (fraudulent misrepresentation).

Hon. Ann M. Donnelly
April 14, 2023
Page 3

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Second Circuit has held that such pleadings must "'(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004).

Total Remedy's pleading contains none of these details. It does not specify the time, place, speaker, and content of the alleged misrepresentations. It simply says that if the Plaintiffs' allegations against Safe Chain are true, then Safe Chain must necessarily have defrauded Total Remedy. [768] ¶¶ 11-15. Indeed, nearly every paragraph in Count II begins with the phrase, "If Plaintiffs' allegations against [Safe Chain] are correct." Total Remedy does not even try to identify which allegations in the Plaintiffs' pleading supposedly support its cause of action. Neither the crossclaim nor the Complaint it references describe *any* specific transactions between Safe Chain and Total Remedy, much less identify specific statements made by Safe Chain to Total Remedy.

Such bare bones pleading cannot even satisfy the requirements of Rule 8(a) pleading, much less the heightened standard under Rule 9(b). *See, e.g.*, *Cubilete*, 469 F. Supp. 3d at 20. Unsurprisingly, every other party that has asserted substantively identical fraud crossclaims against Safe Chain has withdrawn them voluntarily. If Total Remedy will not do the same, then its fraud claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Safe Chain respectfully requests that this Court schedule a premotion conference or otherwise grant it leave to file the above-described motion to dismiss.

Respectfully submitted,
*/s/ August J. Matteis, Jr.*
August J. Matteis, Jr.
*Counsel for Safe Chain Solutions, LLC,
Charles Boyd, and Patrick Boyd*