UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GILEAD SCIENCES, INC., *et al.*,      :
                                       :
                     Plaintiffs,      :      Case No. 21-cv-4106-AMD-RER
                                       :
v.                                     :
                                       :
SAFE CHAIN SOLUTIONS, LLC, *et al.*,   :
                                       :
                     Defendants.      :
-----------------------------------------------------------x

## CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DHRUV RALHAN AND D&K HEALTHCARE SOLUTIONS LLC

On consent Plaintiffs Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Sciences, LLC (together, "Gilead") and Defendants Dhruv Ralhan and D&K Healthcare Solutions LLC (together, the "Ralhan Defendants"), and pursuant to Fed. R. Civ. P. 54(b), it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Ralhan Defendants, and their employees, officers, directors, predecessors, successors, agents, and assigns, or any other person in active concert and participation with them, are enjoined from importing, purchasing, selling, distributing, marketing, or otherwise using in commerce or commercially dealing in the United States any Gilead Products (as defined below), including authentic products, or assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph.

2. The Ralhan Defendants may not invest in, control, have any direct ownership interest in, work for, lend money to, or participate in any business that sells, manufactures, or distributes any Gilead Products (as defined below). However, notwithstanding the foregoing, nothing in this Consent Judgment and Permanent Injunction shall prohibit the Ralhan Defendants from owning less than 10% of any publicly-traded company.

3. The "Gilead Products" are defined as all products manufactured by or sold by Gilead or its subsidiaries in the United States, including but not limited to all products bearing anywhere any of the Gilead Marks (as defined below), whether on the product itself or any of its packaging.

4. The Gilead Marks include the following:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| GILEAD | 3251595 | June 12, 2007 |
|  | 2656314 | December 3, 2002 |
| GSI | 3890252 | December 14, 2010 |
| BIKTARVY | 5344455 | November 28, 2017 |
| DESCOVY | 4876632 | December 29, 2015 |
| DESCOVY FOR PREP | 5912591 | November 19, 2019 |
| 9883 | 5467392 | May 15, 2018 |
|  | 5636131 | December 25, 2018 |
|  | 5906177 | November 12, 2019 |
|  | 5030567 | August 30, 2016 |
|  | 5154303 | March 7, 2017 |
| TRUVADA | 2915213 | December 28, 2004 |
| GENVOYA | 4797730 | August 25, 2015 |
| ATRIPLA | 3276743 | August 7, 2007 |
| RANEXA | 3094007 | May 16, 2006 |
| VOSEVI | 5259592 | August 8, 2017 |
| STRIBILD | 4263613 | December 25, 2012 |
|  | 6031751 | April 14, 2020 |
| SOVALDI | 4468665 | January 21, 2014 |
|  | 5018106 | August 9, 2016 |
| 7977 | 4585257 | August 12, 2014 |

5. In addition to other remedies, including damages, for contempt of this Permanent Injunction, in the event of breach or violation of the terms of this Permanent Injunction by the Ralhan Defendants, or their employees, officers, directors, owners, predecessors, successors, agents, and assigns, or any other person in active concert and participation with them, Gilead is entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of likelihood of success of establishing that such a breach occurred.

6. If a court of competent jurisdiction finds that any of the Ralhan Defendants have violated the prohibitions of this Consent Judgment and Permanent Injunction, Gilead is entitled at its election to either liquidated damages of one hundred times (100x) the U.S. Wholesale Acquisition Cost ("WAC") price of the authentic product that the Ralhan Defendants sold (individually, or on their behalf by their principals, agents, attorneys, members, servants, employees, directors, officers, parents, successors, heirs, assigns, executors, representatives, and subsidiaries, or any other persons in active concert or participation with them in violating this Consent Judgment and Permanent Injunction) that violate this Consent Judgment and Permanent Injunction; or to Gilead's actual, statutory, and punitive damages as may be permitted by law. In any action, regardless of which measure of damages Gilead selects, Gilead shall be entitled to recover its attorneys' fees and investigatory fees for finding and demonstrating that the Ralhan Defendants have violated this Consent Judgment and Permanent Injunction.

7. This Consent Judgment is entered pursuant to Fed. R. Civ. P. 58, and this action is hereby dismissed with prejudice against the Ralhan Defendants only, without costs or attorneys' fees, save that this District Court shall retain jurisdiction over this action, including over implementation of, or disputes arising out of, this Consent Judgment or the settlement of this action with regard to the Ralhan Defendants.

8. The Clerk of Court is directed to issue a check or wire transfer made payable to Patterson Belknap Webb & Tyler LLP, as attorneys for Gilead, 1133 Avenue of the Americas, New York, NY 10036, for the entire balance of the funds held by the Clerk of Court in an interest-bearing account pursuant to Dkt. Nos. 183 and 389 (Treasury Receipt No. 4653160889), exclusive of accrued fees required to be retained by Local Civil Rule 67.1, and in any event in an amount no

less than one-million nine-hundred-forty-five-thousand six-hundred-thirteen dollars and thirty-two cents ($1,945,613.32).

9. The Court's asset freeze order (Dkt No. 168, as modified by Dkt. No. 183) as to the Ralhan Defendants *only* is hereby DISSOLVED, but—unless and until further order of this Court—otherwise remains in effect as to any other parties to which it applies as of the date of this order.

DATED: April 14, 2023

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
    Geoffrey Potter
    Timothy A. Waters
    Thomas P. Kurland
1133 Avenue of the Americas
New York, NY 10036-6710
T: 212-336-2000
F: 212-336-2222
E: gpotter@pbwt.com
   twaters@pbwt.com
   tkurland@pbwt.com

*Attorneys for Plaintiffs*
*Gilead Sciences, Inc., et al.*

By: _____
    Dhruv Ralhan, *pro se*

556 3rd St. North
Saint Petersburg, FL 33701
E: ralhandhruv@gmail.com

**IT IS SO ORDERED**

       s/Ann M. Donnelly
_____
HON. ANN M. DONNELLY, U.S.D.J.

Dated: _____April 17_____, 2023

4