


595 STEWART AVENUE
SUITE 510
GARDEN CITY, NY 11530
TEL. (516) 248-0300
FAX (516) 283-0277
WWW.STERNSCHURIN.COM

April 19, 2023

**VIA ECF**
Hon. Ramon L. Reyes, Jr. U.S.M.J.
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Gilead Sciences, Inc. v. Safe Chain Solutions, LLC* **(21-cv-04106)**

Dear Judge Reyes:

    This firm represents Scripts Wholesale, Inc. and Steven Diamantstein (collectively "Scripts"). We write to respectfully request an Order quashing the notice of deposition of Steven Diamantstein scheduled next week for April 25, 2023. Scripts also requests relief from the stipulation entered into by Gilead and Scripts, which was submitted to the Court on March 15, 2023 (Dkt. No. 969) in which the parties' agreed to April 25 as the date for Mr. Diamantstein's deposition. That stipulation was entered into and submitted to the Court before Mr. Diamantstein decided, in consultation with his criminal counsel, Benjamin Brafman, Esq., that it would be necessary to invoke his rights under the Fifth Amendment because of a pending criminal investigation. The Declaration of Benjamin Brafman, Esq. is submitted herewith as **Exhibit A** in support of this motion.

    For the reasons explained more fully below, Scripts requests that the deposition of Steven Diamantstein be adjourned **until the earlier** of either: (1) a conclusion of a Department of Justice investigation and its decision on whether or not to charge Mr. Diamantstein; or (2) November 30, 2023, which is one month prior to the scheduled conclusion of fact discovery. A decision by the Department of Justice will be dispositive on whether or not Mr. Diamantstein will invoke the protections afforded to him under the Fifth Amendment at his deposition. As discussed in the declaration of Mr. Brafman, discussions are currently taking place between his office and the Department of Justice.

    There is ample precedent supporting Scripts' request for a stay under the circumstances presented herein. For example, in *Numismatic Guar. Corp. of Am. v. City Gold United States Inc.*, 2018 U.S. Dist. LEXIS 248390 (S.D.N.Y. July 19, 2018), Judge Torres stayed discovery in a civil case against an individual defendant who was facing criminal charges involving the same alleged counterfeiting conduct that was the subject of a concurrent civil proceeding. In staying

Hon. Ramon L. Reyes
United States Magistrate Judge
April 19, 2023
Page 2

the action as to all defendants pending the resolution of the criminal case against the individual defendant, the court held as follows:

> The Court may, in its discretion, stay a civil case where there is a parallel criminal proceeding. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Although a stay in a civil case is an "extraordinary remedy," *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (citation omitted), it may be necessary where "the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995) (citations omitted).
>
> Courts in this district typically consider six factors in deciding whether to stay a criminal case pending the outcome of a parallel criminal proceeding, with the goal being to avoid prejudice: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id.* at 1139 (footnote and citations omitted).

Here, Scripts is asking for substantially less than the defendant was granted in *Numismatic*. Indeed, Scripts is not asking for an indefinite stay of the deposition of Mr. Diamantstein, nor is it asking to delay his deposition until after the close of fact discovery which is scheduled to end on December 29, 2023. Rather, Scripts is merely seeking an adjournment of Mr. Diamantstein's deposition that will extend **no later than November 30, 2023**, one month prior to the close of fact discovery. *See*, *Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*, 2010 U.S. Dist. LEXIS 13934 (S.D.N.Y. Feb. 16, 2010) (accommodating defendant's concerns and scheduling defendant's deposition **last** despite refusing to completely stay his deposition pending completion of criminal proceedings against him); *SEC v. Power Secs Corp.*, 142 F.R.D. 321, 323 (D. Colo 1992) (granting protective order until conclusion of grand jury investigation); and *SEC v. Schroeder*, 2008 U.S. Dist. LEXIS 6527 (N.D. Cal. 2008) (granting protective order postponing deposition for four months).

