

**TRENK ISABEL SIDDIQI & SHAHDANIAN**

290 West Mount Pleasant Avenue
Suite 2370
Livingston, NJ 07039

45 Essex Street
Suite 106
Hackensack, NJ 07601

**P:** 973.533.1000 | **F:** 973.533.1111 | tisslaw.com

Sydney J. Darling, Esq.
sdarling@tisslaw.com
Reply to Livingston Office

April 24, 2023

*Via Electronic Filing*
Honorable Ann M. Donnelly, U.S.D.J.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    Gilead Sciences, Inc. v. Safe Chain Solutions, LLC, et al.
       <u>Case No. 1 :21-cv-041060-AMD-RER</u>

Dear Judge Donnelly:

This firm represents defendants Everything Pharmacy Related II, Inc. d/b/a Total Remedy and Prescription Center ("<u>Total Remedy</u>") and Mohammad Etminan (together, the "<u>Total Remedy Defendants</u>") in the above-referenced case.  The Total Remedy Defendants submit this response to the letter requesting a pre-motion conference, which was filed by defendant Safe Chain Solutions, LLC ("<u>Safe Chain</u>") on April 14, 2023 [ECF 1000].

**I.    Count I:  Indemnification and Contribution**

Safe Chain claims that the Total Remedy Defendants fail to allege facts supporting a claim for contribution and/or indemnification.  This position is frivolous.  If a jury finds that Safe Chain knowingly marketed and sold counterfeit drugs to Total Remedy, who unknowingly purchased these counterfeit drugs and distributed them to customers, there is no doubt that Safe Chain is liable to Total Remedy – whether based upon contribution or indemnification - for any strict liability or other damages award that the Total Remedy Defendants may suffer.

"Basically, in contribution the loss is distributed among tort-feasors, by requiring joint tort-feasors to pay a proportionate share of the loss to one who has discharged their joint liability, while in indemnity the party held legally liable shifts the entire loss to another."  *Rosado v. Proctor & Schwartz, Inc.*, 66 N.Y.2d 21, 23–24, 484 N.E.2d 1354, 1356 (1985) (citations omitted).  Further, "[c]ontribution arises automatically when certain factors are present and does not require any kind of agreement between or among the wrongdoers.  Indemnity, on the other hand, arises out of a contract which may be express or may be implied in law to prevent a result which is regarded as unjust or unsatisfactory."  *Id.* (citations and internal quotation marks omitted).

The Federal Rule of Civil Procedure contemplate such claims and permit a party to file a crossclaim "aris[ing] out of the transaction or occurrence that is the subject matter of the original

Honorable Ann M. Donnelly, U.S.D.J.
April 24, 2023
Page 2

action . . . . The crossclaim may include a claim that the co-party is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant." FED. R. CIV. P. 13(g).

There can be no doubt that the complaint filed by the plaintiffs, Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Sciences, LLC ("Plaintiffs"), as amended [ECF 945] (the "Complaint"), is sufficiently plead as to Safe Chain.  Plaintiffs, in no uncertain terms, allege that Safe Chain purchased and then knowingly marketed and sold to pharmacies, including Total Remedy, counterfeit HIV medication and that this was intentional and willful.  (*See, e.g.,* Complaint, ¶¶202, 291& 292.)

The Total Remedy Defendants deny any knowledge of this alleged counterfeiting scheme.  (*See generally*, Total Remedy's Answer [ECF 768].)  Therefore, if a jury finds that Safe Chain knowingly marketed and sold counterfeit HIV medication to the Total Remedy Defendants, the Total Remedy Defendants maintain that Safe Chain is liable to them for any liability of Total Remedy to Plaintiffs.

