

Weisbrod Matteis & Copley PLLC
1200 New Hampshire Avenue, NW
Fourth Floor
Washington, DC 20036

202 499 7900

www.wmclaw.com

Matthew S. Krauss
Direct Dial: 202-751-2003
mkrauss@wmclaw.com

May 24, 2023

**By ECF**

Hon. Ramon E. Reyes, Jr., United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Gilead Sciences, Inc.,* et al. *v. Safe Chain Solutions, LLC,* et al., No. 21cv4106

Dear Judge Reyes:

We write on behalf of Safe Chain Solutions, LLC ("Safe Chain"), Charles Boyd, and Patrick Boyd (collectively, the "Safe Chain Parties") to address Gilead's failure to comply properly with its discovery conferral obligations as to the parties' recent joint status report [ECF No. 1094].

Gilead has yet to produce a single document or even to serve verified interrogatory responses in response to the Safe Chain Parties' March 27 discovery requests, despite the parties' agreement that its responses would be due May 3. Safe Chain sent Gilead a 17-page deficiency letter and continues to seek conferral on dozens of issues and hopes to resolve many of them without the need for judicial intervention. Yet counsel asked Gilead to confer promptly on some requests that bear on preparation for the Boyds' depositions.

Gilead has not responded to our conferral correspondence on those requests and "raised only its 'public policy' objection" during the parties' May 19 telephone call. Joint Status Rpt. at 7 (May 23, 2023) [ECF No. 1094]. Safe Chain devoted most of its discussion in the report to that issue. *See id.* at 5-6. Gilead has coordinated the parties' preparation of the monthly joint status reports, and counsel sent Safe Chain's proposed insert to Gilead with a request to "send[] us Gilead's insert on this issue before finalizing the joint letter." M. Krauss email to T. Waters (Mar. 23, 2023, 12:59 EDT) (Ex. A). Gilead did not do so, and it is now clear why.

Gilead's response focuses on relevance, an issue that it did not raise during the parties' conferral. Gilead argues for the first time in the joint status report (at 7-8) that (1) the sole bases for these requests is to allow the Safe Chain Parties to evaluate their Fifth Amendment considerations; and (2) information post-dating the filing of Gilead's Complaint cannot be relevant as a matter of

Honorable Ramon E. Reyes, Jr.
May 24, 2023
Page 2

law. Had Gilead made clear that these arguments were the principal basis for its objections, the Safe Chain Parties would have addressed them accordingly in conferral and the joint report. Gilead's sharp practice undermines the meaningful conferral and streamlining of disputes that this Court's individual rules and joint status report process are designed to foster. *See* Mot. and Indiv. Prac. Rule of M.J. Reyes III.C.1 ("attorneys … shall … first attempt to confer in good faith in person or by telephone to resolve the dispute before notifying the Court"). It is also inconsistent with Gilead's own practice in this case. In March, for example, Gilead sought judicial intervention on numerous issues and sent all defendants a draft report setting forth its positions and providing an opportunity to respond. G. Soussou email to Defense counsel (Mar. 8, 2023, 15:50 EDT) (Ex. B). With the shoe now on the other foot, Gilead withheld its submission before filing the joint report and raises arguments not addressed in conferral and that Safe Chain has had no opportunity to address. This Court should not accept such gamesmanship.

Furthermore, Gilead's arguments for withholding its communications with the Government about the Safe Chain Parties are meritless. The Safe Chain Parties have never suggested that such information is relevant *only* to evaluating the Boyds' Fifth Amendment considerations, as Gilead now argues. As described below, the Safe Chain Parties explained that "Gilead's communications with law enforcement about the Safe Chain Parties' supposed criminal liability for the very conduct at issue in this case is of the utmost relevance." M. Krauss letter to T. Waters at 5 (May 12, 2023) [ECF No. 1094, Ex. B]. The material is time-sensitive only because it is *also* relevant to counsel's evaluation of the Boyds' Fifth Amendment rights, and so it should not wait while the parties confer on dozens of other substantive issues.

Gilead suggests that its one-paragraph letter notifying the U.S. Attorney of this lawsuit is the only communication with the Government "relevant to this action" and that all others post-date its Complaint and only "go to the issue of how Gilead investigated, discovered, or reacted to the Safe Chain Defendants' [alleged] counterfeiting." Joint Status Rpt. at 8. Even if that were true (and it is not), it would not render the material irrelevant. A party's communications about the underlying issues of a case are paradigmatic discoverable information. Gilead appears to have provided information to the Government about why it believes the Safe Chain Parties are liable for counterfeiting its medication. Such information is directly relevant to Gilead's allegations.

Moreover, Gilead has tried to narrow the Safe Chain Parties' requests to encompass only grand jury subpoenas and similar material. On the contrary, the requests are far broader, encompassing Gilead's own affirmative communications, documents that it has provided to the Government, and communications with other Government entities such as the FDA's Office of Criminal Investigations, among others. Gilead has made the Safe Chain Parties' supposed criminal liability for the conduct it alleges a centerpiece of this case. It cannot now refuse to provide its own communications with the Government about that very conduct by claiming it is irrelevant.

The Safe Chain Parties regret the need for this additional submission in connection with what Your Honor envisioned as a process for simplifying discovery disputes. To prevent similar problems in the future, we respectfully request that this Court direct the parties to exchange any submissions for monthly joint status reports prior to filing.

Honorable Ramon E. Reyes, Jr.
May 24, 2023
Page 3

Sincerely,

Matthew S. Krauss

*Counsel to Safe Chain Solutions, LLC, Charles Boyd, and Patrick Boyd*