UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────────

№ 21-CV-4106 (MKB) (RER)

───────────────────────

GILEAD SCIENCES, INC., *ET AL.*,

Plaintiffs,

VERSUS

SAFE CHAIN SOLUTIONS LLC, *ET AL.*,

Defendants.

───────────────────────

**SUMMARY ORDER**

June 13, 2023

───────────────────────

**RAMON E. REYES, JR., U.S.M.J.**:

Before the Court is the motion of Safe Chain Solutions, LLC, Charles Boyd, and Patrick Boyd (collectively, "Safe Chain Parties") for "an Order compelling plaintiffs Gilead [Sciences, Inc., *et al.* (collectively, "Gilead")] to respond fully to requests for information exchanged between Gilead and law enforcement pertaining to the Safe Chain Parties." (ECF No. 1094 at 4).[1] That motion is denied.[2]

---

[1] Specifically, the Safe Chain Parties seek from Gilead: (1) "'All Documents Concerning the Safe Chain Parties that [Gilead] received from any government or quasi-government agency' (RFP No. 4)"; (2) "'All Communications or Documents that [Gilead] exchanged with any law enforcement or governmental investigative authorities Concerning the Safe Chain Parties' alleged involvement in the counterfeiting of Gilead Drugs' (RFP No. 74)"; (2) "'All Documents Concerning or reflecting law enforcement investigations Concerning the sale of Gilead Drugs to which the Safe Chain Parties are subjects or targets' (RFP No. 75)"; and (4) a description of "all Communications You have had with any law enforcement or governmental investigative authorities Concerning the Safe Chain Parties' alleged involvement in the counterfeiting of Gilead Drugs' (Interrog. No. 4)". (ECF No. 1094 at 4-5, Exhibit A).

[2] The Court has reviewed supplemental letter briefs on this issue (ECF Nos. 1108, 1111), and has conducted an *in camera* review of the withheld documents and communications (ECF No. 1114 (SEALED)).

1

While it is true that a court has the authority to compel the disclosure of documents and information submitted in response to a grand jury subpoena, such disclosure should be compelled only where the information sought is relevant to the case at bar. Fed. R. Civ. P. 26(b)(1). That Gilead may have provided certain documents to the government in response to various grand jury subpoenas is simply not "relevant to any party's claim or defense" in this case. Fed. R. Civ. P. 26(b)(1). Indeed, the Safe Chain Parties do not seek this information directly to defend against Gilead's claims, but to determine whether to assert at deposition the Fifth Amendment privilege against self-incrimination. In other words, the Safe Chain Parties are not concerned in the first instance with what information Gilead has that implicates them in the purportedly unlawful misbranding scheme, but whether Gilead has provided that information to the government. As long as Gilead discloses the underlying documents and information in response to the Safe Chain Parties' other interrogatories and document requests, that will suffice.[3] If Gilead needs additional time to produce said documents and information, and the Safe Chain Parties need additional time to review said production before appearing for deposition, the Court will entertain a reasonable request for an extension of discovery.

## CONCLUSION

For the reasons set forth above, the Safe Chain Parties' motion is denied.

/s/ Ramon E. Reyes, Jr.
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: June 13, 2023
      Brooklyn, NY

---

[3] Gilead cannot withhold documents and information responsive to the Safe Chain Parties' other interrogatories and document requests simply because that information was also provided to the government in response to the various grand jury subpoenas.