UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

Nº 21-CV-4106 (AMD) (RER)

———————————

GILEAD SCIENCES, INC., *ET AL.*,

VERSUS

SAFE CHAIN SOLUTIONS LLC, *ET AL.*,

———————————

**REPORT & RECOMMENDATION**

July 19, 2023

———————————

**TO THE HONORABLE ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.**:

Before the Court is the motion of plaintiffs Gilead Sciences, Inc., *et al.* (collectively, "Gilead") for "case-ending sanctions" against *pro se* defendant Zafar Abdullaev ("Abdullaev"), for his repeated and persistent failure to respond to Gilead's interrogatories and requests for the production of documents, and for his violation of a Court order to do so. (ECF No. 1094). For the reasons which follow, I respectfully recommend that Gilead's motion be granted and that default be entered against Abdullaev as a "case-ending" sanction.

## BACKGROUND

For the sake of brevity, I will dispense with a recitation of the factual allegations, claims, and defenses, of which Your Honor is all too familiar. I will, however, provide a brief procedural background as it relates to the instant motion.

1

On August 19, 2021, Gilead named Abdullaev as a defendant in the First Amended Complaint. (ECF No. 49). Gilead served Abdullaev with the First Amended Complaint on August 23, 2021. (ECF No. 96).[1] Abdullaev's attorney filed a notice of appearance on September 2, 2021. (ECF No. 67). On April 7, 2023, Abdullaev's counsel moved to withdraw given Abdullaev's continued failure to respond to counsel's communications or participate in his defense. (ECF No. 991). That motion was granted on April 10, 2023. (ECF eORDER dated 4/10/2023).

On May 26, 2022, while Abdullaev was still represented by counsel, Gilead served him with interrogatories and requests for production of documents. (ECF No. 964 at 2, Exhibits E and F). Abdullaev failed to provide written responses or objections to the discovery requests, or produce any responsive documents. (*Id.*, Exhibit J). On March 16, 2023, in response to Gilead's request, the Court ordered Abdullaev to "respond in writing to those requests and interrogatories, and produce all responsive documents, no later than April 7, 2023." (Minute Entry dated 3/16/2023). The Court further warned Abdullaev that "[f]ailure to comply with this order may result in sanctions." (*Id.*). Abdullaev did not provide written responses or produce responsive documents by the April 7, 2023, deadline. (ECF No. 1025).

On April 21, 2023, Gilead sought an order imposing "case-ending" sanctions against Abdullaev pursuant to Rule 37 of the Federal Rules of Civil Procedure, due to his failure to produce written responses and responsive documents to Gilead's discovery requests. (*Id.* at 2). At the April 27, 2023, conference on Gilead's application, however, Gilead requested that the Court refrain from entering any such order "[d]ue to Abdullaev's *pro se* status and the fact that he had [recently] contacted Gilead regarding his discovery obligations." (ECF No. 1094 at 1; *see also* ECF No. 1044

---

[1] Abdullaev did not answer the First Amended Complaint. He did, however, answer the Second Amended Complaint on November 2, 2021 (ECF No. 237), and the Fourth Amended Complaint on December 20, 2022 (ECF No. 884).

2

(Transcript of 4/27/2023 Conference) at 5, 37). The Court refrained from recommending such sanctions at that time.

Hearing nothing from Abdullaev in the ensuing month, let alone receiving his written responses to their interrogatories and document requests, or a production of responsive documents, on May 23, 2023, Gilead renewed its motion seeking case-ending sanctions against Abdullaev for his prolonged failure to respond to their discovery requests and his failure to abide by this Court's order to do so. (ECF No. 1094 at 2). At the May 30, 2023 hearing on Gilead's application, the undersigned noted that "[t]he Court will separately issue a report recommending case ending sanctions against defendant Zafar Abdullaev for his continued failure to comply with his discovery obligations and violations of prior Orders." (Minute Entry dated 5/30/2023; *see also* ECF No. 1106 (Transcript of 5/30/2023 Conference)). This Report and Recommendation is what follows.

## DISCUSSION

A.    Rule 37 of the Federal Rules of Civil Procedure

Rule 37 of the Federal Rules of Civil Procedure permits a court to impose sanctions upon a party who deliberately fails to provide written responses to discovery requests and produce responsive documents, or to comply with a court order to do so. Fed. R. Civ. P. 37(d)(1)(A) ("The court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."); Fed. R. Civ. P. 37(b)(2)(A) ("If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."). Rule 37 lists seven possible sanctions, including "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party."

