

www.pbwt.com

November 3, 2023

**By ECF**

Thomas P. Kurland
Partner
(212) 336-2019
(212) 336-2445 Direct Fax
tkurland@pbwt.com

Hon. Ramon E. Reyes, Jr., U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Gilead Sciences et al. v. Safe Chain Solutions LLC et al.*,
No. 21-cv-4106 (AMD) (RER)

Dear Judge Reyes:

Plaintiffs (together, "Gilead") respectfully submit this letter motion pursuant to Fed. R. Civ. P. 37(a)(3)(B)(ii) to compel Defendant Invicta Wholesale Supply LLC ("Invicta") to produce a Fed. R. Civ. P. 30(b)(6) witness who will fully and completely answer questions at its noticed deposition on November 22, 2023. *See* **Exhibit A** (deposition notice).

Despite conferring extensively on this issue,[1] Invicta has been steadfast that it will not produce a 30(b)(6) witness who will answer questions; rather, Invicta has maintained it will produce only its principal, defendant Jorge Caba, who will assert the Fifth Amendment in refusing to answer any questions when testifying on Invicta's behalf.[2] Of course, Invicta has no such privilege to assert. Gilead therefore seeks an order compelling Invicta to designate and produce a 30(b)(6) witness who will be prepared on the topics Gilead has served and will provide substantive answers to Gilead's questions.

Gilead did not want to involve Your Honor in this matter; it has been conferring with Invicta's counsel regarding Gilead's Rule 30(b)(6) deposition notice since September. The parties have agreed upon a date, but Invicta has not budged from its position that the only witness it will produce is Mr. Caba, and that Mr. Caba will invoke the Fifth Amendment in response to all questions. *See* **Exhibits B-C**. Gilead is therefore restrained to seek the Court's intervention.

Invicta's position is contrary to established law, and is tantamount to refusing to produce a 30(b)(6) witness at all. Rule 30(b)(6) permits a party to notice the deposition of an entity on

---

[1] Pursuant to Section III.C.1 of this Court's Motion and Individual Practice Rules, the parties spoke via phone on September 29, 2023 about the issues raised in this motion.

[2] Mr. Caba has agreed to appear separately for his own deposition on November 15, 2023; that deposition is not the subject of this letter-motion.

November 3, 2023
Hon. Ramon E. Reyes, Jr.
Page 2

specific topics, and then requires the entity to "designate one or more officers, directors, or managing agents, or designate ***other persons who consent to testify on its behalf***[.]"  Fed. R. Civ. P. 30(b)(6) (emphasis added).  The designee "must testify about information known or reasonably available to the organization."  *Id.*  Rule 37(A)(3)(B)(ii) permits a party pursuing discovery to "move for an order compelling . . . designation" where, as here, "a corporation or other entity fails to make a designation under Rule 30(b)(6)[.]"

As this Court has stated several times during this litigation, corporations and business entities do not have Fifth Amendment privileges.  *See Braswell v. United States*, 487 U.S. 99, 104 (1988) ("[W]e have long recognized that, for purposes of the Fifth Amendment, corporations and other collective entities are treated differently from individuals."); *see also In re Grand Jury Subpoena Issued June 18, 2009*, 593 F.3d 155, 157 (2d Cir. 2010) ("Under the long-established collective entity rule, however, corporations cannot avail themselves of the Fifth Amendment privilege." (internal quotation marks omitted)).  Indeed, "there simply is no situation in which a corporation can avail itself of the Fifth Amendment privilege."  *Id.* at 158 (alteration, citation, and internal quotation marks omitted); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 92 at n.5 (2d Cir. 2012) ("Corporations do not have a Fifth Amendment right against self-incrimination.").

The fact that Invicta has a single principal (Mr. Caba) does not change the analysis.  "The Second Circuit has long held that even if a corporation is 'essentially a one-man operation,' the Fifth Amendment privilege against self-incrimination is not available."  *United States v. Lebanese Canadian Bank SAL*, 2012 WL 2189188, at *2 (S.D.N.Y. June 14, 2012)  (quoting *In re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d 52, 54 (2d Cir. 1985)); *see also Braswell*, 487 U.S. at 99-100 (corporation has no Fifth Amendment privilege "regardless of the corporation's size[.]")  Thus, even "a one-man operation . . . 'must find some means by which to comply [with this discovery obligation] because no Fifth Amendment defense is available to it.'"  *GEICO v. Kalitenko*, 2023 WL 112803, at *4 (E.D.N.Y. Jan. 5, 2023 (brackets in original, quoting *Braswell*, 487 U.S. at 116)).

Gilead does not assert that Mr. Caba himself must answer questions on behalf of Invicta: the corporation may instead appoint an agent for the purpose of testifying as a 30(b)(6) witness, so long as Invicta sufficiently educates the witness about the "information known or reasonably available to" Invicta that the agent can satisfy the duties of a designated corporate witness.  Fed. R. Civ. P. 30(b)(6); *see United States v. Barth*, 745 F.2d 184, 189 (2d Cir. 1984) ("If all current employees successfully assert a fifth amendment privilege, the corporation[] must appoint an agent who will testify without asserting the privilege."); *Church & Dwight Co. v. Kaloti Enters. of Mich. LLC*, 2008 WL 2497345, at *2 (E.D.N.Y. June 18, 2008) (ordering corporate defendant to "designate a non-involved party to speak for the corporation so that information could be given without jeopardizing the individual . . . defendants' right against self incrimination.").  It is no answer for Invicta to say it currently has no such agent to testify on its behalf: the agent may be "someone who has no previous connection with the corporation[]."  *Barth*, 745 F.2d at 189.

November 3, 2023
Hon. Ramon E. Reyes, Jr.
Page 3

      Mr. Caba chose to create and use a corporation to commit his counterfeiting. As a consequence, that corporation, Invicta, is his co-defendant in this case, and that corporation has no Fifth Amendment privilege to assert. Invicta can choose to default, but if it is going to participate in this litigation it must comply with its discovery obligations. The black-letter law is clear: a corporation cannot appear before this Court without putting up a witness to testify at deposition.

      Gilead respectfully requests that the Court issue an order compelling Invicta to produce a 30(b)(6) designee, properly educated on the topics set forth in Gilead's deposition notice, who will testify fully and completely on Invicta's behalf, without attempting to invoke a non-existent Fifth Amendment privilege. Invicta should be required to make that designation by November 15, and that witness must appear on the noticed (and agreed upon) deposition date of November 22. If Invicta continues to violate black-letter law and refuses to be deposed, the Court should enter case-ending sanctions against the corporation.

      Respectfully submitted,

      */s/ Thomas P. Kurland*

      Thomas P. Kurland

cc:    All counsel of record (via ECF)