

www.pbwt.com

November 29, 2023

**By ECF**

Timothy A. Waters
Partner
(212) 336-7601
twaters@pbwt.com

Hon. Joseph A. Marutollo, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re:**  <u>***Gilead, et al. v. Safe Chain, et al.***</u>**, No. 21-cv-4106 (AMD) (RER)**

Dear Judge Marutollo:

   Plaintiffs (together, "Gilead") respectfully submit this letter in advance of the December 1, 2023 discovery conference.[1] Plaintiffs have solicited from all Defendants any additional issues to be addressed in this letter. Gilead has included those submissions below and provided its responses thereto. Plaintiffs have also asked for responsive positions from the specific Defendants at issue in this letter and provided those positions below.

**I.**  **Sanctions Against Defendants Quan Hernandez and Make It Happen Marketing**

   **a.**  **Gilead's Position**

   Defendants Quan Hernandez and Make It Happen Marketing (together, the "Hernandez Defendants") have repeatedly failed to meet their discovery obligations and violated explicit orders requiring them to do so. At the last discovery conference, Judge Reyes provided one final chance for the Hernandez Defendants to meaningfully participate in discovery; they have not. Thus, both monetary and case-ending sanctions are appropriate.

   As set forth in the joint October 5, 2023 letter to Judge Reyes, the Court sanctioned the Hernandez Defendants for the first time in July *2022* for failure to provide timely responses to Gilead's discovery. ECF No. 1198 at 2. Since then, not only has the sanction remained unpaid, but the Hernandez Defendants have continued to ignore their discovery obligations, explicit agreements with Gilead, and direct orders from the Court. For example, on August 22, 2023, in exchange for an agreement to defer their depositions, the Hernandez Defendants agreed that (1) Quan Hernandez would provide a "fulsome asset accounting" by August 24, (2) Make It Happen Marketing would identify its Rule 30(b)(6) representative by August 31, and (3) the Hernandez Defendants would provide an offer to resolve the claims against them by September

---

[1] This letter has been drafted in line with the previous pre-conference letters summarizing the relevant discovery issues before Judge Reyes. Because this letter raises several issues involving multiple groups of defendants, it exceeds Your Honor's three-page limit for letters regarding discovery disputes. If Your Honor would prefer separate letters for each issue limited to three pages per party, or for the parties to proceed otherwise, the parties will do so moving forward.

Hon. Joseph A. Marutollo
November 29, 2023
Page 2

1, 2023.  *Id.*  Three months later, no asset disclosure or settlement offer has been provided.  And as discussed below, the Hernandez Defendants have completely failed to present a Rule 30(b)(6) witness capable of providing accurate and truthful testimony on the noticed topics.  *Id.*

On September 18, 2023, the day the deposition was scheduled, the Hernandez Defendants *again* requested a deferment of Make It Happen Marketing's deposition.  In doing so, counsel acknowledged his clients' obligation to pay the court reporter's cancelation fee.  *Id.*  However, no payment has been made.  Then, at the rescheduled Rule 30(b)(6) deposition on September 20, Make It Happen Marketing's representative arrived late, immediately committed perjury, and spent the rest of the deposition testifying that he had no knowledge of any of the noticed topics, to which there had been no objection.  *Id.* at 2-3.

Gilead raised these issues in the letter to the Court submitted in advance of Judge Reyes's last discovery conference.  *Id.* at 2-4.  At the conference, the Hernandez Defendants represented that they would identify a new Rule 30(b)(6) deponent by October 16, 2023, and proposed three potential deposition dates.  **Ex. A** at 7.  Counsel also proposed "a final forfeiture" of the Hernandez Defendants' frozen funds as payment for the outstanding sanction.  *Id.*  After considering the parties' positions, Judge Reyes ordered that:

> Make it Happen will produce another 30(b)(6) witness on the dates that [counsel] has shared with Gilead.  If that deposition is a bust like the other 30(b)(6) deposition, then you can bring whatever application on notice for whatever sanction you think is appropriate.  No pre-motion letter is necessary.  You do it straight up.  The cost of the busted 30(b)(6) deposition will be borne by Make it Happen [Marketing], just the cost, not the fees. . . . [S]ince [Gilead is] going to be taking another deposition, another 30(b)(6), the time [Gilead] spent preparing [for] that, I'm not going to make Make it Happen [Marketing] pay for that unless the second deposition is also a bust.

*Id.* at 9-10.

Following the conference, Gilead re-noticed Make It Happen Marketing's deposition for November 3, 2023, the latest of the three dates proposed by the Hernandez Defendants.  **Ex. B** at 4-5.  Gilead chose the latest proposed date to provide Make It Happen Marketing with the maximum amount of time to prepare a witness.  Gilead also sought evidence of the amount of frozen funds that could be contributed towards payment of the outstanding sanctions, as proposed by the Hernandez Defendants.  *See id.* at 3-4, 6.  However, the Hernandez Defendants never sent any records evidencing the funds in their frozen accounts.  In fact, the Hernandez Defendants ignored Gilead until the eve of the rescheduled deposition—when it was too late to cancel without incurring additional costs—at which point the Hernandez Defendants notified Gilead that they did not have a representative available to testify on behalf of Make It Happen Marketing.  *Id.* at 1.  Subsequently, the Hernandez Defendants reverted to their pattern of ignoring Gilead's requests for further information on their ability to pay the already-ordered sanctions.  *Id.*

Hon. Joseph A. Marutollo
November 29, 2023
Page 3

Enough is enough.  The Court has provided every opportunity to the Hernandez Defendants to participate.  They have refused to do so.  Thus, against both the Hernandez Defendants, Gilead seeks an order that the outstanding sanctions be paid within thirty days and that failure to do so will result in the entry of defaults.  Additionally, as against Make It Happen Marketing, Gilead seeks the costs of both "busted" Rule 30(b)(6) depositions, Gilead's attorneys' fees incurred in preparing for those depositions, and entry of default.

