UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GILEAD SCIENCES, INC., GILEAD SCIENCES
IRELAND UC, and GILEAD SCIENCES LLC,

                                      **Plaintiffs,**

               -against-

SAFE CHAIN SOLUTIONS LLC, *et al.*,

                                 **Defendants.**
-----------------------------------------------------------------------x

**MEMORANDUM &
OPINION**

21-CV-4106
(Donnelly, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On October 24, 2023, Plaintiffs Gilead Sciences, LLC, Gilead Sciences Ireland UC, and Gilead Sciences LLC (collectively "Gilead") requested that the Court: (1) order Mr. David L. McGee, counsel for Defendant John Levitan, to accept service of discovery directed to Mr. Levitan; (2) admonish both Mr. McGee and Mr. Levitan for Mr. Levitan's purported failure to comply with Court-ordered deadlines; and (3) not permit Mr. McGee to be relieved unless and until new counsel replaces him as counsel of record for all purposes and with full authority to bind Mr. Levitan to the Court's orders. *See* Gilead's Motion to Compel, Dkt No. 1207 ("Gilead's Motion to Compel"). In the alternative, Gilead requested that given Mr. Levitan's and his counsel's refusal to participate in this case, the October 28, 2022 Entry of Default (Dkt. No. 839) against Mr. Levitan should be reinstated[1] immediately. For the reasons stated below, Gilead's Motion to Compel is **DENIED**.

---

[1] On October 12, 2023, the Court vacated, *inter alia*, the entry of Mr. Levitan's default judgment. *See* Order dated October 12, 2023.

**Background**

On May 30, 2023, Mr. McGee filed a motion styled as "MOTION to Appear *Pro Hac Vice* OF DAVID L. McGEE FOR THE LIMITED PURPOSES OF CHALLENGING JURISDICTION."  Dkt. No. 1102 (capitalization in original).  In his motion, Mr. McGee explicitly stated that his appearance was "for the limited purpose of challenging the adequacy of the service of process and the resulting default judgment."  *See* Dkt No. 1102 at 1, ¶¶1, 3.  Gilead did not challenge Mr. McGee's *pro hac vice* motion.  The Court granted Mr. McGee's *pro hac vice* motion. *See* Text Order dated June 2, 2023.

Mr. McGee subsequently moved for vacatur of the default judgment entered against Mr. Levitan.  *See* Dkt. Nos. 1150, 1159, 1164.  On August 10, 2023, the Court denied Mr. McGee's motion for vacatur without prejudice, finding that, "[a]mong other things, [Mr.] Levitan's letter briefs do not address the full standard for vacatur of entry of default, including (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to Plaintiffs."  Dkt. No. 1169 (citations omitted).  The Court also could not discern "whether service pursuant to Judge Donnelly's alternative service order was proper under either Rule 4(e)(1) or 4(f)(3)."  *Id.*

On October 10, 2023, the Court held a hearing to further address Mr. Levitan's motion for vacatur.  *See* Transcript at Dkt. No. 1205.  At the October 10, 2023 hearing, Mr. McGee acknowledged that "at some point, [Mr. Levitan] is going to have to answer the complaint and do the paperwork and go forward with the litigation."  *Id.* at 5.  Mr. McGee noted, however, that Mr. Levitan's "problem" is that he has difficulties engaging counsel to represent him through discovery and trial in the present litigation.  *Id.* at 5-7 (describing difficulties in detail).  Mr. McGee asked that the Court provide Mr. Levitan with sufficient time to hire a lawyer "given these unique circumstances" while he "proceeds with [their] challenge to the service."  *Id.* at 7.  Mr. McGee

reiterated that he is "engaged" in the litigation "solely for the limited purpose of challenging the default," adding that he is not trial counsel [and] couldn't be trial counsel." *Id.* On October 11, 2023, Mr. McGee filed a letter advising the Court that Mr. Levitan "will accept the Court's [discovery] proposal." Dkt. No. 1201. Again, Mr. McGee reminded the Court that he "will not be trial counsel in this case [but is] authorized to accept service on behalf of Mr. Levitan." *Id.*

On October 12, 2023, Gilead sought clarification from the Court regarding Mr. McGee's arrangement with Mr. Levitan. *See* Dkt. No. 1203 at 1.

