

www.pbwt.com

January 3, 2024

Timothy A. Waters
Partner
(212) 336-7601
twaters@pbwt.com

**By ECF**

Hon. Joseph A. Marutollo, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>*Gilead, et al. v. Safe Chain, et al.*</u>, No. 21-cv-4106 (AMD) (JAM)

Dear Judge Marutollo:

Pursuant to Your Honor's January 2, 2024 eOrder, Plaintiffs ("Gilead") hereby responds to Safe Chain's letter of January 2, 2024 (Dkt. No. 1255). Safe Chain's letter deliberately mischaracterizes the record, which Gilead corrects below. Gilead certainly has no objection to arguing these or any other motions during the January 5, 2024 conference.

    **I.**    **Safe Chain's Motion to Compel (Dkt. Nos. 1252, 1253)**

Gilead and Safe Chain met and conferred regarding Safe Chain's request to depose Lori Mayall on December 4, 2023. On December 8, Safe Chain provided Gilead with a draft letter-motion to compel Ms. Mayall's deposition and asked Gilead to provide its response by December 15. On December 11, Safe Chain provided a revised version of its motion based on additional documents produced by Gilead. Safe Chain still sought a response by December 15.

Gilead **duly responded to Safe Chain's draft letter-motion to compel on December 15, the date Safe Chain requested**. But to Gilead's surprise, Safe Chain did not proceed to file that fully briefed letter-motion that day. Instead, Safe Chain did nothing and said nothing. After 2:00 p.m. on December 18, Gilead wrote to Safe Chain, asking why Safe Chain had not yet filed the joint letter-motion despite demanding that Gilead respond by the 15th.

Over an hour later, at 3:36 p.m. on December 18, Safe Chain wrote back with a *different* draft letter-motion, explaining that it had once again gone back and "revised" its motion. These "revisions" included altering Safe Chain's original arguments to which Gilead had already responded and also included adding a brand-new (and, in Gilead's view, frivolous) argument that Gilead had waived the attorney-client privilege—obviously a serious issue, and one about which the parties had never conferred. Having spent the three days "revising" their letter-motion after receiving Gilead's opposition, Safe Chain asked Gilead to "revise [its] letter in light of [Safe Chain's] revision[s] . . . by the end of the day tomorrow," i.e., by December 19.

Gilead immediately wrote back and objected to this abuse of Your Honor's joint letter-writing process, and declined to engage in a series of post-hoc "revisions" to a fully-briefed joint letter. Gilead told Safe Chain that if it intended to proceed in this manner, it was welcome to file

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

Hon. Joseph A. Marutollo
January 3, 2024
Page 2

its own letter, in accordance with Your Honor's rules, and Gilead would respond in due course. Safe Chain declined to do so.

Instead, at about 2:00 p.m. on December 21, Safe Chain again provided Gilead with yet *another* revised letter-motion to compel Ms. Mayall's deposition, and sought Gilead's response by December 29. In this correspondence, Safe Chain did **not** cite Your Honor's minute entry of December 1, or state that it wanted this latest version of the letter to be briefed so it could be heard at the January 5 conference. Rather, Safe Chain simply said it wanted a response by December 29 "given the upcoming holidays."

Gilead wrote back the next day, reminding Safe Chain—as Gilead had previously stated to Safe Chain and on the record—that Gilead would be completely closed beginning the evening of December 22, and would not reopen until January 2. Additionally, Ms. Mayall, the in-house lawyer directing this litigation and the subject of Safe Chain's motion, was on a long-planned family vacation without internet access during that time. Given that Safe Chain served its motion the afternoon of December 21, Gilead stated it would need until January 2 to respond, so that Ms. Mayall could review the submission when she returned from vacation that day.

## II.     Safe Chain's Motion to Extend Fact Discovery (Dkt. No. 1254)

On December 18, 2023, Safe Chain sought for the first time to meet and confer with Gilead regarding a "limited" extension of the fact discovery deadline. Gilead made itself available for a call the following day, on December 19, and offered various compromise solutions that would allow Safe Chain to take certain limited discovery as long as it was completed by the end of January, which Safe Chain agreed to consider.

