UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GILEAD SCIENCES, INC., GILEAD SCIENCES
IRELAND UC, and GILEAD SCIENCES LLC,

                      Plaintiffs,

     -against-

SAFE CHAIN SOLUTIONS LLC, *et al.*,

                      Defendants.
------------------------------------------------------------------x

**MEMORANDUM & OPINION**

21-CV-4106
(Donnelly, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Defendants Safe Chain Solutions, LLC, Charles Boyd, and Patrick Boyd (collectively, "Safe Chain") have filed motions requesting that the Court (1) extend "the fact discovery deadline for the limited purposes of allowing Safe Chain (or other defendants) to take discovery related to some of Plaintiff's [Gilead Sciences, LLC, Gilead Sciences Ireland UC, and Gilead Sciences LLC's (collectively, "Gilead")] late-disclosed witnesses" (Dkt. No. 1254) ("Safe Chain's Motion to Extend Fact Discovery"); and (2) enter an order compelling Gilead to "produce documents, information, and testimony regarding its investigation into whether Gilead's largest authorized distributor, McKesson, sold adulterated bottles of BIKTARVY containing foreign pills" (Dkt. Nos. 1252 and 1259) ("Safe Chain's Motion to Compel").[1]

Following oral argument on January 5, 2024, and for the reasons set forth below, the Court **GRANTS** Safe Chain's Motion to Extend Fact Discovery [Dkt. No. 1254] and **DENIES** Safe Chain's Motion to Compel [Dkt. Nos. 1252, 1259].

---

[1] The Court assumes the parties' familiarity with the factual and procedural background of this case and the applicable motions.

I.  **The Court grants Safe Chain's Motion to Extend Fact Discovery**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), a party is required to provide to the other parties to an action "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." A party "who has made a disclosure under Rule 26(a) [] must supplement" its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

"Discovery is not a matter of gamesmanship nor conducted like a game of chess." *Russell v. Aid to Developmentally Disabled, Inc.*, No. 12-CV-0389 (LDH) (AKT), 2016 WL 11735374, at *5 (E.D.N.Y. Mar. 31, 2016) (citing *Phelan v. Cambell*, No. 10-CV-540, 2012 WL 407161, at *2 (N.D.N.Y. Jan. 19, 2012), *report and recommendation adopted*, 2012 WL 407147 (N.D.N.Y. Feb. 8, 2012), *aff'd*, 507 F. App'x 14 (2d Cir. 2013)). "Rather, the over-arching purpose of the discovery rules is to 'encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field' for both parties to the litigation." *Russell*, 2016 WL 11735374, at *5 (citing *United States v. Smith*, 985 F. Supp. 2d 506, 520 (S.D.N.Y. 2013)).

Here, Gilead served its First Amended Initial Disclosures on December 15, 2023—14 days before the close of fact discovery.[2]  *See* Dkt. No. 1254-4.  As described by Safe Chain, Gilead's First Amended Initial Disclosures include "(a) 1 new Gilead employee; (b) 6 new Gilead-authorized distributors; (c) 84 parties, all of whom have been in this case since at least May 3; (d) 21 other nonparties; (e) 7 common carriers; and (f) more than 100 financial institutions," as well as new witnesses from Cesar Castillo LLC and AmerisourceBergen Corp.  *See* Dkt. No. 1254 at 1-2.  These individuals are listed in Gilead's First Amended Initial Disclosures under a section titled "Rule 26(a)(1)(A)(i)," followed by a recitation of that rule ("[t]he name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Dkt. No. 1254-4.

Safe Chain does not seek to preclude these new witnesses from testifying at trial; rather, "Safe Chain seeks the less drastic remedy of extending discovery to cure any prejudice from the belated disclosures."  Dkt. No. 1254 at 2-3 (citations omitted).  Specifically, Safe Chain seeks a 60-day extension of fact discovery and "only anticipates subpoenaing documents from and deposing the 9 newly named distributors and PRX Pharmacy."  *Id.* at 3.  Safe Chain seeks leave to exceed Fed. R. Civ. P. 30(a)(2)(A)(i)'s 10-deposition-per-side limit to conduct the requested

---

[2] On December 9, 2023, the Court granted in part and denied in part Safe Chain's motion seeking to compel Gilead to respond to interrogatories and document requests and also produce witnesses for depositions in connection with a purported wide-ranging scheme alleged by Gilead in the matter styled *Gilead Sciences, Inc. v. AJC Medical Group, Inc.*, No. 1:20-cv-24523 (S.D. Fla.) (Cannon, J.) ("the Florida Scheme").  *See* Dkt. No. 1242.  In its December 9, 2023 Memorandum and Opinion, the Court, *inter alia*, maintained the December 29, 2023 fact discovery deadline, with one exception: Safe Chain was permitted to conduct discovery related to the Florida Scheme by no later than January 31, 2024.  *See* Dkt. No. 1242.

