# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

GILEAD SCIENCES, INC., *et al.*,

                Plaintiffs,

v.

SAFE CHAIN SOLUTIONS, LLC, *et al.*,

                Defendants.

Case No. 21-cv-4106-AMD-RER

---

## CONSENT JUDGMENT AND PERMANENT INJUNCTION
## AS TO CM PHARMA DEFENDANTS

On consent Plaintiffs Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Sciences, LLC (together, "Gilead") and Defendants CM Pharmaceuticals LLC, Jeffrey W. Gafnea, and Robert W. Gafnea (together, the "CM Pharma Defendants"), and pursuant to Fed. R. Civ. P. 54(b), it is hereby ORDERED, ADJUDGED, and DECREED:

1. The CM Pharma Defendants, and their predecessors, successors, agents, and assigns, or any other person in active concert and participation with them, are enjoined from importing, purchasing, selling, distributing, marketing, or otherwise using in commerce in the United States any Gilead Products (as defined below), including authentic products, or assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph.

2. The CM Pharma Defendants may not invest in, control, have any direct ownership interest in, work for, lend money to, or participate in any business that sells, manufactures, or distributes any Gilead Products (as defined below). However, nothing in this Consent Judgment

9

and Permanent Injunction shall prohibit CM Pharma from owning less than 10% of any publicly-traded company.

3.  The "Gilead Products" are defined as all products manufactured by or sold by Gilead or its subsidiaries in the United States, including but not limited to all products bearing anywhere any of the Gilead Marks (as defined below), whether on the product itself or any of its packaging.

4.  The Gilead Marks include the following:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| GILEAD | 3251595 | June 12, 2007 |
|  | 2656314 | December 3, 2002 |
| GSI | 3890252 | December 14, 2010 |
| BIKTARVY | 5344455 | November 28, 2017 |
| DESCOVY | 4876632 | December 29, 2015 |
| DESCOVY FOR PREP | 5912591 | November 19, 2019 |
| 9883 | 5467392 | May 15, 2018 |
|  | 5636131 | December 25, 2018 |
|  | 5906177 | November 12, 2019 |
|  | 5030567 | August 30, 2016 |
|  | 5154303 | March 7, 2017 |
| TRUVADA | 2915213 | December 28, 2004 |
| GENVOYA | 4797730 | August 25, 2015 |
| ATRIPLA | 3276743 | August 7, 2007 |
| RANEXA | 3094007 | May 16, 2006 |
| VOSEVI | 5259592 | August 8, 2017 |
| STRIBILD | 4263613 | December 25, 2012 |
|  | 6031751 | April 14, 2020 |
| SOVALDI | 4468665 | January 21, 2014 |
|  | 5018106 | August 9, 2016 |
| 7977 | 4585257 | August 12, 2014 |

5.  Nothing in this Consent Judgment and Permanent Injunction is or shall be construed as an admission, express or implied, by any party, including an admission of any liability, wrongdoing, or violation of law.

10

6. In addition to other remedies, including damages, for contempt of this Permanent Injunction, in the event of breach or violation of the terms of this Permanent Injunction by the CM Pharma Defendants, or their predecessors, successors, agents, and assigns, or any other person in active concert and participation with him, Gilead is entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of likelihood of success of establishing that such a breach occurred.

7. If a court of competent jurisdiction finds that any of the CM Pharma Defendants has violated the prohibitions of this Consent Judgment and Permanent Injunction, Gilead is entitled at its election to either liquidated damages of one hundred times (100x) the U.S. Wholesale Acquisition Cost ("WAC") price of the authentic product that the CM Pharma Defendants sold (individually, or on their behalf by agents, attorneys, servants, employees, successors, heirs, assigns, executors, representatives, or any other persons in active concert or participation with them in violating this Consent Judgment and Permanent Injunction) that violate this Consent Judgment and Permanent Injunction; or to Gilead's actual, statutory, and punitive damages as may be permitted by law. In any action, regardless of which measure of damages Gilead selects, Gilead shall be entitled to recover its attorneys' fees and investigatory fees for finding and demonstrating that any of the CM Pharma Defendants has violated this Consent Judgment and Permanent Injunction.

8. This Consent Judgment is entered pursuant to Fed. R. Civ. P. 58, and this action is hereby dismissed with prejudice against the CM Pharma Defendants only, without costs or attorneys' fees, save that this District Court shall retain jurisdiction over this action, including over implementation of, or disputes arising out of, this Consent Judgment or the settlement of this action with regard to the CM Pharma Defendants. A prevailing party, in addition to any award of

damages or injunctive relief, shall be entitled to an award of actual attorneys' fees in any such dispute.

DATED: January 16, 2024

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____
Geoffrey Potter
Aron Fischer
Timothy A. Waters
Thomas P. Kurland

By: _____
Jeffrey W. Gafnea
*on behalf of himself, CM Pharmaceutical LLC, and Robert W. Gafnea*

1133 Avenue of the Americas
New York, NY 10036-6710
T: 212-336-2000
F: 212-336-2222
E: gpotter@pbwt.com
   afischer@pbwt.com
   twaters@pbwt.com
   tkurland@pbwt.com

*Attorneys for Plaintiffs Gilead Sciences, Inc., et al.*

IT IS SO ORDERED

s/Ann M. Donnelly
_____
HON. ANN M. DONNELLY, U.S.D.J.

Dated: January 17, 2024

1