```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
GILEAD SCIENCES, INC., GILEAD SCIENCES
IRELAND UC, and GILEAD SCIENCES LLC,
                                                                          REPORT AND
                        Plaintiffs,                                       RECOMMENDATION

            -against-                                                     21-CV-4106
                                                                          (Donnelly, J.)
SAFE CHAIN SOLUTIONS LLC, et al.,                                         (Marutollo, M.J.)

                        Defendants.
----------------------------------------------------------------------x
```

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On January 19, 2024, Plaintiffs Gilead Sciences, LLC, Gilead Sciences Ireland UC, and Gilead Sciences LLC's (collectively, "Gilead") renewed their motion for case-ending sanctions against *pro se* Defendant Stephen Silverman ("Silverman"). *See* Dkt. No. 1283 ("Gilead's January 19, 2024 Motion"). For the reasons set forth below, the undersigned respectfully recommends, *sua sponte*, that the district judge grant in part and deny in part Gilead's January 19, 2024 motion. Specifically, the undersigned respectfully recommends that the District Court strike Silverman's answer; order the Clerk of Court to enter a certificate of default with respect to Silverman; and permit Gilead to move for a default judgment within 45 days of the adoption of this report and recommendation. *See Trustees of the Paper Producs, Miscellaneous Chauffers, Warehousemen & Helpers Union Local 27 Welfare Tr. Fund & Pension Fund v. J & J Int'l Logistics, Corp.*, No. 12-CV-1475 (ILG) (VMS), 2013 WL 5532710 at *3 (E.D.N.Y. Oct. 4, 2013).

I.   **Relevant Background**[1]

On September 30, 2022, Silverman filed his answer to the Fourth Amended Complaint. *See* Dkt. No. 787. Silverman's answer was subsequently deemed applicable to Gilead's two subsequent pleadings, the Fifth and Sixth Amended Complaints. *See* Dkt. Nos. 967, 1029, 1283.

On November 29, 2023, Gilead moved to compel Silverman to respond to written discovery and to appear for a deposition. *See* Dkt. No. 1231. In their motion, Gilead noted that Silverman failed to respond to Gilead's document requests and interrogatories, all of which were served on Silverman on August 7, 2023. *Id.* Gilead requested that the Court "order that all non-privilege-based objections have been waived by Silverman, that he must produce documents and serve responses and objections by December 8, 2023, and that Gilead may depose Silverman after the [then-]December 29, 2023 close of fact discovery." *Id.*

Silverman failed to appear at the December 1, 2023 status conference before the undersigned. *See generally* Transcript ("Tr.") of Discovery Conference dated Dec. 1, 2023, Dkt. No. 1236, at 49:2-3. On the same date, the Court granted in part and denied in part Gilead's November 29, 2023 motion. *See* Text Order dated Dec. 1, 2023. The Court ordered Silverman to "respond to the document requests and interrogatories served on August 7, 2023 by **December 8, 2023**." *Id.* (emphasis in original).

Silverman failed to respond to Gilead's discovery requests, thereby failing to comply with the Court's December 1, 2023 Discovery Order. Dkt. No. 1251, at 3. On December 29, 2023, Gilead sought case-ending sanctions against Silverman due to his ongoing failure to respond to written discovery requests. *Id*. On the same date, the Court ordered, *inter alia*, Silverman to respond to Gilead's motion by January 3, 2024.[2] *See* Text Order dated December 29, 2023. The

---

[1] The Court assumes the parties' familiarity with the general factual and procedural background of this case.
[2] The Court directed Gilead to serve a copy of the Court's December 29, 2023 Order on Silverman.

2

Court noted in its December 29, 2023 order "that the failure to comply with court orders may result in sanctions." *Id.*

Silverman again failed to respond to the Court's order. The Court held a status conference before the undersigned on January 5, 2024. Silverman again failed to appear. *See* Tr. of Jan. 5, 2024 Discovery Conference, Dkt. No. 1271, at 10:7-9. At the January 5, 2024 conference, Gilead stated that they believed that a number of defendants—including Silverman—had not answered the operative pleading, and so would be subject to a clerk's entry of default, which would effectively moot Gilead's motion for sanctions. *See* Dkt. No. 1283.

Following the conference, the Court ordered, *inter alia*, that "[a]s to Defendant[] [] Stephen Silverman, Gilead's request for case-ending sanctions is denied without prejudice"; but ordered Gilead to seek an entry of default against Silverman by January 19, 2024. *See* Tr. of Jan. 5, 2024 Discovery Conference, at 12:8-15; Text Order dated January 5, 2024.

