UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
GILEAD SCIENCES, INC., *et al.*,            :
                                            :
                        Plaintiffs,   :   Case No. 21-cv-4106-AMD-RER
                                            :
v.                                          :
                                            :
SAFE CHAIN SOLUTIONS, LLC, *et al.*,        :
                                            :
                        Defendants.   :
-------------------------------------------------------------- x

## CONSENT JUDGMENT AND PERMANENT INJUNCTION
## AS TO PROVEN PHARMACEUTICALS LLC

On consent of Plaintiffs Gilead Sciences, Inc., Gilead Sciences Ireland UC, and Gilead Sciences, LLC (together, "Gilead") and Proven Pharmaceuticals LLC ("Proven"), and pursuant to Fed. R. Civ. P. 54(b), it is hereby ORDERED, ADJUDGED, and DECREED:

    1. Proven, its employees, officers, directors, successors, agents, and assigns, and any other person in active concert and participation with Proven (collectively, the "Proven Actors"), are enjoined from importing, purchasing, marketing, selling, reselling, manufacturing, distributing, or re-distributing any Gilead Product(s). For the avoidance of doubt, an individual's acquisition of any Gilead Product for personal use, or any other non-commercial conduct in connection with the personal use of any Gilead Product, is not prohibited by this Consent Judgment and Permanent Injunction.

    2. The Proven Actors may not invest in, control, have any direct ownership interest in, or lend money to any company that sells, resells, manufactures, distributes, or re-distributes any Gilead Product(s) (as defined below).

    3. Nothing in this Consent Judgment and Permanent Injunction shall prohibit any of the Proven Actors from owning less than 10% of any publicly traded company.

4. The "Gilead Products" are defined as all products manufactured by or sold by Gilead or its subsidiaries in the United States, including but not limited to all products bearing anywhere any of the Gilead Marks (as defined below), whether on the product itself or any of its packaging.

5. The Gilead Marks include the following:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| GILEAD | 3251595 | June 12, 2007 |
|  | 2656314 | December 3, 2002 |
| GSI | 3890252 | December 14, 2010 |
| BIKTARVY | 5344455 | November 28, 2017 |
| DESCOVY | 4876632 | December 29, 2015 |
| DESCOVY FOR PREP | 5912591 | November 19, 2019 |
| 9883 | 5467392 | May 15, 2018 |
|  | 5636131 | December 25, 2018 |
|  | 5906177 | November 12, 2019 |
|  | 5030567 | August 30, 2016 |
|  | 5154303 | March 7, 2017 |
| TRUVADA | 2915213 | December 28, 2004 |
| GENVOYA | 4797730 | August 25, 2015 |
| ATRIPLA | 3276743 | August 7, 2007 |
| RANEXA | 3094007 | May 16, 2006 |
| VOSEVI | 5259592 | August 8, 2017 |
| STRIBILD | 4263613 | December 25, 2012 |
|  | 6031751 | April 14, 2020 |
| SOVALDI | 4468665 | January 21, 2014 |
|  | 5018106 | August 9, 2016 |
| 7977 | 4585257 | August 12, 2014 |

6. In addition to other remedies, including damages, for contempt of this Permanent Injunction, in the event of breach or violation of the terms of this Permanent Injunction by the Proven Actors, Gilead is entitled to a preliminary and permanent injunction against the breaching conduct solely upon a showing of likelihood of success of establishing that such a breach occurred.

7. If a court of competent jurisdiction finds that the Proven Actors violated the prohibitions of this Consent Judgment and Permanent Injunction, Gilead is entitled to

pursue any and all remedies under law, including Gilead's actual, statutory, and punitive damages as may be permitted by law. In any action, regardless of which measure of damages Gilead selects, Gilead shall be entitled to recover reasonable attorneys' fees and investigatory fees for finding and demonstrating that the Proven Actors have violated this Consent Judgment and Permanent Injunction.

8. This Consent Judgment is entered pursuant to Fed. R. Civ. P. 58, and this action is hereby dismissed with prejudice against Proven, without costs or attorneys' fees, save that this District Court shall retain jurisdiction over this action, including over implementation of, or disputes arising out of, this Consent Judgment or the settlement of this action with regard to Proven.

9. The Clerk of Court is directed to issue a check or wire transfer made payable to Patterson Belknap Webb & Tyler LLP, as attorneys for Gilead, 1133 Avenue of the Americas, New York, NY 10036, for the entire amount of funds held by the Clerk of Court in an interest-bearing account attributable to Receipt #100001764 (Dkt. No. 774), including accrued interest after deduction of appropriate fees and any tax withholding, pursuant to Local Civil Rule 67.1.

10. The Court's asset freeze order (Dkt. No. 627, as modified by Dkt. No. 770) as to Proven and William Scott Wise only is hereby DISSOLVED, but—unless and until further order of this Court—otherwise remains in effect as to any other party to which it applies as of the date of this order.

DATED: December 29, 2023

| | |
|---|---|
| PATTERSON BELKNAP WEBB & TYLER LLP | HOLLAND & KNIGHT LLP |
| By: /s/ Timothy A. Waters | By: /s/ Jonathan N. Halpern |
| Geoffrey Potter | Jonathan N. Halpern |
| Timothy A. Waters | |
| Thomas P. Kurland | |
| 1133 Avenue of the Americas | 31 West 52nd Street |
| New York, NY 10036-6710 | New York, New York 10019 |
| T: 212-336-2000 | T: 212-513-3512 |
| F: 212-336-2222 | F: 212-385-9010 |
| E: gpotter@pbwt.com | E: jonathan.halpern@hklaw.com |
|   afischer@pbwt.com | |
|   twaters@pbwt.com | |
|   tkurland@pbwt.com | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| *Gilead Sciences, Inc., et al.* | *Proven Pharmaceuticals LLC, and William Scott Wise* |

**IT IS SO ORDERED**

_____s/Ann M. Donnelly_____
HON. ANN M. DONNELLY, U.S.D.J.

Dated: January 31, 2024

#235781162_v1