UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
GILEAD SCIENCES, INC., GILEAD SCIENCES
IRELAND UC, and GILEAD SCIENCES LLC,

                              Plaintiffs,                  **MEMORANDUM &**
                                                              **OPINION**

          -against-                                 21-CV-4106
                                                              (Donnelly, J.)
SAFE CHAIN SOLUTIONS LLC, *et al.*,            (Marutollo, M.J.)

                              Defendants.
---------------------------------------------------------------------x

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

On February 9, 2024, Plaintiffs Gilead Sciences, LLC, Gilead Sciences Ireland UC, and Gilead Sciences LLC's (collectively, "Gilead") moved for sanctions pursuant to Fed. R. Civ. P. 37 against Defendants Etzhaim Inc. LLC, Oksana Poltilova, B&O Estates LLC, 214 Jamaica LLC, Khaim Family Irrevocable Living Trust and its trustee Mark Politov, A&P Rockaway LLC, 91 Park LLC, 91 Rego LLC, 93 Everton LLC, Swetha Ketineni, Babashiloh Enterprises LLC, 5 Continental Ventures LLC, AP Funding LLC, 441 Willis Ave LLC, La Vie Jewels of NY LLC, AG Worldwide Sales Inc (collectively, the "Relief Defendants"). *See* Dkt. No. 1306 ("Gilead's February 9, 2024 Motion"). For the reasons set forth below, Gilead's February 9, 2024 Motion is **DENIED**.

**I.       DISCUSSION[1]**

        a.       **Gilead's Request for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii)**

Gilead moves for an order from this Court pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) to prohibit the Relief Defendants from contesting the following claims: (i) "the Trust and LLCs are

---

[1] The Court assumes the parties' familiarity with the general factual and procedural background of this case.

all alter egos of [Peter] Khaim"; (ii) "the assets held by the [Khaim] Defendants are held for and on behalf of [Peter] Khaim; and (iii) "such assets represents Khaim's profits form the sale of counterfeit and infringing Gilead Products." Dkt. No. 1306, at 2-3. This request is denied.

Gilead has failed to set forth a basis for the imposition of an order prohibiting the Relief Defendants from imposing defenses against the aforementioned claims. Specifically, Gilead has not demonstrated that the Relief Defendants failed to "obey an order to provide or permit discovery" under Fed. R. Civ. P. 37(b). Additionally, Gilead's motion fails to cite to any pertinent legal authority to support the proposition that an order under Rule 37 should be imposed to prohibit the Relief Defendants from responding to those specific claims.

Moreover, sanctions imposed under Fed. R. Civ. P. 37 typically involve facts demonstrating that are far more egregious violations of the court's directives than what has been established here. *See Balk v. New York Inst. of Tech.*, No. 11-CV-509 (JFB) (AKT), 2013 WL 6990767, at *8 (E.D.N.Y. Sept. 30, 2013). For example, in *Wilson v. Pasquale's DaMarino's, Inc.*, No. 10-CV-2709 (PGG), 2013 WL 1195603, at *7 (S.D.N.Y. Mar. 25, 2013), the court imposed the ultimate sanction of entering a default judgment against defendants for their "willful" misconduct, which had continued for an excess of two years, without a "valid reason," rendering a less severe sanction than default ineffective. Specifically, the court in *Wilson* found that defendants had "deliberately obstructed these proceedings in a variety of ways, including by refusing to produce discovery or to appear at deposition, failing to attend court conferences, and failing to respond to orders to show cause." *Balk*, 2013 WL 6990767, *9 (citing *Wilson*, 2013 WL 1195603, at *7). Further, the court found that defendants' "frequent retention and dismissal of lawyers" without "credible explanation" made such a sanction necessary." *Wilson*, 2013 WL 1195603, at *7.

The Relief Defendants' conduct, though dilatory, falls short of the sanctionable conduct discussed in *Wilson*. *See also RLI Ins. Co. v. May Constr. Co.*, No. 09-CV-7415 (PKC), 2011 WL 1197937, at *2-3 (S.D.N.Y. Mar.22, 2011) (holding that defendant's willful disobedience of multiple court orders coupled with multiple warnings which were ignored provided a basis for striking defendant's answer as lesser sanctions would be insufficient to remedy his failure). In fact, as set forth at the February 16, 2024 status conference, much of the Relief Defendants' delay in producing responsive discovery responses was rooted in agreed-upon extensions with Gilead. *See also* Dkt. No. 1306 at 4-5.

In sum, Gilead has simply failed to demonstrate why sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) are warranted at this juncture. The request is denied.

### ii. Gilead's Request for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i)

Gilead also requests that this Court deem certain facts established and prohibit any opposition by the Relief Defendants to its claims pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i). Dkt. No. 1306, at 2-4. This request is also denied.

Fed. R. Civ. P. 37(b)(2)(A)(i) permits courts to sanction a party for violating a discovery order by deeming certain facts established. Such a sanction is warranted for failure comply with a court order "when the failure to comply with a court order is due to willfulness or bad faith or is otherwise culpable." *Daval Steel Products, Division of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991); *see also S. New England Tel. Co. v. Glob. NAPs Inc.,* 624 F.3d 123, 147 (2d Cir. 2010) (Supreme Court precedent "permits a court to presume from a party's willful failure to answer a discovery request relating to a particular issue that the facts of that issue are established against the noncompliant party") (discussing *Insurance Corporation of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, (1982)). "Noncompliance with discovery

3

orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Baba v. Japan Travel Bureau International*, 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996) (Sotomayor, J.), *aff'd*, 111 F.3d 2 (2d Cir. 1997).

Gilead here, in its motion, mischaracterizes Fed. R. Civ. P 37.  Sanctions pursuant are not, as Gilead surmises, simply imposed once "a party fails to serve its answers, objections, or written response to documents requests.".  Dkt. No. 1306, at 2 (quotations in original).  Instead, the sanctions that Gilead requests against the Relief Defendants are to be directed at a party's willful violation of a discovery order.  *See,, e.g. Martinenko v. 212 Steakhouse, Inc.*, No. 22-CV-518 (JLR) (RWL), 2023 WL 2919559, at *8 (S.D.N.Y. Apr. 12, 2023).  But Gilead fails to point at a discovery order that has been violated by the Relief Defendants.  Therefore, Gilead's request for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i) is denied.

To be clear, however, the denial of Gilead's requests should not—and does not—obviate the Relief Defendants from meaningfully participating in discovery.  The Relief Defendants are cautioned that this Court retains the authority to recommend, *sua sponte*, that default be entered against any party that fails to meaningfully participate in discovery—even if an answer has already been interposed on their behalf.  *See e.g.* Dkt. No. 1286; *Trustees of the Paper Producs, Miscellaneous Chauffers, Warehousemen & Helpers Union Local 27 Welfare Tr. Fund & Pension Fund v. J & J Int'l Logistics, Corp.*, No. 12-CV-1475 (ILG) (VMS), 2013 WL 5532710 at *3 (E.D.N.Y. Oct. 4, 2013).

## II.  CONCLUSION

In light of the foregoing, Gilead's February 9, 2024 Motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i)-(ii) is **DENIED**.

**SO ORDERED.**

Dated:  Brooklyn, New York
February 17, 2024

                                             */s/ Joseph A. Marutollo*
                                             JOSEPH A. MARUTOLLO
                                             United States Magistrate Judge