

**Matthew Jacobs**

(805) 601-7504 · www.jacobslawfirm.com · matt@jacobslawfirm.com
5743 Corsa Avenue, Suite 208, Westlake Village, CA 91362

July 16, 2024

Hon. Joseph A. Marutollo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>Via ECF</u>

Re:   *Gilead, et al. v. Safe Chain, et al.*, 21-cv-4106 (AMD) (JAM)
      Motion to Strike Plaintiff's Untimely Expert Report

Dear Judge Marutollo:

    This firm represents defendants Mohammad Etminan and Total Remedy Pharmacy (together "Total Remedy") in the above-captioned matter.  Earlier today, Plaintiffs (together, "Gilead") served Total Remedy with an expert report—styled, the "Supplemental Expert Report of Gregory K. Bell, Ph.D."—which substantially increases (by more than 50%) the "lost profits damages" that Gilead seeks to recover from Total Remedy.  Total Remedy respectfully submits this motion to strike Gilead's new and untimely expert report.

    As the Court knows, Gilead's deadline to serve expert reports has long since passed.  More than a year ago, the Court set March 15, 2024, as Gilead's deadline to serve expert reports.  ECF 1260.  On January 8, 2024, the Court extended this deadline to May 14, 2024.  ECF 1266.  Since then, the Court has been crystal clear that further extensions would not be granted "absent truly extraordinary circumstances."  On January 31, 2024, for example, the Court stated that

> ***there will NOT be piecemeal extensions of any expert discovery deadlines***. The Court reminds the parties that initial expert disclosures and reports shall be served by May 14, 2024; rebuttal expert disclosures and reports shall be served by June 14, 2024; and all expert discovery shall be completed by July 16, 2024. The Court will not extend the expert discovery deadlines ***absent truly extraordinary circumstances***.

Jan. 31, 2024, ECF Entry (emphasis added).  The Court reiterated its position at the parties' March status conference and in the minute order following it:

> The parties also discussed the timeline for expert discovery. Gilead has noted that expert reports are currently being prepared and will be disclosed to Defendants in accordance with the current expert discovery schedule. ***The Court reiterates that initial expert disclosures and reports shall be served by May 14, 2024***; rebuttal expert disclosures and reports shall be served by June 14, 2024;

Hon. Joseph A. Marutollo
July 16, 2024
Page 2 of 2

> and all expert discovery shall be completed by July 16, 2024. ***The Court will not extend the expert discovery deadlines absent truly extraordinary circumstances.***

Mar. 27, 2024, ECF Entry (emphasis added).

Gilead had clear notice of its May 14, 2024, deadline to file expert reports. Yet today, more than two months after that deadline—and despite the Court's repeated warnings that expert discovery deadlines would not be extended "absent truly extraordinary circumstances"—Gilead has served another expert report. Gilead did not seek the Court's leave to serve this untimely report, and there is no reasonable justification for its untimeliness.[1]

Gilead cannot evade the Court's May 14, 2024, expert discovery deadline by claiming that Dr. Bell's new, untimely report is merely "supplemental" to his initial report. "Rule 26 'is not a vehicle to permit a party to serve a deficient opening report and then remedy the deficiency through the expedient of a "supplemental" report.'" *Anthem, Inc. v. Express Scripts, Inc.*, 660 F. Supp. 3d 169, 185 (S.D.N.Y. 2023) (quoting *Lidle v. Cirrus Design Corp.*, 2009 WL 4907201, at *5 (S.D.N.Y. Dec. 18, 2009)). "Courts in this Circuit have found that a supplemental expert report may be appropriate where, for example, 'the expert subsequently learns of information that was previously unknown or unavailable, and the new information renders the earlier report incomplete or inaccurate.'" *Anthem*, 660 F. Supp. 3d at 185 (quoting *Lewis v. FMC Corp.*, 786 F. Supp. 2d 690, 705 (W.D.N.Y. 2011). But that is most certainly not the case here. Every last piece of data underlying Dr. Bell's untimely "supplemental" report was known to and possessed by Gilead long before the May 14, 2024, deadline.

Moreover, Total Remedy would be severely prejudiced by the acceptance of this untimely report because the damages Gilead seeks to recover from Total Remedy based on this report are ***more than 50% greater*** than the damages Gilead sought to recover from Total Remedy based on Dr. Bell's initial report. (Because Gilead has marked this report "Highly Confidential – Attorney's Eyes Only – Subject to Confidential Order," Total Remedy does not address its substance in greater detail in this public filing.) Gilead's failure to serve a complete expert report on Total Remedy by the May 14, 2024, deadline rests exclusively with Gilead and its expert, and Total Remedy should not be prejudiced as a result.

For the reasons above, Total Remedy respectfully requests that the Court grant its motion to strike Gilead's untimely expert report.

Respectfully submitted,

Matt Jacobs

---

[1] Gilead advised Total Remedy of its intention to serve this report during a phone call on July 9, 2024, eight weeks after the May 14, 2024, deadline.

