UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
**GILEAD SCIENCES, INC.,** *et al.*,                          :
                                                              :
                              Plaintiffs,                     :   **ORDER ADOPTING REPORT**
                                                              :   **AND RECOMMENDATION**
               – against –                                    :
                                                              :   21-CV-4106 (AMD) (JAM)
                                                              :
**SAFE CHAIN SOLUTIONS, LLC,** *et al.*,                      :
                                                              :
                              Defendants.                     :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

   Gilead brought this action against multiple defendants, bringing claims in connection with an alleged HIV drug counterfeiting ring that involved various suppliers, distributors, and pharmacies. (ECF No. 1470 at 2.) On August 11, 2022, the Court granted Gilead's request for an asset freeze order against some of the defendants, including Yisel Lopez.[1] The asset freeze order prohibited defendants from, among other things, selling "any ownership or other legal interest they may have in any real property." (ECF No. 627 ¶ 3.)[2] On March 19, 2024, Gilead filed a motion for contempt against Lopez for violating the terms of the asset freeze order. (ECF No. 1470 at 6.) In support of its motion, Gilead asserted that Lopez violated the asset freeze order by selling one property, and mortgaging and contracting for the sale of her primary

---

[1] Gilead initially requested an asset freeze order in its July 30, 2022, motion to amend its third amended complaint. (ECF No. 606.) In its proposed fourth amended complaint, Gilead sought to add Lopez as a defendant and subject her to the asset freeze order. (ECF No. 606-1.) The motion amend was granted on August 11, 2022. (ECF No. 626.)

[2] Gilead subsequently amended the asset freeze order with respect to Lopez. (ECF No. 1470 at 6.)

residence.  (*Id.* at 6–7.)  On March 22, 2024, I referred the motion to Magistrate Judge Joseph A. Marutollo.  (*ECF Order dated Mar. 22, 2024.*)

On August 29, 2024, Judge Marutollo issued a report and recommendation recommending that the Court grant Gilead's motion, hold Lopez in contempt, and direct her to comply with certain conditions designed to "secure future compliance with court orders and restore the original purpose of" the asset freeze order.  (ECF No. 1470 at 24, 28.)  Judge Marutollo found that Lopez violated the clear and unambiguous terms of the asset freeze order because of the ample evidence that she sold her property in Miami, Florida, and she mortgaged and then contracted to sell her primary residence in Broward County, Florida.  (*Id.* at 10–24.)  Moreover, Judge Marutollo determined that Lopez could not demonstrate that she "diligently attempted, in a reasonable manner, to comply" with the asset freeze order.  (*Id.* at 16–18, 23.)  No party has filed an objection to the report and recommendation and the time for doing so has passed.[3]

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).

I have carefully reviewed Magistrate Judge Marutollo's thoughtful report and recommendation for clear error and find none.  Accordingly, I adopt the report and

---

[3] Lopez filed a letter and accompanying affidavit on October 2, 2024, in which she described her family and financial situation, and explained that she "told the Attorneys for the other side that I would sign anything they wanted so they could get the money that is sitting in Truist Bank."  (*Id.*)  Ms. Lopez does not, however, object to Judge Marutollo's recommendations in the R&R.

recommendation in its entirety. Gilead's motion is granted, and Lopez is held in contempt for violating the Asset Freeze Order. Lopez is ordered to comply with the directives outlined in Judge Marutollo's report and recommendation.[4]

**SO ORDERED.**

s/Ann M. Donnelly
　　　　　　　　　　　　　　　　　　　
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
　　　　October 7, 2024

---

[4] These directives are outlined in Section IV of the report and recommendation. (ECF No. 1470 at 24–28.) These include: (1) requiring Lopez to pay $400,596.01 in escrow; (2) Lopez's ongoing disclosure of her efforts to recover or raise funds necessary to satisfy amounts owed; and (3) modifications to the asset freeze order. (*Id.*)