**HARTMANN DOHERTY ROSA BERMAN & BULBULIA**
Limited Liability Partnership — Attorneys At Law

1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619
f: 212.202.4858
www.hdrbb.com

Hackensack Office
433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056

Short Hills Office
830 Morris Turnpike, Ste. 304
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901
t: 845.357.7900

Miami Office
8821 SW 69th Court
Miami, Florida 33156
t: 305.419.2936

July 14, 2025

**VIA ECF**

Hon. Ann M. Donnelly, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Gilead v. Safe Chain, et al.*
      Civil No. 21-4106 (AMD)(JAM)

Dear Judge Donnelly:

This firm represents Defendants Adam Brosius and World Wide Pharma in the above-referenced matter. Please accept this letter as Defendants' request that the Court provide them an additional three weeks to respond to Plaintiff's Rule 56.1 statements. Mr. Brosius will be devoting that time to additional efforts at raising sufficient funds to settle this lawsuit with Gilead, as he does not have the resources to continue its defense and, as described below, does not want to go to prison with an unpayable judgment hanging over the rest of his life.

In particular, Mr. Brosius has entered a guilty plea to federal health care charges in the District of New Jersey and, presently, is scheduled to be sentenced on November 5, 2025. In addition to a substantial term of imprisonment, the sentencing court will be required to impose a multi-million-dollar restitution obligation. In addition, on April 18, 2025, Mr. Brosius entered a guilty plea in the Southern District of Florida to charges arising from the same conduct alleged by Gilead in this case. Mr. Brosius' sentencing in the Florida case presently is scheduled for August 29, 2025.

These two matters have left Mr. Brosius with insufficient resources to pay defense counsel or to settle this case. Nevertheless, as Gilead previously has been informed in settlement conferences, Mr. Brosius prefers to resolve this matter prior to being sentenced so that a judgment (and additional restitution order) are not hanging over his head if/when he is released from federal custody. Gilead has appeared to be more interested in obtaining a large judgment rather than a settlement Mr. Brosius can afford to pay; however, Mr. Brosius currently is attempting to obtain additional funds that might satisfy Plaintiff.

For these reasons, Defendants ask the Court to afford them an additional 21 days to see if Mr. Brosius' efforts can come to fruition. If they are not successful, Defendants will respond to Gilead's Rule 56.1 Statement of Undisputed Facts or, more likely, default.

Respectfully yours,

*/s/ Mark A. Berman*

Mark A. Berman, Esq.

cc: All counsel of record (via ECF)