Patterson Belknap

www.pbwt.com

May 8, 2026

Timothy A. Waters
Partner
(212) 336-7601
twaters@pbwt.com

**By ECF**

Hon. Joseph A. Marutollo, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Gilead Sciences, Inc., et al. v. Safe Chain Solutions, LLC, et al.,*** **No. 21-cv-4106 (AMD) (JAM)**

Dear Judge Marutollo:

As you know, we represent Plaintiffs (collectively, "Gilead") in the above-captioned matter. We write in response to the Court's April 24 and April 29, 2026 Orders.

In the April 24 Order, the Court ordered Gilead to "file a supplemental letter explaining how service of process was proper even though each defendant defaulted on different operative complaints throughout the litigation." The Court noted that "the original and first amended complaint each have nine causes of action, while the second amended complaint has twelve causes of action, and the third, fourth, fifth, and sixth amended complaint has thirteen causes of action." ECF Nos. 1, 49, 147, 517, 630, 945, and 1644. The Court stated that "clarification is required as to whether the new operative pleadings as to each defendant asserted a 'new claim for relief on such a party' such that service of process should have been effectuated" pursuant to Fed. R. Civ. P. 4 and 5(a)(2).

As set forth below, Gilead has properly served all defendants against whom Gilead seeks a default judgment (the "Default Judgment Defendants") in compliance with the Federal Rules of Civil Procedure. For most of the Default Judgment Defendants, no new claims were added in any subsequent pleadings, and so no additional service was required pursuant to Rule 5(a)(2). For the handful of Default Judgment Defendants where Gilead did add new claims in a subsequent amended pleading, Gilead has complied with Rules 4 and 5(a)(2).

### A. The New Claims Added in Gilead's Amended Pleadings

As the Court noted, Gilead added new claims in only two of its amended pleadings. In Gilead's Original Complaint (ECF No. 1), Gilead asserted nine causes of action.[1] Those nine causes of action continued to be asserted in every subsequent version of the Complaint.

[1] These originally asserted causes of action are: 1) federal trademark infringement under 15 U.S.C. § 1114(1)(a); 2) federal trademark infringement under 15 U.S.C. § 1114(1)(b); 3) false description and designation of origin in commerce under 15 U.S.C. § 1125(a)(1)(A); 4) federal

In Gilead's Second Amended Complaint (ECF No. 147), Gilead added three new causes of action sounding in RICO (the "RICO Claims").[2] These new RICO Claims were asserted against only certain specified Defendants, defined as the "RICO Defendants" in the pleadings.[3] Gilead has moved for default judgment against some of the RICO Defendants.

In Gilead's Third Amended Complaint (ECF No. 517), Gilead included one additional new cause of action for unjust enrichment. That new unjust enrichment claim was asserted against only the "Relief Defendants," all of whom were added for the first time in the Third Amended Complaint. Gilead has not moved for default judgment against any of the Relief Defendants. Therefore, the addition of the new claim in the Third Amended Complaint is irrelevant for purposes of the Rule 5(a)(2) analysis for the Default Judgment Defendants

While each of the Fourth, Fifth, and Sixth Amended Complaints added new defendants, no new claims were asserted.

**B. The Default Judgment Defendants**

In sum, the last relevant "new claim for relief" was added in Gilead's Second Amended Complaint. Meaning, any Default Judgment Defendant added to this action from the Second Amended Complaint onward has **never had any new causes of action** asserted in a later-amended complaint, and so no new service was required pursuant to Rule 5(a)(2).

And there are only four sets of Default Judgment Defendants included in pleadings prior to the Second Amended Complaint: 1) the Worldwide Pharma Defendants; 2) Ascension Pharmacy Holdings I LLC d/b/a Mermaid Rx and Ariel Pharmacy ("Ascension Pharmacy"); 3) Zafar Abdullaev; and 4) the Synergy Defendants. Gilead addresses each in turn.

The Worldwide Pharma Defendants

The Worldwide Pharma Defendants were included in the original Complaint, ECF No. 1, which Gilead served upon them. ECF No. 31 at 7-9. No new claims were ever asserted against the Worldwide Pharma Defendants in an amended pleading. Although Gilead subsequently

---

false advertising under 15 U.S.C. § 1125(a)(1)(B); 5) federal dilution of mark under 15 U.S.C. § 1125(c); 6) dilution of mark and injury to business reputation under NYGBL § 360-1; 7) deceptive business practices under NYGBL § 349; 8) common law unfair competition; and 9) common law unjust enrichment.

[2] These new causes of action are: 1) violation of RICO under 18 U.S.C. § 1962(c); 2) conspiracy to violate RICO under 18 U.S.C. § 1962(d); and 3) conspiracy to violate the Lanham Act (together, the "RICO Claims").