Furthermore, Gilead will not suffer any prejudice by having to wait to take Mr. Diamantstein's deposition until a charging decision has been made because Scripts has already secured **ALL** of Scripts' documents and communications pursuant to a Seizure Order in October 2021.

Hon. Ramon L. Reyes
United States Magistrate Judge
April 19, 2023
Page 3

In addition, Mr. Diamantstein's Fifth Amendment privilege should not be subordinated to Gilead's commercial interests in pressing for Mr. Diamanstein's deposition at this particular time. A balancing of Gilead's interests in taking Mr. Diamanstein's deposition now against Scripts' interest not being obliged to plead the Fifth Amendment clearly weighs in favor of Scripts. The prejudice that Scripts will suffer if Mr. Diamantstein is forced to unnecessarily invoke the Fifth Amendment now far outweighs any possible prejudice to Gilead in having to wait a little while longer to take Mr. Diamantstein's deposition. Indeed, Gilead would suffer no prejudice by having to wait for Mr. Diamantstein's deposition, particularly where:

- Gilead has already secured all forms of preliminary relief protecting its rights until the conclusion of this case;
- Gilead has already secured and reviewed every possibly relevant document in Scripts' possession by virtue of the Seizure Order that was entered and executed at the start of the case;
- Gilead has indicated that it has mapped out dozens of more depositions of which only a fraction has been taken thus far, and it may continue to take those other depositions while moving Scripts to a later date towards the end of discovery; and
- The temporary delay that Scripts is seeking falls within the current close of fact discovery and does not necessitate any further extension, i.e., the ultimate resolution of this case will not be delayed at all if the Court were to grant Scripts' request.

We have discussed this request with counsel for Gilead. Gilead has indicated that it opposes this request and that it intends to submit a letter in opposition. Likewise, Gilead has declined to consent to a temporary adjournment of the proposed deposition of Mr. Diamantstein while Your Honor addresses Scripts' request. A copy of our email exchange with Gilead's counsel is attached hereto as **Exhibit B**. Lastly, given the importance of this issue, Scripts respectfully requests oral argument on this motion.[1]

For all of the foregoing reasons, as well as those set forth in the attached declaration of Benjamin Brafman, Esq., Scripts respectfully requests that the deposition of Mr. Diamantstein be stayed.

Respectfully submitted,
**STERN & SCHURIN LLP**

*Richard Schurin*

Enclosures                                      Richard S. Schurin

---

[1] Scripts notes that this motion is submitted outside of the monthly status-conference process recently established by the Court. This is because the deposition notice date of April 25, 2023 precedes the date for the next status conference which is April 27, 2023. Scripts' proposes to argue this motion at the April 27, 2023 status conference, or at another time reserved exclusively for this purpose.

# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
GILEAD SCIENCES, INC., *et al.*,           :

                      Plaintiffs,           :           Case No. 21-cv-4106 (AMD) (RER)

              -v.-           :

SAFE CHAIN SOLUTIONS, LLC, et al.,           :

                      Defendants.           :
---------------------------------------------------------------x

BENJAMIN BRAFMAN being duly sworn deposes and states:

    1.    I am an attorney licensed in the state of New York. I am also admitted to practice in the United States District Court for the Eastern District of New York.

    2.    From 1976 through the end of 1979, I served as an Assistant District Attorney in the Rackets Bureau of the New York County District Attorney's Office. Since 1980 I have been in private practice and have in substance practiced as a Criminal Defense Attorney.

    3.    Zachary Intrater is a senior associate attorney who since July 2020 to the present has served as "of counsel" at this firm. Prior to joining this firm Mr. Intrater served as Executive Assistant United States Attorney with the United States Attorney's Office for the District of New Jersey, in Newark.

    4.    Together, we represent Mr. Diamantstein in connection with a criminal investigation which upon information and belief, was initiated by GILEAD SCIENCES INC alleging facts substantially similar to those alleged in the civil proceedings.

5.  This Affidavit is respectfully submitted in support of the letter motion dated April 19th, 2023, by Stern and Schurin, LLP, in support of an application to stay the deposition of Mr. Diamantstein.