Safe Chain cites to *Sands Harbor Marina Corp. v. Wells Fargo Insurance Services of Oregon, Inc.,* 156 F. Supp. 3d 348 (E.D.N.Y. 2016) (hereafter, "*Sands Harbor*"), to support its position.  However, *Sands Harbor* makes clear that the already "liberal pleading requirements" of Rule 8 are "'lessened somewhat for third-party claims, which are read in conjunction with the original pleading.'"  *Id.* at 361 (quoting *Arkwright Mut. Ins. Co. v. Bojoirve, Inc.*, No. 93-cv-3068, 1996 WL 361535, at *2 (S.D.N.Y. June 27, 1996)).  Safe Chain suggests that the Total Remedy Defendants have not  plead "'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  In *Sands Harbor*, the Court found it was not clear from the crossclaim pleadings upon what basis defendant Wells Fargo claimed defendant Reis was liable to it under a contribution/indemnity theory.  *Id.*

Unlike in *Sands Harbor*, in the present case, the basis of Total Remedy's claims against Safe Chair are clear.  Safe Chain is accused of purchasing and/or creating counterfeit versions of Plaintiffs' HIV/AIDs medication and knowingly selling them to Total Remedy and of falsifying documentation that provided the drugs' pedigree.  (Counterclaim, ¶¶2-5.) The Total Remedy Defendants had no knowledge of the counterfeit nature of the medication or the false documentation and reasonably relied on the documentation and pedigree provided by Safe Chain when it purchased the medication.  (*Id.* at ¶¶6-7.)  If proven true, Safe Chain's conduct is culpable as to the Total Remedy Defendants.  (*Id.* at ¶8.)

Curiously, Safe Chain did not pursue a motion to dismiss the contribution and indemnity claims of the other pharmacy defendants and indeed, filed answers to three of those claims.  (*See* ECF 998, 999 & 1002.)  On January 24, 2023, Safe Chain filed a request for a premotion conference relating to motions to dismiss cross claims filed against it by Lin Pharmacy Inc. d/b/a Makki Pharmacy, Samuel Yakubov, and Monica A. Ngo, Maryland Pharmacies Inc. d/b/a The

Honorable Ann M. Donnelly, U.S.D.J.
April 24, 2023
Page 3

Medicine Shoppe #1802, Primerx Inc. and Sekar Venkatesh, Island Chemists, Inc. d/b/a Meadow Drugs & Surgical and Randloph Mohabir, Gopesh Patel and VLS Pharmacy Inc. [ECF 926].

Safe Chain sought only to dismiss the fraud crossclaims and, in the case of VLS, the Breach of Contract and Breach of the Uniform Commercial Code crossclaim. Indeed, while acknowledging that all of the foregoing parties filed similar contribution and indemnity claims against Safe Chain, it did not seek to dismiss those claims.

## II.   Count II: Fraud

In Count II of its crossclaim, the Total Remedy Defendants allege that Safe Chain made intentional misrepresentations of fact, and material misrepresentations as to the legitimacy of the allegedly counterfeit Gilead medication and its pedigree, which were false and known to be false (or should have been known to be false) by Safe Chain, and made to induce the Total Remedy Defendants to rely upon them, and the Total Remedy Defendants did justifiably rely on those allegedly false statements and misrepresentations. (Cross Claim, ¶11.)

Safe Chain claims that this claim fails because the Total Remedy Defendants do not identify the time, place, speaker and content of any alleged misrepresentation. For starters, every time Safe Chain sold prescription drugs to Total Remedy, it was reasonable for Total Remedy to rely upon the implied representation that the drugs were not counterfeit. If a jury finds the drugs were counterfeit, that implied representation was false.

In addition, the United States Supreme Court has recognized that certain instances of fraud, "can be effected without a false representation." *See Husky Intern. Electronics, Inc. v. Ritz*, 578 U.S. 356, 366 (2016). "The suppression of truth, the withholding of the truth when it should be disclosed, is equivalent to the expression of falsehood." *Strawn v. Canuso*, 140 N.J. 43, 62 (1995) (internal citations omitted). If proven, Plaintiffs will have established a fraudulent scheme sufficient to rise to the level of fraud. *See Husky Intern. Electronics, Inc.*, 578 U.S. at 366.

We thank the Court for its consideration of the Total Remedy Defendants' position.

Respectfully submitted,

TRENK ISABEL SIDDIQI
 & SHAHDANIAN P.C.

*/s/ Sydney J. Darling*
    Sydney J. Darling, Esq.
    Richard D. Trenk, Esq.

cc:    All Counsel of Record