3

Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii); *accord Kang v. Lee*, No. 96 Civ. 1145, 1997 WL 669787, at * 3 (S.D.N.Y. Oct. 27, 1997). The Second Circuit has described the three purposes behind Rule 37 sanctions:

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (per curiam); *Cine Forty-Second St. Theatre Co. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)). "'[A]ll litigants . . . have an obligation to comply with court orders. When they flout that obligation[,] they . . . must suffer the consequences of their actions.'" *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 5 (2d Cir. 1997) (quoting *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)).

B. <u>Considerations in Determining an Appropriate Sanction</u>

A district court has broad discretion to determine the appropriate sanction for a party that engages in discovery abuses and other litigation misconduct. *Li Rong Gao v. Perfect Team Corp.*, No. 10-CV-1637, 2014 WL 2465589 (ENV) (CLP), at *4 (E.D.N.Y. May 30, 2014); *Curcio v. Roosevelt Union Free Sch. Dist.*, 283 F.R.D. 102, 107 (E.D.N.Y. 2012). "[A] decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (quotation omitted). The same is true for a decision to impose default judgment. *See, e.g. S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 147 (2d Cir. 2010).

4

Courts are guided in the exercise of their discretion by the prophylactic, punitive, and remedial rationales behind Rule 37. The breadth of the court's discretion to select a sanction appropriate to the circumstances of a particular case reflects the "considerable deference [afforded] to the district court's familiarity with the proceedings." *Friends of Animals, Inc. v. U.S. Surgical Corp.*, 131 F.3d 332, 334 (2d Cir. 1997); *see also Bhagwanani v. Brown*, 665 Fed. App'x 41, 43 (2d Cir. 2016) (summary order). Striking a pleading, entering default judgment, or dismissing a case, "is a 'drastic remedy' generally to be used only when the district judge has considered lesser alternatives." *S. New Eng. Tel. Co.*, 624 F.3d at 144 (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)); *Martinez v. City of N.Y.*, No. 16-CV-79 (AMD) (CLP), 2018 WL 604019, at *22 (E.D.N.Y. Jan. 24, 2018). Thus, the harshness of such measures "is justified if the district court finds that the failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned." *S. New Eng. Tel. Co.*, 624 F.3d at 144 (quoting *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986)).

Courts generally consider the following factors in determining whether to exercise their discretion to strike a pleading, enter default judgment or to impose another dispositive sanction: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; (4) whether the non-compliant party had been warned of the consequences of noncompliance; and (5) prejudice to the party moving for sanctions. *E.g.*, *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *Martinez*, 2018 WL 604019, at * 22.  No single factor controls, and it is not an abuse of discretion for a district court to order a dispositive sanction even when not every factor weighs against the party to be sanctioned. *See S. New Engl. Tel. Co.*, 624 F.3d at 144, 147–49; *Cine Forty-Second St.*

*Theatre Corp.*, 602 F.2d at 1068 ("[S]anctions must be weighed in light of the full record in the case.").

1. <u>Willfulness</u>

Noncompliance with a court's discovery order is willful when the order is clear, the party understood the order, and the failure to comply is not due to factors beyond the party's control. *See, e.g.*, *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16 Civ. 1318, 2017 WL 3671036, at *21 (S.D.N.Y. July 18, 2017); *Jensen v. Allied Burton Sec. Servs.*, No. 10-CV-2043 (RJD) (LB), 2011 WL 4382347, at *3 (E.D.N.Y. May 27, 2011). "Willful non-compliance is routinely found, for instance, where a party has 'repeatedly failed to . . . produce documents . . . in violation of the district court's orders.'" *Doe v. Delta Airlines, Inc.*, No. 13 Civ. 6287, 2015 WL 798031, at *8 (S.D.N.Y. Feb. 25, 2015) (quoting *Robertson v. Dowbenko*, 443 Fed. App'x 659, 661 (2d Cir. 2011) (summary order)), *aff'd*, 672 Fed. App'x 48 (2d Cir. 2016).

As demonstrated by the procedural history set forth above, this case has been marked by Abdullaev's pattern of delay, failure to comply with his discovery obligations, and an order from this Court that he do so. Given the repeated examples of noncompliance and violation of this Court's order, the element of willfulness has clearly been established and weighs heavily in favor of dispositive sanctions.