Federal Rules of Civil Procedure 30 and 37 provide courts with "wide discretion" to impose various sanctions when a party fails to comply with its discovery obligations.  *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) (collecting cases).  Rule 37 explicitly permits case-ending sanctions, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A).  While such sanctions are a "drastic remedy," they are "justified" if "the failure to comply with discovery orders was due to willfulness, bad faith, or any fault of the party sanctioned."  *Sagax Dev. Corp. v. ITrust S.A.*, 19-cv-3386, 2021 WL 5360121, at *5-6 (S.D.N.Y. Nov. 17, 2021); *see also Mirlis v. Greer*, 18-cv-2082, 2020 WL 12893927, at *2 (D. Conn. June 2, 2020).  Courts also consider the reason for, and duration of, non-compliance; the efficacy of lesser sanctions; and whether the non-compliant party has been warned of the consequences of its non-compliance.  *See Sagax Dev. Corp.*, 2021 WL 5360121, at *5.  "No single factor controls" and a court may appropriately order case-ending sanctions "even when not every factor weighs against the party to be sanctioned." *Gonzalez v. Victoria G's Pizzeria LLC*, 19-CV-6996, 2021 WL 6065744, at *3 (E.D.N.Y. Dec. 22, 2021), *report and recommendation adopted*, 2022 WL 842666 (E.D.N.Y. Mar. 22, 2022).

With respect to Gilead's request for a default against Make It Happen Marketing, its conduct has left the Court with little choice.  As has been demonstrated by Make It Happen Marketing, monetary sanctions and explicit warnings have not been a deterrent.  *See Sagax Dev. Corp.*, 2021 WL 5360121, at *5.  Make It Happen Marketing simply ignores the Court's mandates, then provides excuses for its failures.  After the first "busted" deposition, Make It Happen Marketing attempted to blame the witness.  *See* ECF No. 1198 at 5.  Make It Happen Marketing justified the most recent last-minute cancelation by asserting that it could not find anyone to testify.  **Ex. B** at 1.  *Anybody* could have sat for the deposition.  *See* Fed. R. Civ. P. 30(b)(6) (permitting parties to "designate other persons").  Not being able to find someone willing to do so is no excuse, especially when Gilead noticed the deposition on a date proposed by the Hernandez Defendants.  Case-ending sanctions are thus appropriate against Make It Happen Marketing because, as set forth above, its failure to comply with this Court's previous orders has been repeated, long standing, willful, in bad faith, and purely its own fault.  *See Sagax Dev. Corp.*, 2021 WL 5360121, at *6.

Gilead's request for monetary sanctions needs little explanation.  The Court has already ordered (1) that the Hernandez Defendants pay the $9,010 sanction multiple times, and (2) that Make It Happen Marketing is responsible for the costs of the first "busted" deposition.  **Ex. A** at 9-10; July 21, 2022 Order.  Additionally, Make It Happen Marketing caused Gilead to incur further costs by canceling the second scheduled Rule 30(b)(6) deposition the day before it was set to occur.  **Ex. B** at 1.  And because the second deposition was also a "bust," attorneys' fees

Hon. Joseph A. Marutollo
November 29, 2023
Page 4

incurred in connection with preparing for both attempted Rule 30(b)(6) depositions were wasted. *Cf.* **Ex. A** at 10 ("[S]ince [Gilead is] going to be taking another deposition, another 30(b)(6), the time [Gilead] spent preparing [for] that, I'm not going to make Make it Happen pay for that *unless the second deposition is also a bust*." (emphasis added)).  Therefore, Your Honor should order the Hernandez Defendants to pay, within 30 days, (1) the already-ordered sanctions and (2) as to Make It Happen Marketing, the fees and costs related to the "busted" Rule 30(b)(6) depositions.  If the Hernandez Defendants ignore that order, the Court should enter defaults against them.

###### b.     The Hernandez Defendants' Position

Counsel for the Hernandez Defendants has informed Gilead that it will provide its response to Gilead's position in a separate letter, to be filed by November 30, 2023, at 11:30 a.m.

## II.     Sanctions Against Defendants Alex Galvan, Power Pro Logistics, LLC, and AMG Logistics Sky, LLC

###### a.     Gilead's Position

In the letter submitted in advance of the last discovery conference with Judge Reyes, Gilead described Defendants Alex Galvan, Power Pro Logistics, LLC, and AMG Logistics Sky, LLC's (together, the "Galvan Defendants") failure to respond to its written discovery.  ECF No. 1198 at 6.  At the conference, Judge Reyes ordered that the Galvan Defendants "respond fully to Gilead's document requests and interrogatories and produce responsive documents by October 27," that "[a]ll objections . . . other than those based on privilege are waived," and that "failure to comply with this order may result in case-ending sanctions."  **Ex. A** at 11.

After the conference, Gilead followed up with the Galvan Defendants and agreed to extend the deadline until November 10, 2023.  **Ex. C** at 1, 5-6.  Despite that agreement and the Court's order, to date, the Galvan Defendants have not provided any responses or objections, nor produced any documents.  Accordingly, Your Honor should enter a report and recommendation providing for case-ending sanctions against the Galvan Defendants.  *See* ECF Nos. 1144 & 1163.

###### b.     The Galvan Defendants' Position

*No Position Provided*

## III.    Deadlines for Outstanding Written Discovery and Deposition Scheduling

###### a.     Gilead's Position

Gilead seeks Your Honor's assistance in ensuring fact discovery—scheduled to end on December 29, 2023—can be completed in a timely manner.  In addition to the Galvan Defendants, two groups of Defendants have failed to respond to Gilead's overdue discovery.  Thus, consistent with Judge Reyes's practice, Gilead seeks an order (1) finding that all non-

Hon. Joseph A. Marutollo
November 29, 2023
Page 5

privilege-based objections to overdue discovery have been waived and (2) compelling service of responses and objections and production of documents by December 8, 2023. *See, e.g.*, **Ex. A** at 11; May 30, 2023 Minute Entry; Mar. 16, 2023 Minute Entry and Order. Each is discussed in further detail below.