On October 24, 2023, Gilead filed the instant Motion to Compel requesting that the Court (1) order Mr. McGee to accept service of discovery directed to Mr. Levitan; (2) admonish both Mr. McGee and Mr. Levitan for Mr. Levitan's purported failure to comply with Court-ordered deadlines; and (3) not permit Mr. McGee to be relieved unless and until new counsel replaces him as counsel of record for all purposes and with full authority to bind Mr. Levitan to the Court's orders. *See* Dkt. No. 1207 at 3. Gilead requested in the alternative that, given "[Mr.] Levitan's and his counsel's continued refusal to participate in this case," the October 28, 2022 Entry of Default (Dkt. No. 839) against Mr. Levitan should be reinstated immediately.

On October 31, 2023, Mr. McGee filed his opposition to Gilead's Motion to Compel. Dkt. No. 1209. Mr. McGee noted, in part, that Gilead is "seeking to force undersigned counsel to undertake the defense of a complex case in circumstances where he has not been retained by the client to do so" although he "sought and obtained the Court's permission to make a limited appearance." *Id.* at 2.

On November 14, 2023, Mr. McGee filed a letter noting that Mr. Levitan had filed for bankruptcy. *See* Dkt. No. 1217.

On December 1, 2023, a discovery hearing was held.  *See* Dkt. No. 1236.  The Court deferred ruling on the Motion to Compel, as Mr. McGee did not appear at the hearing.  The Court ordered Mr. McGee to "file a letter on the docket by December 8, 2023 (i) explaining why there was no appearance by counsel at the discovery hearing and (ii) clarifying the effect of the [November 14, 2023] Notice of Filing Bankruptcy on their representation of John Levitan."

On December 6, 2023, Mr. McGee filed a letter in response to the Court's December 1, 2023 Order.  *See* Dkt. No. 1237.  In his December 6, 2023 letter, Mr. McGee explained that he did not participate in the December 1, 2023 hearing because he "was not aware of the existence of the hearing or that [his] attendance was requested."  Dkt. No. 1237.  Mr. McGee reiterated that his "appearance in the case was for the limited purpose of challenging the clerk's default which had been entered in the case."  *Id.*  Mr. McGee also believed that, "[p]ursuant to Section 362 of Title 11 of the United States Code, the filing of a notice of bankruptcy creates an automatic stay which applies to 'almost any type of formal or informal action taken against a debtor or the property of the debtor's estate.'"  *Id.*  (quoting *In re Fogarty*, 39 F.4th 62, 71 (2d Cir. 2022)).

## Discussion

At this stage, an entry of default judgment against Mr. Levitan is, at best, premature.  The Court has been apprised of bankruptcy proceedings begun by Mr. Levitan in the United States Bankruptcy Court for the Southern District of Florida and the imposition of an automatic stay in Mr. Levitan's favor.  *See* Dkt. Nos. 1217, 1237.  In light of the concurrent bankruptcy proceeding, the Court declines to consider an Entry of Default against Levitan at this time.

Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition automatically stays the commencement or continuation of judicial proceedings against the debtor.  *See Eastern Refractories Co. Inc., v. Forty Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d Cir.1998); *see also*

*In re Fogarty*, 39 F. 4th at 71.  The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws, designed to relieve the financial pressures that drove debtors into bankruptcy."  *Eastern Refractories Co.*, 157 F.3d 169 at 172.  The automatic stay "provides the debtor with a breathing spell from his creditors" and "allows the bankruptcy court to centralize all disputes concerning property of the debtor's estate in the bankruptcy court so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas."  *U.S. ex rel. Fullington v. Parkway Hosp., Inc.*, 351 B.R. 280, 282 (E.D.N.Y. 2006) (quoting *Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.*), 922 F.2d 984, 989 (2d Cir.1990)).