On December 21 at 2:00 p.m., Safe Chain, **for the first time**, stated in an email that is now requesting not the "limited" discovery extension that the parties had conferred about, but rather a 60-day extension of fact discovery without any limitation on the scope or type of discovery that could be served. The parties had never conferred regarding this new request, and Safe Chain did not request to do so. Rather, Safe Chain only sought Gilead's consent.

On December 22 at 1:00 p.m., Gilead responded that it would not consent to the extension, and stated that if Safe Chain intended to file a joint letter on the issue, Gilead would need until January 2 to serve its response in light of the Christmas holiday and Gilead's imminent week-long closure.

Three hours later, at 4:00 p.m. on December 22, Safe Chain responded to Gilead's email by attaching a draft of its letter-motion. In its email serving the motion, Safe Chain did **not** object to Gilead's request to submit its response until January 2. Moreover, Safe Chain did not indicate that it wished its motion to be included in the December 29 joint letter, or state that it wanted a response more quickly than January 2.

Hon. Joseph A. Marutollo
January 3, 2024
Page 3

### III. The Parties' December 29, 2023 Joint Letter (Dkt. No. 1251)

As has been its practice for nearly a year, on December 22, 2023 Gilead served all counsel with a draft proposed joint status letter to be filed a week before the January 5 conference with Your Honor—i.e., by December 29—and requested responses by December 27.[1] And as has been its practice for nearly a year, every substantive issue Gilead raised in its draft had already been raised with Your Honor at the prior conference. Thus, the entirety of this proposed joint letter related to the issue of certain defendants having once again failed to respond to Gilead's discovery demands and failed to meet the Court's "last chance" deadlines set at the prior conference. Those defendants had been on notice of their specific obligations since **at least December 1, 2023**. Gilead's proposed joint letter had nothing to do with Safe Chain. Regrettably but unsurprisingly, all of the defendants who were the subject of Gilead's proposed joint letter offered no response (including no requests for additional time to respond).

At 8:00 p.m. on December 22, despite being aware that Gilead was at that point now closed until January 2, Safe Chain nevertheless seized upon Gilead's draft proposed joint status letter as an excuse to demand, **for the first time**, that its two letter-motions be included in the December 29 submission. Safe Chain had at all times previously expressed its intent to file its two motions (to compel Ms. Mayall's deposition and to extend discovery) as separate standalone joint letters, and was aware the earliest such letters could be filed was January 2. Indeed, Safe Chain had not previously served its motions on any other defendant, and does not appear to have previously discussed its proposed fact discovery extension with any other defendant either.

Given the obviously different circumstances between the proposed joint status letter and Safe Chain's two letter-motions, and because Gilead had already explained to Safe Chain, without objection, why it needed until January 2 to respond to Safe Chain's motions, Gilead declined Safe Chain's request to include its letter-motions in the joint status letter.

### IV. The January 5, 2024 Discovery Conference

As noted, Safe Chain never previously referenced the Court's December 1 order, or expressed interest or concern that its motion be heard at the January 5 conference. Thus, its accusation that Gilead engaged in "strategic delay" is both wrong and disingenuous, especially given Safe Chain's own gamesmanship with the joint letter process. That said, Gilead is prepared—and would be more than happy to address—both of Safe Chain's letter motions at the January 5 conference, or at any other time set by the Court.

---

[1] Historically, in accordance with Magistrate Judge Reyes's directive from the February 23, 2023 status conference, Gilead has provided a draft proposed joint status letter to all counsel at least ten days before the next status conference, giving opposing counsel three days to respond before the letter was to be filed a week prior to the conference. This time, because of the holidays, Gilead provided its draft on December 22, seven days prior to it being due on December 29.

Hon. Joseph A. Marutollo
January 3, 2024
Page 4

Respectfully submitted,

*/s/ Timothy A. Waters*

Timothy A. Waters

cc: All counsel of record (via ECF)