3

depositions. *Id.* at 3.³ Safe Chain "also seeks leave to conduct further discovery warranted by what it learns from those documents and depositions." *Id.*

Gilead objects to Safe Chain's request to extend the fact discovery deadline. *See* Dkt. No. 1254 at 4-6. Gilead argues that Safe Chain has known about the newly-identified witnesses for over two years. *See id.* Gilead also argues that because Safe Chain allegedly bought exclusively from "the Black Market," the "[s]anctity of Gilead's supply chain" is therefore not at issue. *See id.* Further, Gilead contends that additional discovery about Gilead's authorized distributors is of no relevance to Gilead's claims or Safe Chain's defenses; in Gilead's view, "[i]ts only theoretical relevance is to Safe Chain's frivolous counter claims," where discovery is currently stayed. *Id.* at 6.

Despite Gilead's arguments to the contrary, Safe Chain's motion presents a straightforward question: whether a party may obtain an extension of the discovery deadline when an opposing party has waited until the proverbial "eleventh hour" to identify new witnesses that the opposing party may use to support its claims or defenses. The answer is yes.

Gilead identified new witnesses that they "may use to support its claims or defenses" under Fed. R. Civ. P. 26(a)(1)(A)(i) only two weeks before the close of fact discovery. Safe Chain seeks additional time to take discovery related to these new witnesses. One of the Court's "goals, in carrying out its discovery oversight responsibilities, has been to ensure a level playing field for both sides." *In re Symbol Techs., Inc. Sec. Litig.*, No. 05-CV-3923 (DRH) (AKT), 2017 WL 1233842, at *18 (E.D.N.Y. Mar. 31, 2017). To that end, Safe Chain, along with other defendants, must be permitted an opportunity to conduct discovery related to these newly-identified individuals. Rather than leave the door open for a motion to preclude these witnesses (either now

---

³ Safe Chain notes that Gilead has taken 32 depositions during fact discovery thus far, while defendants have collectively taken five depositions, with one more scheduled for early January. *See* Dkt. No. 1254.

or at trial) or other unnecessary motion practice, it is both prudent and just to re-open fact discovery for an additional 60 days to allow Defendants to take discovery related to these newly-identified witnesses.

Gilead argues that Safe Chain has known about the newly-identified witnesses for years. But this argument misses the mark. Safe Chain did not know that Gilead may use these witnesses to support its claims or defenses until December 15, 2023, the date that they were included in Gilead's First Amended Initial Disclosures. *See* Dkt. No. 1254-4. The fact that Safe Chain may have been generally aware of these individuals or entities does not excuse Gilead's eleventh-hour disclosure. *Cf. Rella v. Westchester BMW, Inc.*, No. 16-CV-916 (AEK), 2022 WL 1711695, at *2 (S.D.N.Y. May 27, 2022) ("The fact that certain potential witnesses are mentioned in a deposition does not absolve a party of its obligation to make the disclosures that are required by Rule 26(a)(1)(A)(i), or to supplement those disclosures as required by Rule 26(e). If mere mention of a name in a deposition were sufficient to constitute notice about a potential trial witness to an opposing party, the Rule 26(a)(1)(A)(i) disclosure requirements would be rendered virtually meaningless, and parties would constantly be left guessing about which witnesses they should depose in advance of trial."); *see also Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 73 (E.D.N.Y. 2012) ("[T]o satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial.").

Accordingly, the Court extends the fact discovery deadline until March 8, 2024—sixty days from the date of this order—for the limited purposes of permitting Safe Chain or other defendants to take discovery related to any newly-identified witnesses in Gilead's First Amended Initial Disclosures.[4]

---

[4] The Court notes that Safe Chain's deadline to engage in discovery related to the Florida Scheme remains January 31, 2024. *See* Dkt. No. 1242.