On January 19, 2024, Gilead filed the instant letter motion—clarifying that Silverman had, in fact, filed an answer, as described above. *See* Dkt. No. 1283. Gilead therefore renewed their motion for case-ending sanctions against Silverman (Dkt. No. 1251) and requested an order requiring Silverman to respond to Gilead's renewed motion within one week, or else be found in default. Dkt. No. 1283. Gilead added that "[i]f Silverman again fails to respond, Gilead would seek a clerk's entry of default on the basis of the Court's order; if Mr. Silverman does respond and file an opposition, the motion will be ripe for argument and decision by the Court." *Id.*

## II. Discussion

"A court may impose a range of sanctions on a party which fails to appear at conferences or to comply with scheduling and other pretrial orders including, among other things, striking pleadings and rendering a default judgment." *Trustees of the Paper Products*, 2013 WL 5532710,

3

at *2 (citing Fed. R. Civ. P. 16(1)(A)-(C); 37(b)(2)(A)(vi)). "The court may enter a default judgment when the disobedient party has failed to comply with a court order due to willfulness, bad faith, or any fault, including gross negligence." *Trustees of the Paper Products*, 2013 WL 5532710, at *2 (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994); *Cine Forty-Second St. Theater Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)); *Allstate Ins. Co. v. Lopez*, No. 14-CV-4826 (JS) (AKT), 2016 WL 11096618, at *3 (E.D.N.Y. Feb. 25, 2016), *report and recommendation adopted sub nom.*, 2016 WL 4129104 (E.D.N.Y. Aug. 2, 2016) ("Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed.").

"If a party fails to fulfill its discovery obligations, [Fed. R. Civ. P. 37(b)(2)] grants a district court 'wide discretion in imposing sanctions.'" *Seggos v. Datre*, No. 17-CV-2684 (MKB) (LB), 2023 WL 2969955, at *2 (E.D.N.Y. Mar. 22, 2023), *report and recommendation adopted*, 2023 WL 4230461 (E.D.N.Y. June 28, 2023) (quoting *Flores v. Boro Concrete Corp.*, No. 21-CV-5006, 2022 WL 17551851, at *2 (S.D.N.Y. Dec. 9, 2022)). Sanctions explicitly authorized by Rule 37 include "striking pleadings in whole or in part [… or] rendering a default judgment against the disobedient party." *Id.* (quoting Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi)). Separately, Rule 16(f) authorizes a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to appear at a scheduling or other pretrial conference[.]" *Id.* (quoting Fed R. Civ. P. 16(f)(1)). "When considering the imposition of such sanctions, the Court considers: (1) the party's history of noncompliance; (2) the effectiveness of lesser sanctions; (3) whether a warning has been issued regarding imposition of sanctions; and (4) whether imposing lesser sanctions would prejudice the moving party." *Arch Ins. Co. v. Sky Materials Corp.*, No. 17 CV 2829 (CBA) (LB), 2021 WL 966110, at *3 (E.D.N.Y. Jan. 29, 2021), *report and*

4

*recommendation adopted*, No. 2021 WL 964948 (E.D.N.Y. Mar. 15, 2021); *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017). "Further, under Rule 55(a), when a party's failure to defend 'is shown by affidavit or otherwise, the clerk must enter the party's default.'" *Xin Hao Liu v. Millenium Motors Sports, LLC*, No. 17-CV-6438, 2020 WL 7028924, at *6 (E.D.N.Y. Nov. 5, 2020), *report and recommendation adopted*, 2020 WL 7024378 (E.D.N.Y. Nov. 30, 2020) (quoting Fed. R. Civ. P. 55(a)).

Here, Silverman's conduct warrants the Court striking his answer and imposing default as a sanction for his failure to participate in this litigation and to comply with multiple Court orders. First, Silverman's history of noncompliance is significant. Silverman does not appear to have taken any action in this litigation since September 30, 2022. *See* Dkt. No. 787. Silverman failed to respond to discovery served on August 7, 2023. *See* Dkt. No. 1231; Text Order dated Dec. 1, 2023. Silverman failed to appear at the December 1, 2023 status conference. *See generally*, Tr. of Dec. 1, 2023 Discovery Conference. Silverman failed to comply with the Court's December 1, 2023 order, in which he was to "respond to the document requests and interrogatories served on August 7, 2023 by December 8, 2023." *See* Dkt. No. 1251; Text Order dated Dec. 29, 2023. Silverman failed to comply with the Court's December 29, 2023 order, in which he was to respond to Gilead's motion for case-ending sanctions by January 3, 2024. *Id.* Silverman failed to appear for the January 5, 2024 status conference. *See* Tr. of Jan. 5, 2024, at 10:7-9; Dkt. No. 1283.

In short, the undersigned concludes that Silverman has willfully ignored this Court's orders and has "abdicated [his] responsibilities in this litigation." *See Trustees of the Paper Products*, 2013 WL 5532710, at *2. Having previously appeared, Silverman is unquestionably aware of this proceeding. "Based on defendant['s] radio silence, 'the only reasonable inference is that ... defendant[] willfully abandoned their defense of this case.'" *Maldonado v. Loxton Inc.*, No. 20-

5

CV-5776 (LDH) (RLM), 2022 WL 18858967, at *4 (E.D.N.Y. June 9, 2022) (quoting *Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429, 2008 WL 4179653, at *6 (E.D.N.Y. Sept. 10, 2008)); *Xin Hao Liu*, 2020 WL 7028924, at *3 ("Courts in this District find a litigant's actions to be willful when there has been unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing.") (collecting cases).