[3] The RICO Defendants were originally identified as the "Leader Defendants," "Supplier Defendants," "Marketer Defendants," and "Asset Holder Defendants." *See, e.g.*, ECF No. 147, Counts X-XII. In subsequent amendments, the "Kingpin Defendants" and "Pharmacy Defendant Total Remedy" were later included as RICO Defendants, *see e.g.*, ECF No. 1644, ¶ 759.

added new claims against the RICO Defendants, the Worldwide Defendants were defined as "Distributor Defendants," not RICO Defendants, and the RICO Claims never applied to them. ECF No. 147 at 99.

Ascension Pharmacy

Like the Worldwide Defendants, no new claims were ever asserted against Ascension Pharmacy in an amended pleading. Ascension Pharmacy was added to this litigation in Gilead's First Amended Complaint, ECF No. 49, which Gilead served upon Ascension Pharmacy, ECF No. 126 at 17-18. Gilead has always asserted the same original nine causes of action against Ascension Pharmacy. Although Gilead subsequently added new claims against the RICO Defendants, Ascension Pharmacy was defined as a "Pharmacy Defendant," not a RICO Defendant, and the RICO Claims never applied to it. ECF No. 147 at 99.

Zafar Abdulleav

Zafar Abdullaev was added to this litigation in Gilead's First Amended Complaint. ECF No. 49. In the Second Amended Complaint (and in all subsequent pleadings), Gilead asserted the new RICO Claims against Abdullaev as a RICO Defendant. Prior to his default, Abdullaev was represented by counsel. Through counsel, Abdullaev filed an Answer to the Fourth Amended Complaint, which expressly addressed **all thirteen of Gilead's claims for relief**, including the RICO Claims. ECF No. 884 at 2-6. Abdullaev never challenged service of process against him, in his Answer to the Fourth Amended Complaint or otherwise.

When a defendant does not "contest the adequacy of service of process" in a responsive pleading, the defendant is deemed to have "waived his service of process challenge." *Mintz & Gold LLP v. Daibes*, 2015 WL 2130935, at *6 (S.D.N.Y. May 6, 2015); *Rosales v. Pepe's Rest Group LLC*, 2025 WL 1898601, at *2 (S.D.N.Y. July 9, 2025) (finding defendants waived the defense of improper service of process by failing to assert the defense in their answer to the complaint) (internal citations and quotations omitted). No new claims were added against Abdullaev after he waived any service challenges with regard to the Fourth Amended Complaint. As a result, no further service was required upon Abdullaev under Rule 5(a)(2).

The Synergy Defendants

The Synergy Defendants, comprised of Synergy Group Wholesalers LLC and Carlos Vega, were added to this case in Gilead's First Amended Complaint. ECF No. 49. Vega was represented by counsel, and filed a motion to dismiss. *See, e.g.* ECF No. 481. While that motion was pending, Gilead filed its Fourth Amended Complaint. The Court directed Gilead to serve Mr. Vega with the Fourth Amended Complaint. Sept. 7, 2022 Order. The following day, Gilead served Mr. Vega with the Fourth Amended Complaint, in which **all thirteen of Gilead's claims for relief** were asserted against the Synergy Defendants. ECF No. 759.

Mr. Vega was Synergy Group Wholesalers LLC's registered agent, as well its founder, owner, and member. ECF No. 54-6. Gilead's service of the Fourth Amended Complaint upon Mr. Vega thus also constituted service upon Synergy Group Wholesalers LLC. *See Kim v. Kini LIC Corp.*, 806 F. Supp. 3d 277, 299 (E.D.N.Y. 2025) (finding that service upon individual defendants constituted service upon corporate defendants since individuals were "owners and

officers of the corporate defendant and also Defendants to this action" and noting that "New York recognizes that service of a single summons upon an officer of a corporate defendant who is also an individual defendant is effective service on both defendants") (internal citations and quotations omitted).

No causes of action were added after the Synergy Defendants were served with the Fourth Amended Complaint. As a result, no further service was required upon the Synergy Defendants under Rule 5(a)(2).

**C. Voluntary Dismissal of Other Defaulted Defendants**

Finally, in the April 29 Order, the Court directed Gilead to file a notice of voluntary dismissal, pursuant to Fed. R. Civ. P. 41, as to defendants not included in Gilead's renewed motion for default judgment. Gilead is filing that notice of voluntary dismissal contemporaneously with this letter. Gilead thanks the Court for its time and consideration.

Respectfully submitted,

*/s/ Timothy A. Waters*

Timothy A. Waters