6.  In connection with the criminal investigation, we have been advised that Mr. Diamantstein is a subject/target of that investigation. Accordingly, as a precaution, Mr. Intrater and I have both advised Mr. Diamantstein that should he be deposed at this time he should invoke his Fifth Amendment privilege against self-incrimination and refuse to answer any questions posed by attorneys for GILEAD. We continue to negotiate with the prosecutors who are conducting this inquiry and we are hopeful that we may be able to convince them that Diamantstein did not intentionally violate the law and he should accordingly not be prosecuted.

7.  On behalf of Mr. Diamantstein, my office has had conversations with persons supervising the investigation. Based on those discussions, we believe that a decision on whether or not to seek charges against Mr. Diamantstein will be forthcoming within the next few months.

8.  WHEREFORE It is respectfully requested that his deposition be stayed until a decision is made in the criminal investigation.

BENJAMIN BRAFMAN

Sworn to before me this
18 day of April, 2023

Notary Public

ANDREA LYNN ZELLAN
Notary Public, State of New York
Reg. No. 02ZE6373815
Qualified in New York County
Commission Expires 4/16/2022
7/12/2026

# EXHIBIT B

| | |
|---|---|
| **From:** | Waters, Timothy (x7601) |
| **To:** | Richard Schurin |
| **Cc:** | Steven Stern; Anthony Famularo; Benjamin Brafman; Fischer, Aron (x2363) |
| **Subject:** | RE: Deposition of Steven Diamantstein |
| **Date:** | Tuesday, April 18, 2023 5:23:51 PM |

Hi Rich,

Thank you for your email.   Gilead does not consent to a temporary adjournment of the deposition while your contemplated motion is pending, and you may so inform the Court when you file the motion.  We plan on moving forward with the scheduled deposition on April 25th absent an order from the Court to the contrary.

The timing of the contemplated motion was entirely within the Scripts Defendants' control.  The Scripts Defendants' decision to wait to raise this issue, and then file a motion, so close to the deposition date does not, in our view, constitute a valid reason to adjourn the deposition.

Best,

Tim


**Timothy A. Waters**
Partner
**Patterson Belknap Webb & Tyler LLP**
1133 Avenue of the Americas | New York, NY  10036
T: 212.336.7601 | F: 212.336.1280
twaters@pbwt.com | www.pbwt.com


**From:** Richard Schurin <rschurin@sternschurin.com>
**Sent:** Tuesday, April 18, 2023 2:05 PM
**To:** Waters, Timothy (x7601) <twaters@pbwt.com>
**Cc:** ~sstern@sternschurin.com <sstern@sternschurin.com>; ~afamularo@sternschurin.com <afamularo@sternschurin.com>; Benjamin Brafman <BBrafman@braflaw.com>; Fischer, Aron (x2363) <afischer@pbwt.com>
**Subject:** Deposition of Steven Diamantstein


**Caution: External Email!**


Hi Tim,

Further to our conversation from yesterday, as we discussed we intend to file a motion to stay Steven Diamantstein's deposition until a charging decision is made. We hope to file that motion tomorrow., Along those lines, so as to allow the parties to fully brief the issue and so as not to place undue pressure on the Court, please advise if Gilead will consent to a temporary adjournment of Mr. Diamantstein's deposition until the Court decides our motion to stay. If you consent to that – we would make note of that in our letter motion.
I don't see how Gilead could possibly be prejudiced by this request, and I think that it is probably something that we should agree to for the consideration of the Court.

Please advise.

Thanks,
Rich


**STERN & SCHURIN LLP**
Richard Schurin
RSchurin@SternSchurin.com
Website: www.sternschurin.com



595 Stewart Avenue, Suite 510
Garden City, NY 11530
Tel: 516-248-0300
Fax: 516-283-0277

This message is intended solely for the use of the addressee(s) and may contain information that is PRIVILEGED and CONFIDENTIAL. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please delete all copies of this message and any attachments and notify us immediately.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Stern & Schurin LLP for any loss or damage arising in any way from its use.  Thank you

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.