2. <u>Efficacy of Lesser Sanctions</u>

In determining what sanction to impose, courts must consider "the efficacy of lesser sanctions." *World Wide Polymers, Inc.*, 694 F.3d at 159 (quoting *Agiwal*, 555 F.3d at 302). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Chowdhury v. Hamza*

6

*Express Food Corp.*, 308 F.R.D. 74, 83 (E.D.N.Y. 2015) (quoting *S. New Eng. Tel. Co.*, 624 F.3d at 148).

Over the past year the Court has held at least two conferences during which Abdullaev's discovery deficiencies were discussed. During those conferences the possibility of case-ending sanctions for noncompliance was raised. Having reviewed the entire record of this case, and in light of the history elaborated above, the Court concludes that no lesser sanction would induce Abdullaev's compliance and that a severe sanction is necessary to serve the deterrence rationale justifying sanctions. The Court therefore finds that this factor weighs in favor of a case-ending sanction.

3.   Duration of the Period of Noncompliance

Periods of noncompliance as brief as a few months have been held to weigh in favor of dispositive sanctions. *See Loc. Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers v. Car-Win Constr.*, 88 F. Supp. 3d 250, 265–66 (S.D.N.Y. 2015) (collecting cases). Here, Abdullaev's noncompliance has lasted at least one year. Gilead served their document requests on May 26, 2022 and Abdullaev still has not responded to them at all. Such a lengthy period of noncompliance fully supports the imposition of dispositive sanctions.

4.   Notice of Consequences

Abdullaev has received a warning that case-ending sanctions could be imposed if he failed to comply with his discovery obligations and the Court's order. (*See* Minute Entry dated 3/16/2023). Despite that warning, Abdullaev has not complied, even minimally, with his discovery obligations or the Court's order. That Abdullaev received clear, unambiguous notice that severe sanctions were possible weighs in favor of imposing case dispositive sanctions.

5. <u>Prejudice to the Plaintiffs</u>

Courts must be mindful that "real prejudice to a litigant may serve as a compelling consideration in support of dispositive relief," but "that a lack of prejudice should not be given significant weight in the overall analysis." *Loc. Union No. 40*, 88 F. Supp. 3d at 263 (citation omitted). The absence of prejudice is given little weight while the presence of prejudice tilts the scales heavily in favor of sanctions, because both the Second Circuit and Supreme Court "have consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions . . . ." *S. New Eng. Tel. Co.*, 624 F.3d at 148. "Although *one* purpose of Rule 37 sanctions may in some cases be to protect other parties to the litigation from prejudice resulting from a party's noncompliance with discovery obligations, Rule 37 sanctions serve other functions unrelated to the prejudice suffered by individual litigants." *Id.* at 148–49 (citations omitted).

The prejudice to Gilead, while not overwhelming, is nevertheless not insignificant. Gilead brought this case nearly two years ago seeking redress for a violation of rights upon which Congress has placed a high value. Gilead's counsel has sent discovery requests to Abdullaev, engaged in motion practice, and participated in numerous Court conferences and hearings, all with the principal goal of obtaining the discovery necessary to prosecute their claims. Apart from the obvious cost in fees, expenses, and time spent engaging discovery and motion practice without the necessary documents and interrogatory responses, the delay in readying this case for trial is also obvious. There is no question that there is prejudice here, even if it is insubstantial.

Accordingly, the Court finds that the prejudice to Gilead weighs in favor of dispositive sanctions for Abdullaev's conduct, even if slightly.

\*\*\*

The Court finds that Abdullaev's willful noncompliance with his discovery obligations and with the Court's order merits imposition of the severest form of sanctions available under Rule 37. *See, e.g.*, *S.E.C. v. Razmilovic*, 738 F.3d 14, 26–27 (2d Cir. 2013) (affirming entry of default judgment as a sanction for disobeying a single discovery order where proposed alternative sanctions would not induce compliance or alleviate prejudice to the opposing party and where the sanction of default would serve to make discovery orders effective in the instant case and to deter those who might be tempted to engage in similar misconduct in the future). The Court respectfully recommends that Your Honor strike Abdullaev's answer and enter default in Gilead's favor on liability. The issue of damages can await an inquest later in the case.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant Gilead's motion for case ending sanctions and strike Abdullaev's answer and enter default against him.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Honorable Ann M. Donnelly within fourteen days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Hon. Ramon E. Reyes, Jr.
Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.07.19 10:28:53 -04'00'

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: July 19, 2023
      Brooklyn, NY