Gilead served Defendants Monica Ngo, Samuel Yakubov, and Lin Pharmacy Inc. (together, the "Lin Pharmacy Defendants") with document requests on September 14, 2021, and interrogatories on May 25, 2022. While Gilead agreed the Lin Pharmacy Defendants could defer responding while settlement discussions were ongoing, those discussions have proved unfruitful. Since then, the Lin Pharmacy Defendants have not fulfilled their discovery obligations. Therefore, Your Honor should order them to do so by December 8, 2023, and further order that all non-privilege-based objections are waived.[2] Given the delay, Your Honor should also permit Gilead to notice depositions of the Lin Pharmacy Defendants after the December 29, 2023 close of fact discovery.

Similarly, Gilead served document requests and interrogatories on Defendant Stephen Silverman on August 7, 2023. Silverman has not produced any documents or provided responses and objections. Accordingly, Your Honor should order that all non-privilege-based objections have been waived by Silverman, that he must produce documents and serve responses and objections by December 8, 2023, and that Gilead may depose Silverman after the December 29, 2023 close of fact discovery.

**b.        The Lin Pharmacy Defendants' Position**

Pursuant to agreement to produce discovery responses and response to Interrogatories by November 29, 2023, Lin Pharmacy has produced its responses to the discovery demands of Plaintiff on November 29, 2023 along with 284 pages of documents. It has also pursuant to agreement produced the responses to interrogatories for Samuel Yakubov and the responses to Interrogatories of Lin Pharmacy on November 29, 2023. The responses to interrogatories for Monica Ngo has not yet been produced and the only paper discovery remaining for the Lin Pharmacy defendants. It has been drafted, approved, but not signed by the client. We expect the client to be coming into our office on December 5, 2023 to sign the response and will be able to serve same either that day or at the latest December 8, 2023. The Deposition date of Samuel Yakubov has been scheduled for December 13, 2023 at Plaintiff's office by mutual agreement. We anticipate knowing Ms. Ngo's availability on December 5, 2023 when she is scheduled to come into the office. We have no objection if the deposition has to take place after the December 29, 2023 deadline if necessary given our inability to give a date until after that December 5, 2023 meeting, the number of depositions still being scheduled this month, and the holidays. Given the

---

[2] The Lin Pharmacy Defendants have represented that they will provide responses by today. Thus, this issue may be moot by the time of the December 1 conference.

Hon. Joseph A. Marutollo
November 29, 2023
Page 6

production on the agreed upon time frame, we oppose any waiving of objections (although we have not withheld any documents based upon objections).

    **c.    Stephen Silverman's Position**

    *No Position Provided*

## IV.    Letter Motion to Compel Invicta's Rule 30(b)(6) Deposition

    **a.    Gilead's Position**

In addition to the topics outlined above, at the December 1, 2023 conference, Gilead hopes to discuss its unresolved letter motion to compel Defendant Invicta Wholesale Supply LLC ("Invicta") to designate a Rule 30(b)(6) deponent. ECF No. 1212. Gilead's position is set forth in the letter motion. By way of update, the deposition did not occur on November 22, 2023, because Invicta refused to designate a Rule 30(b)(6) deponent. Your Honor should order Invicta to do so by December 8, 2023, and warn that failure to do so will result in case-ending sanctions.

    **b.    Invicta's Position**

    *No Position Provided*

## V.    Safe Chain's Motion to Compel Withdrawal of Gilead's Trade Secret Redactions

    **a.    Safe Chain's Position**

Safe Chain Solutions, LLC, Charles Boyd, and Patrick Boyd (collectively, "Safe Chain") and Gilead submitted briefing on Safe Chain's motion to compel Gilead to withdraw certain redactions of purported trade secret material. Joint Status Rep. at 10-16 & Exs. D–H (Oct. 5, 2023) [ECF No. 1197]. At the October 12 discovery conference, then-Magistrate Judge Reyes ordered Safe Chain to identify five to ten redacted documents and for Gilead to submit those documents for *in camera* review by November 9 along with a supporting affidavit. Gilead submitted those documents *in camera* to this Court, noting the withdrawal of many of its original trade secret redactions. Gilead Ltr. (Nov. 10, 2023) [ECF Nos. 1214, 1216]; *see also* Safe Chain Ltr. (Nov. 15, 2023) [ECF No. 1220]. Safe Chain respectfully asks for the Court's attention on this matter, as the currently redacted content may bear on one or more upcoming depositions.

    **b.    Gilead's Position**

Gilead agrees that Your Honor should address the pending trade secret redaction issue at the status conference and will file a separate response to Safe Chain's letter (ECF No. 1220) in advance of the conference.

Hon. Joseph A. Marutollo
November 29, 2023
Page 7

*       *       *

The Parties thank the Court for its attention to these issues and look forward to discussing them further during the December 1, 2023 conference.