The purpose of the stay is also "to protect creditors[,] by avoiding a rush to the courthouse for first access to a potentially limited pool of debtor assets.  *Trustees of Plumbers Loc. Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holiday Fund, Trade Educ. Fund, 401(k) Sav. Plan v. ENOBRAC Plumbing Inc.*, No. 17-CV-2846, 2018 WL 3635049, at \*13 (E.D.N.Y. Feb. 12, 2018) (Bulsara, J.) (quoting *Ostando Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986)) (quotations in original).  The stay is imposed by statute; it is effective automatically upon the filing of the bankruptcy petition, and no court order is required. *Id.* at 14; *see also In re Colonial Realty Co.*, 980 F.2d 125, 137 (2d Cir. 1992).

Mr. Levitan has provided the Court with notice of the filing of a bankruptcy petition.  Dkt. No. 1217.  Mr. Levitan has also supplemented this notice with a copy of the voluntary petition filed in the U.S. Bankruptcy Court for the Southern District of Florida.  Dkt. No. 1237, Ex. 3.  In light of this representation, an automatic stay is now in effect in this litigation as to Mr. Levitan pursuant to 11 U.S.C. § 362(a)(1).  Gilead's request that the Court reinstate the October 28, 2022 Entry of Default (Dkt. No. 839) against Mr. Levitan is therefore denied.  *See, e.g., Maolin Li v. Prodigy Network LLC*, No. 21-CV-1117, 2021 WL 2037803, at \*3 (S.D.N.Y. May 21, 2021)

(McMahon, J.) (staying proceedings in the fact of the automatic stay as the court "lacks authority to rule on the motion for a default judgment").

Next, Gilead advances two arguments in favor of an order directing Mr. McGee to accept service of discovery and compelling Mr. McGee to remain counsel of record. Each of these arguments fail.

First, Gilead argues that "the Local Rules do not allow counsel who have appeared for a party to cabin their representation." Dkt. No. 1207 at 1. Gilead's reliance on Local Civil Rule 1.4 is unavailing. Local Civil Rule 1.4 reads in full:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

*See* Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 1.4"). Contrary to Gilead's assertion (Dkt. No. 1207 at 1), Local Civil Rule 1.4 does not stand as a prohibition on limited scope representations. Rather, Rule 1.4 merely notes that both a motion to withdraw and subsequent leave of Court are required once counsel has appeared as counsel of record. Indeed, there is a rich history and practice of limited scope representation in this Circuit for various stages of litigation, including in connection with settlement (*see Villar v. City of New York,* 540 F. Supp. 3d 437 (S.D.N.Y. 2021) (Rakoff, J.)) and with objecting to a report and recommendation (*see, e.g., Solomon v. Siemens Indus., Inc.,* No. 11-CV-1321, 2013 WL 5728252, at *4-5 (E.D.N.Y. Oct. 22, 2013) (Irizarry, J.)).

*See e.g., Martin v. Giordano*, No. 11-CV-4507, 2016 WL 4411401, at \*7 (E.D.N.Y. Aug. 18, 2016) (Ross. J.); *In re Ortiz*, 496 B.R. 144, 148 (Bankr. S.D.N.Y. 2013) (Morris, J.).

Indeed, both the Model Rules of Professional Conduct and the New York Rules of Professional Conduct acknowledge the validity of limited scope representations.  *See, e.g.*, A.B.A. Model Rules of Prof'l Conduct, R. 1.2(c) ("A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent."); N.Y. Rules of Prof'l Conduct, R. 1.2(c) ("A lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances, the client gives informed consent and where necessary notice is provided to the tribunal and/or opposing counsel."); *see Villar*, 2023 WL 5728252 at \*441.  The Court is therefore not convinced by Gilead's argument that the Local Civil Rules do not allow counsel to "cabin their representation" or enter limited scope representations for the Court's review and approval.