The Court will also permit Safe Chain to exceed Fed. R. Civ. P. 30(a)(2)(A)(i)'s 10-deposition-per-side limit to conduct the requested depositions of the newly-identified witnesses.[5] *See Raba v. Suozzi*, No. cv-061109 (DRH) (AKT), 2006 WL 8435603, at *1 (E.D.N.Y. Nov. 17, 2006) (citing Fed. R. Civ. P. 30(a)(2)(A)) ("Absent an agreement among the parties, a party must obtain leave of the court before taking any additional depositions" beyond ten.).  While "courts have generally insisted that the movant exhaust the allowable ten [depositions] first" before seeking permission to take additional depositions beyond ten, the exigency in completing fact discovery within the next 60 day is paramount and excuses the need to wait.  *See C.K. through P.K. v. McDonald*, No. 22-CV-1791 (NJC) (JMW), 2023 WL 8622659, at *3 (E.D.N.Y. Dec. 13, 2023).

Indeed, the Court emphasizes that, absent *truly extraordinary circumstances*, the March 8, 2024 fact discovery deadline will not be extended any further.  While recognizing that Safe Chain "also seeks leave to conduct further discovery warranted by what it learns from those documents and depositions" (Dkt. No. 1254 at 3), all fact discovery related to these newly-identified individuals must be completed within the next 60 days.  In its motion, Safe Chain notes that it believes "that the first half of January is enough time to subpoena additional non-parties for documents and then take depositions."  Dkt. No. 1254 at 3.  Safe Chain reiterated that view at the January 5, 2024 conference, noting that they would proceed expeditiously following the Court's ruling.  In short, there is no reason for the fact discovery deadline to be extended beyond March 8, 2024.

---

[5] Gilead, of course, can amend its Fed. R. Civ. P. 26(a)(1)(A)(i) disclosures again, and may choose to do so.  Gilead may decide that it no longer intends to identify new witnesses that it may use to support its claims or defenses—thereby obviating the need for certain depositions.

6

## II.      The Court denies Safe Chain's Motion to Compel

Safe Chain moves to compel Gilead to "produce documents, information, and testimony regarding its investigation into whether Gilead's largest authorized distributor, McKesson, sold adulterated bottles of BIKTARVY containing foreign pills." Dkt. No. 1252, 1259.  In connection with this request, Safe Chain seeks to depose Ms. Lori Mayall, whom Gilead describes as "the senior Gilead in-house lawyer who has directed this litigation since its inception and has been the primary point of contact with Gilead's outside litigation counsel." Dkt. No. 1252 at 4.  Safe Chain seeks relevant facts about Ms. Mayall's communications with McKesson regarding whether McKesson allegedly sold adulterated bottles of BIKTARVY, as well as the non-legal aspects of her job, including her development and application of Gilead's policies and conduct concerning anti-counterfeiting.  Safe Chain points to documents produced by Gilead related to a Florida pharmacy, PRX, that purportedly sold "three bottles of BIKTARVY that were reportedly purchased from McKesson containing foreign tablets . . . ." Dkt. No. 1252 at 2.

Fed. R. Civ. P. 26 permits discovery of information relevant to the claims and defenses and proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).  Fed. R. Civ. P. 26 sets forth the parameters for reviewing proportionality, namely "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendments ("The present amendment restores the proportionality factors to their original place in defining the scope of discovery."); *Huayuan Chen v. Stony Brook Univ.*, No. 15-CV-6698 (JMA) (AYS), 2018 WL 1368031, at *5 (E.D.N.Y. Mar. 16, 2018).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088 (RMB) (HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). "As Rule 26 itself states, '[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable.'" *Morant v. City of New Haven*, No. 3:22-CV-630 (CSH), 2023 WL 4247610, at *7 (D. Conn. June 28, 2023) (citing Fed. R. Civ. P. 26(b)(1)); *see also Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable").

"[P]ermissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *White v. Cnty. of Suffolk*, No. 20-CV-1501 (JS) (JMW), 2022 WL 1154839, at *2-3 (E.D.N.Y. Apr. 19, 2022) ((citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). "That is, the more relevant the information sought is, the less likely a Court would find the subject discovery disproportionate." *White*, 2022 WL 1154839, at *2. "[W]hile the scope of discovery is 'broad,' it is not 'limitless.'" *Holloway v. City of New York*, No. 21-CV-3858 (AMD) (CMP), 2023 WL 6614599, at *8 (E.D.N.Y. Sept. 28, 2023). "The party seeking discovery must show that it is not engaging in merely a fishing expedition." *Id.* (citations omitted). And "[i]t is beyond peradventure that "[m]otions to compel are left to the court's sound discretion." *C.K. through P.K.*, 2023 WL 8622659, at *3.