Under the circumstances of this case, the efficacy of issuing further orders or imposing lesser sanctions would serve no purpose, and would only serve to prejudice Gilead as they seek to proceed in this litigation. Silverman has been warned multiple times about the possibility of sanctions here, ranging from Gilead's myriad of motions seeking case-ending sanctions to the Court's reminders—at both conferences and on the docket—that any party's failure to comply with Court orders may result in sanctions. *See, e.g.*, Text Order dated Dec. 29, 2024. Silverman, therefore, is likely to continue his noncompliance going forward. *See 2W Prod. Corp v. Y&P Wholesale, Inc.*, No. 07-CV-0423 (ENV) (MDG), 2009 WL 29311, at *3 (E.D.N.Y. Jan. 5, 2009) (applying the four factors and finding that the likelihood of defendant's future noncompliance with court orders warranted the sanction of striking defendant's answer and granting a default judgment); *JCDecaux Airport, Inc. v. Tom Sawyer Prods., Inc.*, No. 16-CV-5067, 2020 WL 635580, at *5 (S.D.N.Y. Feb. 11, 2020) ("Based on the history of defendants' repeated noncompliance with discovery deadlines and the Court's directives, it is obvious to the Court that any lesser sanction would be an exercise in futility.") (internal quotation and citation omitted). Finally, the period of noncompliance further weighs in favor of imposing an entry of default. *Loc. Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (noting "durations of time as brief as a few months have been held to weigh in favor of dispositive sanctions") (collecting cases).

6

Should the District Court strike Silverman's answer as a sanction and order the Clerk of the Court to enter a certificate of default, the next step is for Gilead to move for default judgment against Silverman. Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a judgment against a defaulting party. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A plaintiff may then move for a default judgment against a defendant. Fed. R. Civ. P. 55(b)(2).

The Court respectfully recommends that Gilead's motion for default judgment be filed within 45 days of the adoption of this Report and Recommendation. The undersigned recognizes that Gilead intends to move for default judgment during expert discovery, as they intend to "seek[] monetary judgments as well as injunctive relief," and therefore plan to rely on a damages expert in connection with their motions for default judgment. *See* Tr. of Jan. 5, 2024 Discovery Conference, Dkt. No. 1271, at 13. Gilead has noted that "although [their] allegations as to liability will be deemed accepted at the default judgment stage, [they] still have to put numbers on these" requests; consequently, Gilead was "holding off on seeking a default judgment" at present so that Gilead could "plan [] to put numbers on those [motions] through the expert witness process []." Tr. 13. Thus, while Gilead has now sought certificates of default (Dkt. No. 1285), Gilead noted that it intended to file motions for default judgment in the "next couple of months" once expert discovery is fully underway. Tr. 13-14.

Notwithstanding Gilead's preferred course of action, filing a motion for a default judgment with respect to Silverman within 45 days of the adoption of a Report and Recommendation herein is certainly reasonable, especially in light of the current discovery schedule. Of course, Gilead

7

would still have the opportunity to seek an extension to file their motion for default judgment for good cause shown.

### III. Recommendation

Accordingly, the undersigned respectfully recommends that the District Court strike Silverman's answer (Dkt. No. 787); order the Clerk of Court to enter a certificate of default with respect to Silverman; and permit Gilead to move for a default judgment within 45 days of the adoption of this Report and Recommendation. *Trustees of the Paper Products*, 2013 WL 5532710, at *2 (adopting Report and Recommendation that the District Court strike Defendant's answers []; order the Clerk of Court to enter a certificate of default against Defendant as requested by Plaintiffs []; and permit Plaintiffs to move for a default judgment within 45 days of the adoption of this report and recommendation."); *see also Northfield Ins. Co. v. Mannara Contracting Corp.*, No. 18-CV-6447 (SJF) (AYS), 2019 WL 5874063, at *2 (E.D.N.Y. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 4291652 (E.D.N.Y. Sept. 11, 2019) (adopting recommendation that the District Court "(1) strike King Gong's answer, and (2) enter an order of default against King Gong."); *Allstate Ins. Co.*, 2016 WL 4129104 (E.D.N.Y. Aug. 2, 2016) (adopting Report and Recommendation that the District Court (1) strike the non-compliant defendants' answers; (2) order the Clerk of Court to enter a certificate of default against these defendants; and (3) permit Plaintiffs to move for a default judgment within 45 days of the adoption of this Report and Recommendation).

A copy of this Report and Recommendation is being electronically served on counsel. This Court directs Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants and to file proof of service on ECF by January 22, 2024. Copies shall be served at the following address on the docket sheet:

Stephen Silverman
12562 The Vista
Los Angeles, CA 90049

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Donnelly.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   Brooklyn, New York
         January 21, 2024

                                           */s/ Joseph A. Marutollo*
                                           JOSEPH A. MARUTOLLO
                                           United States Magistrate Judge