Respectfully submitted,

*/s/ Timothy A. Waters*

Timothy A. Waters

cc: All counsel of record (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


```
------------------------------X
                              :
GILEAD SCIENCES, INC.,        :
et al.,                       :    21-CV-4106 (AMD)(RER)
              Plaintiff,      :
                              :    October 12, 2023
                              :
              V.              :    Brooklyn, New York
                              :
SAFE CHAIN SOLUTIONS LLC,     :
et al.,                       :
              Defendant.      :
------------------------------X
```

TRANSCRIPT OF CIVIL CAUSE FOR VIDEO CONFERENCE
BEFORE THE HONORABLE RAMON E. REYES JR
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          THOMAS KURLAND, ESQ.
                            ANDREW HADDAD, ESQ.
                            Patterson Belknap Webb & Tyler
                            1133 Avenue of the Americas
                            New York, NY 10036

For the Defendant:          MICHAEL KUSHNER, ESQ.
                            Kushner Law Group, PLLC
                            16 Court Street, 36th Floor
                            Brooklyn, NY 11241

                            MATTHEW KRAUSS, ESQ.
                            Weisbrod Matteis & Copley PLLC
                            1200 New Hampshire Avenue NW
                            Suite 600
                            Washington, DC 20036

                            ROMAN LEONOV, ESQ.
                            Lust & Leonov
                            75 Maiden Lane, #506
                            New York, NY 10038

```
 1
     For the Defendant:          LACHLAN TYLER, ESQ.
 2                               Sauchik & Giyaur P.C.
                                 17 State Street, Suite 3230
 3                               New York, NY 10004

 4                               SHULAMIS PELTZ, ESQ.
                                 Jacob Laufer, P.C.
 5                               65 Broadway, Suite 1005
                                 New York, NY 10006
 6
                                 MATTHEW JACOBS, ESQ.
 7                               Jacobs Law Group
                                 3435 E. Thousand Oaks Blvd.
 8                               #3492
                                 Thousand Oaks, CA 91359
 9
                                 KERRY JARDINE, ESQ.
10                               Gordon Rees Scully Mansukhani
                                 40 Calhoun Street, Suite 350
11                               Charleston, SC 29401

12                               ANTHONY FAMULARO, JR, ESQ.
                                 RICHARD SCHURIN, ESQ.
13                               Stern & Schurin LLP
                                 595 Stewart Avenue, Ste 510
14                               Garden City, NY 11530

15                               JASON CANALES, ESQ.
                                 Canales PLLC
16                               125 Park Avenue, 25th FL
                                 New York, NY 10021
17
                                 MARK BERMAN, ESQ.
18                               Hartmann Doherty Rosa
                                 Berman & Bulbulia, LLC
19                               1270 Avenue of the Americas
                                 Suite 816
20                               New York, NY 10020

21
     Court Transcriber:          ARIA SERVICES, INC.
22                               c/o Elizabeth Barron
                                 274 Hovey Road
23                               Milo, ME 04463
                                 Aria@leinen.net

24

25   Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

```
 1                    THE COURT:  Good afternoon.  This is
 2      Magistrate Judge Reyes.  We're holding our monthly
 3      check-in in Gilead v. Safe Chain, docket number 21-CV-
 4      4106.
 5                    Who is on for Gilead?
 6                    MR. KURLAND:  Good afternoon, your Honor.
 7      Tom Kurland from Patterson Belknap Webb & Tyler for
 8      Gilead.  I'm here with my associate, Andrew Haddad.
 9                    THE COURT:  Good afternoon.  I'm going to go
10      across my screen and do the appearances.
11                    Mr. Krauss, who do you represent?
12                    MR. KRAUSS:  Good afternoon, your Honor.
13      Matthew Krauss of Weisbrod Matteis & Copley PLLC for
14      the Safe Chain parties, who are Safe Chain Solutions,
15      Charles Boyd, and Patrick Boyd.  My colleague, William
16      Jacobs, is also on the call.
17                    THE COURT:  Ms. Jardine, you represent Lieb
18      and Raoul Diamantstein, yes?
19                    MS. JARDINE:  That's correct, your Honor.
20                    THE COURT:  Mr. Schurin?
21                    MR. SCHURIN:  Defendants, your Honor.
22      Richard Schurin for the Scripts defendants.
23                    THE COURT:  Mr. Tyler?
24                    MR. TYLER:  Good afternoon, your Honor.
25      Lachlan Tyler from Sauchik & Giyaur for defendant
```

1   Tariel Begiyev.

2              THE COURT:  Mr. Leonov.

3              MR. LEONOV:  Good afternoon, your Honor.

4   Roman Leonov for defendants Yisel Lopez and Armando

5   Herrera.

6              THE COURT:  Mr. Kushner, you represent Mr.

7   Hernandez and Make it Happen Marketing, correct?

8              MR. KUSHNER:  Yes, Judge, you got it.

9              THE COURT:  Mr. Canales?

10             MR. CANALES:  Yes, your Honor.  Jason

11   Canales on behalf of the defendant Edvin Ovasapyan.

12             THE COURT:  Mr. Berman?

13             MR. BERMAN:  Yes, Your Honor.  I represent

14   Adam Brosius and Worldwide Pharma.

15             THE COURT:  Who else is on that needs to

16   make an appearance?

17             MR. JACOBS:  Good afternoon, your Honor.

18   Matt Jacobs from The Jacobs Law Group on behalf of

19   Mohammad Etminan and Everything Pharmacy Related II,

20   doing business as Total Remedy and Prescription Center.

21             THE COURT:  Is that it?  Okay, let's run

22   through our check list.  The first item in the letter

23   is Gilead's request for an order compelling all parties

24   to produce all written discovery requests, responses,

25   and objections thereto, and productions served on any

1  other party since August 8th, 2023 to all parties in the

2  action and to do so for all future party discovery, and

3  reminding all parties of their ongoing obligation to

4  comply with Rule 5(a)(1)(C) going forward, and that

5  Gilead has no obligation to produce other parties'

6  discovery requests, responses, and objections or

7  productions on an ongoing basis.  I don't see anything

8  in the letter that indicates that any party has an

9  objection to that, so speak now or forever hold your

10  piece.  That order is in place.

11         The next issue is possible sanctions against

12  Mr. Hernandez and Make it Happen Marketing.  Mr.

13  Kurland, do you want to talk about that?

14         MR. KURLAND:  Yeah, your Honor.  Our

15  position is set out in fairly excruciating detail in

16  our letter, so I don't -- unless the Court wants me to,

17  I'm not going to rehash all the specific facts.  But

18  the bottom line is, we have struggled with this

19  defendant to really accomplish any discovery.  There

20  have already been monetary sanctions that haven't been

21  paid.  And most recently, we did a 30(b)(6) deposition

22  which we agreed to reschedule numerous times at their

23  request.  And when we finally sat down to take the

24  deposition, they produced a witness who perjured

25  himself several times in the first few minutes and then

1  admitted that he was woefully unprepared to address any

2  of the topics, none of which had been objected to.

3          So at this point, we're not exactly sure

4  what an appropriate path forward is short of some kind

5  of case-ending sanction.  It's essentially tantamount

6  to a default the way they've been treating this

7  litigation, and monetary sanctions in the past have

8  really been ignored.  But at a bare minimum, we should

9  be entitled to our costs and attorneys' fees associated

10 with preparing for that deposition, which was totally

11 pointless.

12         THE COURT:  Mr. Kushner, do you want to

13 speak on that?

14         MR. KUSHNER:  Yes, Judge.  There's actually

15 an update.

16         I'm sorry, Mr. Kurland, I didn't see that

17 you were going to be on this.  I sent the update over

18 to Maxwell and Andrew, the two attorneys who were

19 working with me.

20         With respect to the witness, I detailed in

21 the letter the preparation that that witness had gone

22 through to be ready to go to that deposition.  I cited

23 some cases in my response that show that case-ending

24 sanctions for an unprepared 30(b)(6) witness wouldn't

25 be appropriate in this instance, and I offered three

1  new dates for deposition and that a new 30(b)(6)

2  witness could be identified.  Mr. Hernandez is going to

3  do that on or before Monday, the 16th, which is coming

4  up.  I just spoke with him about a half hour ago and he

5  says he can do that.  I had proposed three dates, the

6  30th, the 2nd, and the 3rd, to conduct that deposition

7  with a prepared witness, so I hope that that can be

8  satisfactory to plaintiffs.

9           And then with respect to the sanction, I

10  actually -- I don't know why this wasn't discussed

11  earlier.  Mr. Hernandez has no access to funds.  He's

12  not -- there's nothing available to pay the sanction.

13  But earlier today, I was thinking the plaintiffs

14  actually seized money up front in accounts that belong

15  to him, so I was -- I had proposed in an email to the

16  other attorneys from Patterson that perhaps a final

17  forfeiture of some of those funds could satisfy that

18  prior sanction that was issued by the Court.

19           THE COURT:  This is the first you're hearing

20  of it, Mr. Kurland, so --

21           MR. KURLAND:  Yeah.  I mean, look, you know,

22  in a perfect world, we would like to litigate this on

23  the merits.  You know, our allegations against Mr.

24  Hernandez is that he played a key role in this

25  conspiracy and made many millions of dollars over the

1   course of it.  So we would like him to answer

2   questions, we would like a 30(b)(6) representative from

3   his company to answer questions.  As we said in the

4   letter, if they're willing to go forward with a

5   deposition, we'll do that, and my colleagues can get

6   back on the specific dates, but that should come with a

7   strong warning from the Court that, you know, the funny

8   business needs to end and this witness needs to come

9   and answer as a 30(b)(6) witness, prepared on the un-

10  objected-to topics.

11           The company can't take the 5th.  The company

12  transacted business in the company's name, so the

13  company needs to answer information -- you know,

14  provide information and answer questions about the

15  business that it transacted and the disposition of

16  funds.  So that's that piece of it.  We would still

17  request our costs and attorneys' fees associated with

18  the busted deposition.

19           As to the proposal I'm just hearing about

20  doing a final order of forfeiture as to the amount

21  seized, I don't know off the top of my head at this

22  point the amount seized but it is -- I'm certain it's

23  significantly less than the liability in this case.

24  So, you know, to hear, oh, I have no money now -- we

25  know that millions and millions and millions and

1  millions of dollars flowed into Mr. Hernandez's

2  accounts during the course of the conspiracy.  We know

3  a very small fraction of that, if any, was seized.  I

4  think there's --

5           I don't know if you know, Mr. Kushner, off

6  the top of your head but I'm pretty sure it was like

7  less than $50,000 that was frozen.

8           That's not really the point.  The point of

9  the sanction is to punish the defendant for the

10 discovery misconduct and to coerce them to comply going

11 forward, and that's what we're concerned with at core

12 is complying with their discovery obligations in the

13 case.  So I don't really know how to respond to that

14 particular piece.

15          THE COURT:  All right, here's what we're

16 going to do:  Make it Happen will produce another

17 30(b)(6) witness on the dates that Mr. Kushner has

18 shared with Gilead.  If that deposition is a bust like

19 the other 30(b)(6) deposition, then you can bring

20 whatever application on notice for whatever sanction

21 you think is appropriate.  No pre-motion letter is

22 necessary.  You do it straight up.

23          The cost of the busted 30(b)(6) deposition

24 will be borne by Make it Happen, just the cost, not the

25 fees.  So you will inform Mr. Kushner what the costs

1   are and Make it Happen is responsible for that, and

2   that along with the $9,100 or whatever the other

3   sanction was can come out of the seized funds, and that

4   can be paid to Gilead.  Your fees, Mr. Kurland, since

5   you are going to be taking another deposition, another

6   30(b)(6), the time you spent preparing and of that, I'm

7   not going to make Make it Happen pay for that unless

8   the second deposition is also a bust.

9          Mr. Kushner, you need to make sure that that

10  person is not only prepared but can answer the

11  questions, and it's not enough that oh, they're

12  nervous, they didn't have a good day.  They need to

13  answer the questions.  And if they can't, then we'll

14  deal with that.

15         MR. KUSHNER:  I understand, your Honor,

16  thank you.

17         THE COURT:  Have you received any discovery

18  responses from Mr. Galvan?

19         MR. KURLAND:  To my knowledge, we have not.

20         THE COURT:  Is anyone on for Mr. Galvan or

21  Pro Power Logistics or AMG Logistics?  When was the

22  last time you spoke with counsel for Mr. Galvan and his

23  companies?

24         MR. KURLAND:  I haven't personally spoken

25  with him but I know we reached out in connection with

1    submitting this letter to the Court last week and there

2    was no response.  That's the most recent attempt to

3    reach them that I'm aware of.

4              THE COURT:  Okay.  Today is the 12th, okay,

5    and this letter was submitted on the 5th, so seven.  I'm

6    going to order the Galvan defendants to respond fully

7    to Gilead's document requests and interrogatories and

8    produce responsive documents by October 27th.  All

9    objections to Gilead's discovery requests other than

10   those based on a privilege are waived, and failure to

11   comply with this order may result in case-ending

12   sanctions upon a motion by Gilead.  The Galvan

13   defendants are warned of that.

14             Next issue is the location of the

15   videographer and court reporter for Yisel Lopez and

16   Armando Herrera's deposition.  Do you want to speak to

17   that, Mr. Kurland?

18             MR. KURLAND:  Yeah.  Your Honor, at this

19   point, I think our request is fairly straightforward

20   and we're a little bit confused by the opposition to

21   our request.  But essentially, you know, Ms. Lopez and

22   Mr. Herrera are parties to the case.  They haven't

23   contested the Court's jurisdiction.  The time to do

24   that has passed and from our point of view, we are

25   certainly within our rights to notice their deposition

here in the Eastern District.  But as an accommodation

to them, we have agreed to take their depositions

remotely.  The only thing that we ask is that wherever

those remote depositions occur, that there is a

licensed court videographer in the room with a camera

controlling the Zoom equipment so that we don't have

any technical problems, so that we have a high-quality

video recording in the event we need to use it at

trial, high-quality audio, et cetera.  And we think

that's totally appropriate, and that still would be a

remote deposition.

As I understand opposing counsel's position,

his clients don't want to pay him to go to Florida, his

clients don't want to pay to come to New York.  And if

he's not in the same room with a videographer, then he

objects to the deposition going forward with another

person there.  We don't believe that's a proper

objection to the deposition, so we think we should be

allowed to have a videographer in the room with the

witnesses for a remote deposition or, in the

alternative, we'll just notice them here in New York.

We don't believe the local rule on cost shifting

applies to party depositions being noticed in the

district where the case is pending, so that's where we

are.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18        I certify that the foregoing is a correct

19   transcript from the electronic sound recording of the

20   proceedings in the above-entitled matter.

21

22

23

24

25   ELIZABETH BARRON                    October 16, 2023

# EXHIBIT B

## Weiss, Maxwell (x2711)

| | |
|---|---|
| **From:** | Weiss, Maxwell (x2711) |
| **Sent:** | Thursday, November 2, 2023 7:01 PM |
| **To:** | 'Michael Kushner' |
| **Cc:** | Bloomfield, Andrew (x2809) |
| **Subject:** | RE: Gilead v. Quan Hernandez and Make It Happen Marketing |

Hi Michael:

Thank you for your candor. As you have confirmed there will be no witness appearing at the duly noticed deposition tomorrow, we will cancel the videographer and court reporter. Of course, we reserve all rights.

Separate from the deposition, please provide the resolution offer and the full asset disclosure for Quan Hernandez previously agreed upon. Please also provide screenshots of the current balances of your clients' frozen accounts so we can assess your offer to resolve the sanction/costs issue, at least in part, through release of those funds to Gilead.

Thank you,

Max

**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: 212.336.2711
Fax: 212.336.7946
maweiss@pbwt.com
www.pbwt.com

**From:** Michael Kushner <mk@kushlawgroup.com>
**Sent:** Thursday, November 2, 2023 3:21 PM
**To:** Weiss, Maxwell (x2711) <maweiss@pbwt.com>
**Cc:** Bloomfield, Andrew (x2809) <abloomfield@pbwt.com>
**Subject:** Re: Gilead v. Quan Hernandez and Make It Happen Marketing

*Caution: External Email!*

I'm sorry max. I haven't been trying to ignore you. I have been conferring with clients.  We don't have a witness. I've been trying to get someone since the conference and no one is able to meet and appear.  Quan's father was arrested and indicted along with the case against Boris Aminov. I suspect that has hindered people's willingness to assist Quan with this task.

I have heard that perhaps someone will be able to be identified today but certainly not be available to appear tomorrow. I expect you will write to the judge and/or just file for the default and we will respond accordingly. I'm available after 4:30 today to discuss.

On Thu, Nov 2, 2023 at 11:07 AM Weiss, Maxwell (x2711) <maweiss@pbwt.com> wrote:

Michael:

I tried giving you a call. Once again, I am following up regarding the identity of the 30(b)(6) deponent (at the least, we need it for security), and the other items discussed below.

Thank you,

Max

**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2711

Fax: 212.336.7946

maweiss@pbwt.com

www.pbwt.com

**From:** Weiss, Maxwell (x2711)
**Sent:** Wednesday, November 1, 2023 1:20 PM
**To:** 'Michael Kushner' <mk@kushlawgroup.com>
**Cc:** Bloomfield, Andrew (x2809) <abloomfield@pbwt.com>
**Subject:** RE: Gilead v. Quan Hernandez and Make It Happen Marketing

Michael:

I am following up, once again, on the MIHM deposition and the other items discussed below. Please let me know who MIHM's corporate representative will be, and please provide the other information requested below as soon as possible.

Thanks,

Max

**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2711

Fax: 212.336.7946

maweiss@pbwt.com

www.pbwt.com

---

**From:** Weiss, Maxwell (x2711)
**Sent:** Monday, October 30, 2023 3:42 PM
**To:** 'Michael Kushner' <mk@kushlawgroup.com>
**Cc:** Bloomfield, Andrew (x2809) <abloomfield@pbwt.com>
**Subject:** RE: Gilead v. Quan Hernandez and Make It Happen Marketing

Hi Michael:

Following up here. The invoices from the canceled deposition of MIHM, for which you agreed to pay costs, and the deposition of MIHM for which your client was ordered to pay costs are attached, totaling $3,322.84. In addition, the $9,010 fine remains unpaid. To move forward on settling these amounts, please provide evidence of the funds in your clients' frozen accounts, as well as the other items agreed upon previously, including a full asset disclosure for Quan Hernandez.

Further, please let us know who the deponent for Make It Happen Marketing will be on Friday.


Thank you,


Max



**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2711

Fax: 212.336.7946


maweiss@pbwt.com


www.pbwt.com

---

**From:** Weiss, Maxwell (x2711)
**Sent:** Thursday, October 26, 2023 3:22 PM
**To:** 'Michael Kushner' <mk@kushlawgroup.com>
**Cc:** Bloomfield, Andrew (x2809) <abloomfield@pbwt.com>
**Subject:** RE: Gilead v. Quan Hernandez and Make It Happen Marketing


Hi Michael:


You will see a deposition notice go out shortly for November 3. Please let us know who the deponent will be.


As to the payment, we cannot make a decision unless we have assurances as to the money in your clients' frozen accounts, or otherwise available. According to our records, the Coinbase account had more than $21,000 in it, but at deposition, Mr. Hernandez said that was inaccurate. Please provide the amount of funds in each frozen account that can be contributed towards payment, and evidence of each amount (e.g., a screenshot of the current balance).

As previously discussed, you still owe us a complete asset disclosure for Mr. Hernandez and an offer to resolve the case.

Thank you,

Max

**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2711

Fax: 212.336.7946

maweiss@pbwt.com

www.pbwt.com

---

**From:** Weiss, Maxwell (x2711)
**Sent:** Friday, October 20, 2023 11:25 AM
**To:** 'Michael Kushner' <mk@kushlawgroup.com>
**Cc:** Bloomfield, Andrew (x2809) <abloomfield@pbwt.com>
**Subject:** RE: Gilead v. Quan Hernandez and Make It Happen Marketing

Michael:

Apologies for my delay here. I will circle back on the payments issue. Let's lock in November 3 for the deposition.

**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2711

Fax: 212.336.7946

maweiss@pbwt.com

www.pbwt.com

---

**From:** Michael Kushner <mk@kushlawgroup.com>
**Sent:** Thursday, October 12, 2023 2:50 PM
**To:** Weiss, Maxwell (x2711) <maweiss@pbwt.com>; Bloomfield, Andrew (x2809) <abloomfield@pbwt.com>
**Subject:** Gilead v. Quan Hernandez and Make It Happen Marketing

*Caution: External Email!*

Max and Andrew, I just wanted to get this in writing over to you guys before the conference started.  MIHM has been trying to identify a custodian of records to be deposed and will be able to do so on or before Monday, October 16, 2023.  As I mentioned in my response in the discovery letter, I can be available to conduct the deposition with whomever is selected on October 30, November 2, or November 3, 2023.

As to the outstanding $9,100 sanction, Mr. Hernandez does not have access to funds to satisfy the payment.  He has proposed agreeing to forfeit some of the held funds that were seized pursuant to the Court's asset freeze order.  Alternatively, he could pay 100 per month to Gilead until the amount is satisfied.

I will bring these updates to the Court's attention today in the conference.

Best Regards,

Michael P. Kushner, Esq.

Kushner Law Group, PLLC

81 Main Street, Suite 307

White Plains, New York 10601

tel. 914.898.5500

fax. 914.898.5509

16 Court Street, 36th Floor

Brooklyn, New York 11241

tel. 718.504.1440

fax. 718.504.4630

_____

STATEMENT OF CONFIDENTIALITY:  This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may include privileged or otherwise confidential information. Any unauthorized review, forwarding, printing, copying, use, disclosure or distribution is strictly prohibited and may be unlawful. If you received this message in error, or have reason to believe you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

Privileged/Confidential Information may be contained in this message. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email. Please advise immediately if you or your employer do not consent to receiving email messages of this kind.

# EXHIBIT C

## Weiss, Maxwell (x2711)

| | |
|---|---|
| **From:** | Weiss, Maxwell (x2711) |
| **Sent:** | Friday, November 10, 2023 1:18 PM |
| **To:** | 'George M. Gavalas, Esq.' |
| **Subject:** | RE: Gilead v. Safe Chain - Conversation re Alex Galvan, AMG Logistics Sky LLC, and Power Pro Logistics, LLC |
| **Attachments:** | 2023.11.10 - Notice of Deposition - Alex Galvan.pdf |

Hi George:

I wanted to flag the attached deposition notice for Mr. Galvan that just went out for 12/8. We are still considering your proposal for an affidavit in lieu of a deposition, and will revert on that and cancel the deposition to the extent that makes more sense to do.

We look forward to seeing the responses to our discovery today.

Thank you,

Max

**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: 212.336.2711
Fax: 212.336.7946
maweiss@pbwt.com
www.pbwt.com

---

**From:** Weiss, Maxwell (x2711)
**Sent:** Wednesday, November 1, 2023 3:23 PM
**To:** 'George M. Gavalas, Esq.' <attorneyatlaw@aol.com>
**Subject:** RE: Gilead v. Safe Chain - Conversation re Alex Galvan, AMG Logistics Sky LLC, and Power Pro Logistics, LLC

Hi George:

As discussed, R&Os to our requests for production and interrogatories, as well as responsive documents, will be transmitted to us by Friday, November 10.

We will do our best to hold the deposition, to the extent one is necessary, on 12/7 or 12/8, or otherwise schedule it in the afternoon around your travel plans.

I will discuss your settlement proposal and alternatives to a deposition with the team and get back to you.

Thank you,

Max

**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
Phone: 212.336.2711
Fax: 212.336.7946
maweiss@pbwt.com
www.pbwt.com

---

**From:** George M. Gavalas, Esq. <attorneyatlaw@aol.com>
**Sent:** Wednesday, November 1, 2023 2:30 PM
**To:** Weiss, Maxwell (x2711) <maweiss@pbwt.com>
**Subject:** Re: Gilead v. Safe Chain - Conversation re Alex Galvan, AMG Logistics Sky LLC, and Power Pro Logistics, LLC


*Caution: External Email!*


Hello Mr. Maxwell please call me. Thank you.

Regards

**GEORGE M. GAVALAS, ESQ.**
*LAW OFFICES OF GEORGE M. GAVALAS, P.C.*
**\*\*Please note our new address\*\***
2001 Marcus Avenue
Suite N125
Lake Success, New York 11042
(516) 746-1515
Fax: (516) 746-0529

**IMPORTANT NOTICE: <u>Never trust wiring instructions sent via email.</u> Cyber criminals are hacking email accounts and sending emails with fake wiring instructions. These emails are convincing and sophisticated. <u>Always</u> independently confirm wiring instructions in person or via a telephone call to a trusted and verified phone number. <u>Never</u> wire money without double-checking that the wiring instructions are correct.**


On Wednesday, November 1, 2023 at 01:25:30 PM EDT, Weiss, Maxwell (x2711) <maweiss@pbwt.com> wrote:


George:


I am following up here again. Our client is ready to move for default if we cannot resolve this. Can you provide a status update and proposed dates for the deposition? Otherwise, we will go ahead and notice the deposition on a date that works for us and/or move for default.

Thank you,


Max




**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2711

Fax: 212.336.7946

maweiss@pbwt.com

www.pbwt.com

---

**From:** Weiss, Maxwell (x2711)
**Sent:** Monday, October 30, 2023 3:43 PM
**To:** 'George M. Gavalas, Esq.' <attorneyatlaw@aol.com>
**Subject:** RE: Gilead v. Safe Chain - Conversation re Alex Galvan, AMG Logistics Sky LLC, and Power Pro Logistics, LLC


Following up here. When can we expect to see responses? Also, please let me know what dates in mid to late November work for a deposition for Mr. Galvan.


Thank you,


Max

**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2711

Fax: 212.336.7946

maweiss@pbwt.com

www.pbwt.com

---

**From:** Weiss, Maxwell (x2711)
**Sent:** Friday, October 27, 2023 1:43 PM
**To:** 'George M. Gavalas, Esq.' <attorneyatlaw@aol.com>
**Subject:** RE: Gilead v. Safe Chain - Conversation re Alex Galvan, AMG Logistics Sky LLC, and Power Pro Logistics, LLC

Thank you, Sharlene.

**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2711

Fax: 212.336.7946

maweiss@pbwt.com

www.pbwt.com

---

**From:** George M. Gavalas, Esq. <attorneyatlaw@aol.com>
**Sent:** Friday, October 27, 2023 1:32 PM
**To:** Weiss, Maxwell (x2711) <maweiss@pbwt.com>
**Subject:** Re: Gilead v. Safe Chain - Conversation re Alex Galvan, AMG Logistics Sky LLC, and Power Pro Logistics, LLC

*Caution: External Email!*

Hello Max,

We are have received our client responses.  We will be sending them out later today. Thank you.


Regards

Sharlene Maselli

Assistant


**GEORGE M. GAVALAS, ESQ.**

*LAW OFFICES OF GEORGE M. GAVALAS, P.C.*
**\*\*Please note our new address\*\***
2001 Marcus Avenue
Suite N125
Lake Success, New York 11042
(516) 746-1515

Fax: (516) 746-0529


**IMPORTANT NOTICE: Never trust wiring instructions sent via email. Cyber criminals are hacking email accounts and sending emails with fake wiring instructions. These emails are convincing and sophisticated. Always independently confirm wiring instructions in person or via a telephone call to a trusted and verified phone number. Never wire money without double-checking that the wiring instructions are correct.**


On Thursday, October 26, 2023 at 03:37:24 PM EDT, Weiss, Maxwell (x2711) <maweiss@pbwt.com> wrote:


Hi George:


I am following up here. As you may have seen, the court has ordered that responses be provided by 10/27, that all objections other than privilege-based objections are waived, and that failure to comply with this order may result in case-ending sanctions. *See* Attached Transcript at 11. Can we expect responses and documents by tomorrow?

Further, what dates in mid to late November work for a deposition for Mr. Galvan?


Best,


Max




**Maxwell K. Weiss**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Phone: 212.336.2711

Fax: 212.336.7946

maweiss@pbwt.com

www.pbwt.com


**From:** Weiss, Maxwell (x2711)
**Sent:** Thursday, October 5, 2023 11:32 AM
**To:** ~attorneyatlaw@aol.com <attorneyatlaw@aol.com>
**Subject:** RE: Gilead v. Safe Chain - Conversation re Alex Galvan, AMG Logistics Sky LLC, and Power Pro Logistics, LLC


Hi George:


As just discussed, please find attached the written discovery (requests for production and interrogatories) for Mr. Galvan and his two entities. As mentioned, we need to get formalized responses done and documents moving (to the extent they are in Mr. Galvan or his companies' possession, custody, and control), as discovery is nearing an end. Also as noted and per the attached email, we are seeking a formal due date from the court, but hope to get this done cooperatively to the extent possible.


Thank you,


Max