Second, Gilead argues that Mr. McGee—and his client—have engaged in "gamesmanship" for "fourteen months, since August 18, 2022."  Dkt. No. 1207 at 1.  Gilead proffers that "there can be no doubt Mr. McGee has represented [Mr. Levitan] the entire time." *Id.* (citing Dkt. No. 1159, at 2).  The Court disagrees.  The Court is not aware of—nor does Gilead offer—information regarding the scope of Mr. McGee's representation of Mr. Levitan prior to May 30, 2023. *See* Dkt. 1102.  Indeed, based on Gilead's own submission, Gilead's first interaction with Mr. McGee concerned the purported service of Mr. Levitan (Dkt. No. 1159 at 2)—the very issue that Mr. McGee appeared in this Court to challenge.  *See* Dkt. Nos. 1102, 1113.

Further, Gilead argues that "the Court (and Gilead) never acquiesced to [the] limitation on Mr. McGee's representation."  Dkt. No. 1207 at 2.  The Court again disagrees.  In failing to challenge Mr. McGee's *pro hac vice* application to obtain a clarifying ruling, Gilead effectively

acquiesced to this limitation on McGee's representation.  Gilead did not challenge Mr. McGee's

arrangement with Mr. Levitan until its submission of a letter dated October 12, 2023 "seeking

clarification of the Court's" October 12, 2023 Text Order.  *See* Dkt. No. 1203 at 1.  The Court, in

responding to Gilead's request, clarified that the Order (i) vacated the entry of default against Mr.

Levitan, (ii) required Mr. Levitan to comply with asset freeze disclosures by November 11, 2023,

(iii) required Mr. Levitan to appear for a deposition by November 25, 2023, and (iv) required Mr.

Levitan to file an answer by December 11, 2023.  *See* Text Order dated October 16, 2023.  The

Court did not address relieving Mr. McGee of further obligations.

Mr. McGee, in contrast, has repeatedly reminded the Court of his limited scope

representation.  *See, e.g.*, Dkt. Nos. 1102, 1113, 1201, 1209, 1237; *see also* Transcript at Dkt. No.

1205 at 5-7.  Further, as Mr. McGee noted in his December 6, 2023 letter (Dkt. No. 1237), Mr.

McGee's obligations vis-à-vis Mr. Levitan effectively ended "when the Court vacated the default."

*Compare* Dkt. No. 1237 at 1 *with* Dkt. No. 1102 at ¶3.  Therefore, the Court finds that Gilead's

objection to the scope of Mr. McGee's representation of Mr. Levitan unavailing.

Finally, the Court declines to admonish Mr. Levitan and threaten the issuance of case-

ending sanctions for the reasons stated herein.  The Court, however, does not agree with Mr.

McGee's proffered rationale for his failure to appear at the December 1, 2023 hearing.  Contrary

to Mr. McGee's assertion that he "was not aware of the existence" of the December 1, 2023 hearing

(Dkt. No. 1237), Mr. McGee was—and remains—on the docket as counsel for Mr. Levitan until a

motion to withdraw is granted.  Thus, he must comply with all court orders until the Court grants

his motion to withdraw.

**Conclusion**

As set forth above, it is hereby **ORDERED** that Gilead's Motion to Compel is **DENIED**.

**IT IS FURTHER ORDERED** that:

(1) Gilead's request that the Court reinstate a default judgment against Mr. Levitan is **DENIED, without prejudice,** due to, *inter alia*, the automatic stay describe above;

(2) Mr. McGee shall file a motion to withdraw, consistent with Local Civil Rule 1.4, no later than **December 22, 2023**; and

(3) Gilead shall notify the Court as to the status of Mr. Levitan's bankruptcy proceeding no later than **March 1, 2024**.

    **SO ORDERED.**

Dated:       Brooklyn, New York
             December 7, 2023

                                */s/ Joseph A. Marutollo*
                                JOSEPH A. MARUTOLLO
                                United States Magistrate Judge