Here, Safe Chain has not established why the requested discovery is proportionate to the needs of this case. As an initial matter, and as Gilead points out, "Gilead has already provided Safe Chain with discovery on the actual topic at issue—its investigation into a third-party Florida

8

pharmacy, PRX Pharmacy [], that reported dispensing bottles of Gilead-branded medication with the wrong pills inside." Dkt. No. 1252 at 4. Gilead notes that "Safe Chain has already obtained testimony from three Gilead deponents regarding its investigation of PRX." *Id.* First, on December 12, 2023, Safe Chain addressed the investigation issue during the deposition of Mr. Clifford Won, the Gilead employee who first contacted PRX. *See id.* Safe Chain next addressed this issue on December 15, 2023, when Safe Chain deposed Ms. Susmitha Sunkara, Gilead's Head of Global Product Complaints, and senior director within Gilead's Quality Assurance department, who was personally involved in Gilead's internal investigation of PRX's complaints; Mrs. Sunkara was deposed in her individual capacity and as a Fed. R. Civ. P. 30(b)(6) witness. Safe Chain again addressed this issue during its December 20, 2023 deposition of Ms. Harpreet Dhanota, a director in Gilead's anti-counterfeiting department, and Head of Global Investigations, was responsible for Gilead's external investigation of PRX's complaints. Ms. Dhanota was also deposed in her individual capacity and as a Fed. R. Civ. P. 30(b)(6) witness.[6]

Significantly, Safe Chain has not established why deposing Ms. Mayall is proportionate to the needs of this case, particularly since, "[i]n the Second Circuit, "depositions of opposing counsel are disfavored." *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) (quoting *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991)). "The rationale behind the presumption against such discovery is that 'even a deposition of counsel limited to relevant and nonprivileged information risks disrupting the attorney-client relationship and impeding the litigation.'" *Sea Tow Int'l Inc.*, 246 F.R.D. at 424 (citation omitted). While a deposition of an opposing counsel is not categorically prohibited, "the request to depose a party's attorney must be weighed by balancing, generally speaking, the necessity for such discovery in the circumstances

---

[6] Safe Chain also has not established that Gilead has waived the attorney-client privilege as to its PRX investigation during Ms. Dhanota's deposition.

9

of the case against its potential to oppress the adverse party and to burden the adversary process itself." *Resqnet.Com, Inc. v. Lansa, Inc.*, No. 01-CV-3578 (RWS), 2004 WL 1627170, at *2 (S.D.N.Y. Jul. 21, 2004).

When assessing whether a deposition of opposing counsel is appropriate, dicta from *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003) is instructive. "[T]he judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id.* at 72. "Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id.* As the Second Circuit noted, "the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered." *Id.*

As noted above, Gilead has already produced testimony related to the issue at bar. Gilead is also, per Part I above, now permitted to depose PRX's pharmacy director. *Cf.* Dkt. No. 1254 at 3. Moreover, "the actual procedure for the attorney deposition 'carr[ies] the substantial potential of spawning litigation over collateral issues related to assertion of privilege, scope, and relevancy, that only end up imposing additional pretrial delays and costs on both parties and burdens on the courts to resolve work-product and privilege objections.'" *In re Hoosick Falls PFOA Cases*, No. 119-MC-0018 (LEK) (DJS), 2023 WL 1858081, at *2 (N.D.N.Y. Feb. 9, 2023) (citing *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 382 (D.D.C. 2011)). Where, as here, the issues of privilege would likely need to be addressed on a question-by-question basis, "[i]t seems likely that the only way to manage this deposition would entail this Court

10

attending the proceeding in person and issuing rulings on most questions which the Court believes would be a significant burden on all involved." *In re Hoosick Falls PFOA Cases*, 2023 WL 1858081, at *2. There is simply no basis to engage in such an unnecessary exercise based on the arguments presented.

### III. Conclusion

Therefore, for the reasons set forth above, the Court **GRANTS** Safe Chain's Motion to Extend Fact Discovery [Dkt. No. 1254]. The fact discovery deadline is extended until March 8, 2024 for the limited purposes of permitting Safe Chain or other defendants to take discovery related to any newly-identified witnesses in Gilead's First Amended Initial Disclosures. No further extensions of the fact discovery deadline will be granted absent truly extraordinary circumstances.

Additionally, for the reasons set forth above, the Court **DENIES** Safe Chain's Motion to Compel [Dkt. Nos. 1252, 1259].

**IT IS FURTHER ORDERED** that the expert discovery schedule is amended as follows:

- Initial expert disclosures and reports shall be served by May 14, 2024;
- Rebuttal expert disclosures and reports shall be served by June 14, 2024; and
- All expert discovery shall be completed by July 16, 2024.

**SO ORDERED.**

Dated:   Brooklyn, New York
             January 8, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Joseph A. Marutollo*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JOSEPH A. MARUTOLLO
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge