UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

**GILEAD SCIENCES, INC.**, *et al.*,                              :

                       Plaintiffs,    :

                                  :    **ORDER ADOPTING REPORT
AND RECOMMENDATION**
       – against –                              :

                                  :    21-CV-4106 (AMD) (JAM)

**SAFE CHAIN SOLUTIONS, LLC**, *et al.*,                          :

                 Defendants.    :

                                  :

---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On July 22, 2021, the plaintiffs filed this case, alleging violations of state and federal trademark law arising from a scheme to sell counterfeit HIV drugs to pharmacies in New York City. (ECF No. 1.) On August 11, 2022, the Court granted the plaintiffs' motion to file a fourth amended complaint naming new defendants, including John D. Levitan (ECF No. 626), and entered an Asset Freeze Order and a Seizure Order against Levitan and other defendants (ECF Nos. 627, 629).[1] On May 16, 2026, Magistrate Judge Joseph A. Marutollo issued a comprehensive and well-reasoned report and recommendation in which he recommended that the Court grant in part and deny in part Levitan's motions — including a "motion to dismiss, quash, vacate seizure order, set aside default, and for related relief," an "amended motion to vacate default, to dismiss, and to vacate seizure order," a motion for a more definite statement, and a motion to appoint counsel — and that the Court deny the plaintiffs' motion for default judgment against Levitan and other defendants. (ECF No. 1681.) The parties filed timely objections to the report and recommendation. (ECF Nos. 1694, 1699.) For the following reasons, the Court

---

[1] The operative complaint is the sixth amended complaint, filed on December 16, 2025. (ECF No. 1644.)

1

adopts the report and recommendation, grants defendant Levitan's motion to vacate the certificate of default, denies the plaintiffs' motion for default judgment, and denies Levitan's motion to dismiss, motion for more definite statement, motion to appoint counsel, and motion to vacate the seizure order and asset order.[2]

## BACKGROUND[3]

On January 21, 2026, the plaintiffs filed a request for a certificate of default against Levitan and 50 other defendants.  (ECF No. 1650.)  The same day, Levitan moved to dismiss the complaint, vacate the seizure order, and set aside the entry of default.  (ECF No. 1651.)[4]  He also filed a motion to appoint counsel.  (ECF No. 1653.)  On February 5, 2026, the Clerk of Court entered a certificate of default.  (ECF No. 1656.)  On March 20, 2026, the plaintiffs filed an opposition to Levitan's motion to dismiss the complaint, vacate the seizure order, and set aside the entry of default; they also filed a motion for default judgment against Levitan and other defendants.  (ECF Nos. 1661, 1662, 1663.)[5]  On April 27, 2026, Levitan filed a motion for a more definite statement and an amended motion to vacate the default judgment, dismiss the complaint, and vacate the seizure order.  (ECF Nos. 1666, 1667.)  The Court referred the motions

---

[2] After Judge Marutollo issued his report and recommendation, Levitan made another motion to dismiss the sixth amended complaint.  (ECF No. 1688.)  As explained below, the Court also denies this motion.

[3] Neither party objects to the facts and procedural history discussed in the background section of the report and recommendation.  Therefore, the Court adopts that part of the report and recommendation and recites the recent procedural history to provide context for the motions that are currently pending.

[4] Levitan also sought to "[s]trik[e] the Sixth Amended Complaint unless and until it is properly served in accordance with Rule 4," and to "[t]ake Judicial Notice of the intervening decision in *Trump v. CASA, Inc. et. al.* 606 U.S. 831 (2025)."  (ECF No. 1651 at 1–2.)

[5] On April 27, 2026, Judge Marutollo directed the plaintiffs to "file a letter stating how it intends to proceed against the defaulting defendants that are not a part of the renewed default judgment motion (Dkt. No. 1662), but were a part of the original, consolidated default judgment motion (Dkt. No. 1607)." (*ECF Order dated Apr. 27, 2026.*)  On May 8, 2026, the plaintiffs responded to Judge Marutollo's order and a filed notice of voluntary dismissal without prejudice of all claims against 19 defendants.  (ECF No. 1679.)

to Judge Marutollo on April 6, 2026 and April 29, 2026, respectively. (*See ECF Order dated Apr. 6, 2026; ECF Order dated Apr. 29, 2026.*)

At Judge Marutollo's direction (*see ECF Order dated Apr. 24, 2026; ECF Minute Entry dated Apr. 30, 2026; ECF Order dated May 2, 2026*), the plaintiffs filed letters with supplemental authority to support their motion for default judgment (ECF Nos. 1678, 1680). On April 28, 2026 and April 30, 2026, while his motions were pending, Levitan filed an answer to the plaintiffs' fourth amended complaint and a motion for "the Court to take judicial notice of the summons just found through a search of past files." (ECF Nos. 1670, 1674.)

On May 16, 2026, Judge Marutollo recommended that the Court grant Levitan's motion to vacate the certificate of default and deny the plaintiffs' motion for default judgment. (ECF No. 1681.) Judge Marutollo recommended that the Court deny the rest of Levitan's motions — the motion to dismiss, motion for more definite statement, motion to appoint counsel, and motion to vacate the seizure order and asset order. (*Id.*) Levitan filed objections to the report and recommendation on May 27, 2026. (ECF No. 1694.) The plaintiffs filed their objections on June 1, 2026. (ECF No. 1699.)

On May 22, 2026, after Judge Marutollo issued the report and recommendation but before Levitan filed his objections, Levitan moved for leave to file an "Amended Motion to Dismiss," a motion to dismiss the sixth amended complaint, and an answer to the sixth amended complaint. (ECF Nos. 1686, 1687, 1692.)

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A party's objections must be specific; where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation

3

only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)). Moreover, "[t]he district court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'" *Sasmor v. Powell*, No. 11-CV-4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) (quoting *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)).

The district judge must evaluate proper objections *de novo* and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3). "[E]ven in a *de novo* review of a party's specific objections, [however,] the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (alterations omitted) (quoting *Kennedy v. Adamo,* No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)). A *pro se* party's objections are "generally accorded leniency" and construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks and citations omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Serv.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted). District courts "generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Rosenberg v. Lashkar-e-Taiba*, No. 10-CV-5381, 2017 WL

11647006, at *5 (E.D.N.Y. Mar. 31, 2017) (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)).

## DISCUSSION

### I.    Motion to Appoint Counsel

Neither party objects to the portion of Judge Marutollo's report and recommendation recommending that the Court deny Levitan's motion to appoint counsel.  (*See* ECF No. 1681 at 35–36.)  The Court has reviewed this portion of Judge Marutollo's report and recommendation for clear error and finds none, and accordingly adopts his recommendation.

### II.    Default Judgment

Judge Marutollo recommended that the Court grant Levitan's motion to vacate the certificate of default and deny the plaintiffs' motion for default judgment.  (*Id.* at 11–22.)  The plaintiffs object that Judge Marutollo "erroneously failed to discuss or give any weight numerous indicators of Levitan's willfulness," and erred in finding that Levitan "demonstrated two supposedly meritorious defenses."  (ECF No. 1699 at 7, 18.)  The plaintiffs say that "the recommendation that the default judgment motion be denied as premature is erroneous" because "the recommendation that Levitan's default be vacated is erroneous."  (*Id.* at 21.)

In asking the Court to reject Judge Marutollo's recommendation on the default issue, the plaintiffs repeat the arguments they made to Judge Marutollo.  Thus, they cite a "deal brokered by then-Magistrate Judge Reyes" on October 12, 2023, Levitan's bankruptcy proceedings, and Levitan's failure to appear at a September 12, 2024 status conference.  (*Compare* ECF No. 1699 at 8–15 *with* ECF No. 1661 at 12–13 *and* ECF No. 1662-2 at 47–53.)  When a party "simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Pall Corp.*, 249 F.R.D. at 51.  The plaintiffs argue that Judge Marutollo's

5

recommendation "would not survive clear error review" because his "evaluation of Levitan's willfulness ignores all of the most salient and brazen facts of this case." (ECF No. 1699 at 5.) This argument is unpersuasive. Judge Marutollo carefully considered the facts on which the plaintiffs rely, and correctly determined that granting default judgment was not appropriate.

The plaintiffs also point to Levitan's so-called "satellite litigation" against the plaintiffs and their counsel in Florida state court as evidence that his default in this case was willful (*see id.* at 16–17), but do not cite any precedent for the proposition that a defaulting defendant's activity in a separate lawsuit involving the same parties can properly be considered evidence of willfulness. *World Gold Trust Services, LLC v. GoldCoin Developers Group LP*, No. 20-CV-4667, 2021 WL 4134681 (S.D.N.Y. Sept. 10, 2021), involved a defaulting defendant who had a prior case with the plaintiff, but the facts are different. The defendant did not respond to a complaint and motion for default judgment at all. *See id.* at *1. The court found that this demonstrated willfulness, which was "magnified . . . by the fact that in a prior litigation between the parties, the defendants did in fact defend the action, which suggests that they were aware of the action and able to defend, and simply chose not to." *Id.* at *2 (citation modified). In this case, as Judge Marutollo correctly concluded, "after having been put on notice of Gilead's most recent motion for default, Levitan has appeared and litigated this action on myriad occasions." (ECF No. 1681 at 15.)

The plaintiffs also fault Judge Marutollo for determining that there was insufficient evidence to prove that Levitan "nefariously fil[ed] for bankruptcy to exit the present litigation." (*Id.* at 16.) But Judge Marutollo based this conclusion on a thorough examination of the record, which did not support the plaintiffs' allegations. Moreover, as Judge Marutollo pointed out, "even if Levitan had engaged in such behavior, '[t]his Circuit's preference for adjudicating

6

disputes on the merits, and [Levitan's] apparent desire to do so through [his] participation thus far, weighs against a finding that [Levitan's] default was willful.'" (*Id.* (quoting *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 189 (E.D.N.Y. 2025).)  "[T]he Second Circuit has found that a defendant's prompt application for a motion to set aside an entry of default suggests that the default was not willful." *Johnson v. New York Univ.*, 324 F.R.D. 65, 70 (S.D.N.Y. 2018) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)), *aff'd*, 800 F. App'x 18 (2d Cir. 2020).  By contrast, "where a party is notified that he is in default and he apparently makes no effort to appear *pro se* or to explain his situation to the court, such neglect is inexcusable." *Gonzalez v. ERBA Inc.*, No. 15-CV-6037, 2018 WL 1221152, at *2 (E.D.N.Y. Mar. 8, 2018) (quoting *Arista Records, Inc. v. Musemeci*, No. 03-CV-4465, 2007 WL 3124545, at *4 (E.D.N.Y. Sept. 18, 2007)).  Beginning on January 21, 2026 — the same day the plaintiffs filed another request for a certificate of default against Levitan — Levitan filed a slew of motions, including a motion to dismiss the sixth amended complaint and to vacate the default.  (*See, e.g.*, ECF Nos. 1651, 1652, 1653, 1654.)  Under these circumstances, the Court declines to hold that Levitan's neglect was willful.[6]

---

[6] The plaintiffs say that Judge Marutollo "err[ed] in [his] determination of Levitan's willfulness by relying heavily on Levitan's *pro se* status."  (ECF No. 1699 at 17.)  According to the plaintiffs, "Levitan's default was blatantly willful long before he became *pro se*," and "to allow Levitan's current *pro se* status to eclipse the overwhelming evidence of his willful default is to do a disservice to the tradition of judicial solicitude for unrepresented parties." (*Id.* at 16–17.)  The plaintiffs, however, overlook the "general rule" that "a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  The plaintiffs concede that Levitan was *pro se* when they filed the sixth amended complaint and moved for entry of default. (*See* ECF No. 1699 at 17.)  Accordingly, Judge Marutollo was right to take Levitan's *pro se* status into account in determining that granting the motion to vacate and denying the motion for default judgment was appropriate. *Cf. Fed. Deposit Ins. Corp. v. US Mortg. Corp.*, No. 13-CV-517, 2023 WL 11899890, at *11 (E.D.N.Y. Oct. 30, 2023) ("Because DeMaio was relieved as counsel during this Court's last hearing (but has now appeared on behalf of [the third-party defendant]), this Court was required to treat [the third-party defendant] as a *pro se* party at the time when default was first entered."), *report and recommendation adopted*, No. 13-CV-517, 2025 WL 1550897 (E.D.N.Y. June 2, 2025).

7

The plaintiffs also challenge Judge Marutollo's finding that Levitan presented evidence of meritorious defenses.  (ECF No. 1699 at 19–21.)  "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense."  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).  "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."  *Id.*; *see also Argus Rsch. Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 533 (E.D.N.Y. 2002) ("The Second Circuit has stated that a 'defense is meritorious if it is good at law so as to give the fact-finder some determination to make.'" (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996))).  "[C]ourts in this Circuit routinely recognize that a defendant need only 'meet a low threshold' to satisfy this factor."  *Li v. Fleet New York Metro. Reg'l Ctr. LLC*, No. 21-CV-5185, 2022 WL 1666963, at *7 (E.D.N.Y. May 25, 2022) (quoting *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014)).

As Judge Marutollo found, Levitan meets that low bar.  He claimed the Court does not have personal jurisdiction over him because he is a resident of Florida and does not reside in New York, maintain offices in New York, or regularly conduct business in New York, and because he was not properly served.  (ECF No. 1667 at 13; ECF No. 1651 at 6.)  He also contended that the sixth amended complaint "fail[s] to establish that Levitan purposefully directed any activities at the forum state or that the litigation arises out of those activities."  (ECF No. 1667 at 13.)  "A lack of personal jurisdiction constitutes a meritorious defense."  *Lou v. Kim*, No. 12-CV-8120, 2015 WL 5580330, at *6 (S.D.N.Y. Sept. 14, 2015).  And Levitan's arguments in support of his motions to dismiss "are above conclusory denials which a factfinder could evaluate."  *Veeraswamy*, 765 F. Supp. 3d at 190.

The fact that the Court, as explained below, rejects Levitan's claims, and concludes that there is personal jurisdiction, does not mean that the plaintiffs should prevail, because a defense "need not be ultimately persuasive" for a court to vacate a default. *Am. All. Ins. Co.*, 92 F.3d at 61. In light of Levitan's *pro se* status and "given the disfavored nature of defaults and the lenient construction of Rule 55(c) in this Circuit," the Court finds that he has "satisfie[d] the low threshold required such that the second factor weighs in favor of vacating the entr[y] of default." *Li*, 2022 WL 1666963, at *9; *see also Roberts v. Keith*, No. 04-CV-10079, 2007 WL 2712853, at *7 (S.D.N.Y. Sept. 18, 2007).[7]

Finally, because the Court concludes that Judge Marutollo was right to grant Levitan's motion to vacate default, it rejects the plaintiffs' objection to his recommendation that the Court deny the motion for default judgment. While this case undoubtedly has a long and somewhat tortured procedural history, the Court is mindful that "[t]he Second Circuit generally disfavors defaults and maintains a strong preference for resolving disputes on the merits." *Haran v. Orange Bus. Servs. Inc.*, No. 21-CV-10585, 2022 WL 2306945, at *1 (S.D.N.Y. June 27, 2022) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001)); *see also Sream Inc. v. Saakshi Enters. Inc.*, No. 16-CV-1408, 2017 WL 2633510, at *1 (E.D.N.Y. June 15, 2017) ("On a Rule 55(c) motion, the court must resolve all doubts in favor of the party seeking to vacate the certificate of default."). Accordingly, the Court grants Levitan's motion to vacate the default and denies the plaintiffs' motion for default judgment.

---

[7] The plaintiffs do not object to the portion of the report and recommendation finding that the prejudice factor "weighs in favor of vacating the default." (ECF No. 1681 at 18.) The Court has reviewed this section of the report and recommendation for clear error and finds none.

9

**III.    Motions to Dismiss**

    **a.    Motions to Dismiss Addressed in Judge Marutollo's Report and Recommendation**

Levitan filed two motions to dismiss that the Court referred to Judge Marutollo.  (*See ECF Order dated Apr. 6, 2026* (referring ECF No. 1651)*; ECF Order dated Apr. 29, 2026* (referring ECF No. 1667).)  In the report and recommendation, Judge Marutollo found that "[l]iberally construed, Levitan seeks to move to dismiss the Sixth Amended Complaint on the following grounds: lack of personal jurisdiction, insufficient service, lack of subject matter jurisdiction, improper venue, and Gilead's failure to state a claim," and that "[a]ll of Levitan's arguments are without merit."  (ECF No. 1681 at 22.)  Defendant Levitan does not object to Judge Marutollo's conclusion that the Court has subject matter jurisdiction over this case.  (*See* ECF No. 1681 at 30.)  Accordingly, the Court has reviewed this portion of the report and recommendation for clear error and finds none.  Levitan objects to the rest of Judge Marutollo's recommendations on the motions to dismiss, which the Court reviews below.

              *i.    Personal Jurisdiction and Service*

Judge Marutollo recommended that the Court deny Levitan's motion to dismiss on the ground that he was improperly served, because Levitan was served with the fourth amended complaint, was in default when the sixth amended complaint was filed, and the plaintiffs did not add any new claims against Levitan in the fifth or sixth amended complaints.  (ECF No. 1681 at 23.)  Levitan objects that he was not properly served with the fourth amended complaint, arguing that the "[t]he R&R errs by treating delivery of papers at the Florida residence to Sonya Dobbs, a Beggs & Lane paralegal, as effective service on Levitan."  (ECF No. 1694 at 6.)  Levitan attaches Sonya Dobbs's affidavit, dated July 26, 2023, in which she affirms that on August 18, 2022, she was a paralegal at Beggs & Lane RLLP, that she went to Levitan's house and "found a

10

lawyer for Gilead Sciences in the home and a deputy sheriff in the yard," and that "[a]t that time the firm of Beggs & Lane RLLP had not been retained to represent John Levitan in this case and [she] was not authorized to accept service of a summons." (*Id.* at 22–23.)

Levitan made an identical argument in his motion to dismiss. (*See* ECF No. 1651 at 12 (arguing that Dobbs would attest that "[s]ervice was made, if at all, on an unidentified third party that was his attorney's paralegal and was not authorized to accept service").) In any event, Judge Marutollo rightly observed that "the Second Circuit has counseled that 'Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice.'" *Arch Ins. Co. v. Goldens Bridge Fire Dep't*, No. 16-CV-9921, 2018 WL 1725225, at *5 (S.D.N.Y. Apr. 6, 2018) (quoting *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986)); *see also Dallas v. Roosevelt Union Free Sch. Dist.*, 644 F. Supp. 2d 287, 292 (E.D.N.Y. 2009) ("When a defendant receives actual notice of a lawsuit brought against him, technical imperfections with service will rarely invalidate the service." (citation modified)). There can be no meaningful dispute that Levitan had notice of this case. Accordingly, the Court overrules his objection and denies his motion to dismiss on the grounds that service was improper.

Judge Marutollo could not "credit Levitan's argument regarding lack of personal jurisdiction." (ECF No. 1681 at 30.) Levitan objects that Judge Marutollo's analysis of whether the Court has specific personal jurisdiction under C.P.L.R. § 302(a)(1) "conflates Levitan with Synergy, Vega, Safe Chain, alleged suppliers, alleged downstream sellers, and other defendants." (ECF No. 1694 at 8.) According to Levitan, if he "did not personally transact suit-related business in New York, did not direct suit-related conduct at New York, and is connected to New York only through allegations about others, then personal jurisdiction is lacking." (*Id.* at 8–9.)

11

Under Section 302(a)(1), "a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades v. Kennedy, PC L. Offs.*, 799 F.3d 161, 168 (2d Cir. 2015) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013)). "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010). "[C]ourts in this circuit have concluded that the single act of selling counterfeit goods in New York is sufficient to invoke jurisdiction." *EnviroCare Techs., LLC v. Simanovsky*, No. 11-CV-3458, 2012 WL 2001443, at *2 (E.D.N.Y. June 4, 2012). For a non-resident defendant, the question is whether he had "full knowledge that the goods will or can be reasonably expected to be sold in New York, where they will infringe plaintiff's intellectual property rights." *Ortiz v. Guitian Bros. Music Inc.*, No. 07-CV-3897, 2008 WL 4449314, at *9 (S.D.N.Y. Sept. 29, 2008) (citation modified).

The sixth amended complaint alleges that Levitan "managed and directed an enterprise dedicated to the sale of counterfeit Gilead HIV medication accompanied by counterfeit and fraudulent documentation." (ECF No. 1644 ¶ 106.) It alleges that he "managed the relationship between" suppliers — pharmaceutical wholesalers set up for the purpose of selling counterfeit medication — and distributors who facilitated the sale of counterfeit medication to pharmacies

(*id.* ¶ 278), and that he directed and managed the relationship between two suppliers, Synergy and Invicta, and distributor Safe Chain, which sold and conspired to sell counterfeit medications to pharmacies in New York City (*id.* ¶¶ 188, 282–83).  The Court found that it had personal jurisdiction over Carlos Vega, the founder and owner of Synergy, because he "was closely involved in the first step in this process; the evidence shows that he was acting as a representative of Synergy, and he corresponded with Safe Chain after Safe Chain rejected Synergy-sourced Gilead bottles on which were glued a different drug's inserts."  *Gilead Scis., Inc. v. Safe Chain Sols., LLC*, No. 21-CV-4106, 2022 WL 22947596, at *7 (E.D.N.Y. Sept. 29, 2022).  While Levitan did not personally sell the counterfeit medication to Safe Chain, the complaint alleges that he too was closely involved in the first step in the process; for example, the sixth amended complaint quotes an email from Levitan to Vega in which he solicited "inventory" and requested to "lock in an agreement for future orders."  (ECF No. 1644 ¶ 281.)  Under these circumstances, the Court finds that Levitan is also subject to personal jurisdiction under New York's long-arm statute.

Moreover, the plaintiffs bring civil RICO claims against Levitan, who is identified in the sixth amended complaint as one of the "Leader Defendants."  (*See id.* ¶¶ 106, 759.)  Section 1965(b) of the RICO statute authorizes nationwide personal jurisdiction over "other parties" who do not reside in the district, when the "ends of justice" so require.  18 U.S.C. § 1965(b).  Like Vega, Levitan's "alleged participation in the counterfeit scheme with Safe Chain, which sold purportedly counterfeit products to New York pharmacies in this district, would establish this Court's jurisdiction under Section 1965(b)."  *Gilead Scis., Inc.*, 2022 WL 22947596, at *10 (citing *Dandong Old N.-E. Agric. & Animal Husbandry Co. v. Hu*, No. 15-CV-10015, 2017 WL

13

3328239 (S.D.N.Y. Aug. 3, 2017)).[8]  Accordingly, Section 1965(b) also authorizes the Court to exercise personal jurisdiction over Levitan.[9]

Levitan also objects that the report and recommendation "collapses the due-process analysis into the long-arm analysis." (ECF No. 1694 at 9.)  This objection is meritless.  Judge Marutollo did a meticulous analysis to determine whether the Court's exercise of personal jurisdiction comports with due process.  (*See* ECF No. 1681 at 27–30.)  For these reasons, the Court denies Levitan's motion to dismiss on the grounds that the Court lacks personal jurisdiction.

        *ii.*     *Venue*

Levitan also objects to Judge Marutollo's recommendation that the Court deny his motion to dismiss for improper venue.  (*See* ECF No. 1694 at 9–10.)  The Court already concluded that venue is proper in this district.  *See Gilead Scis., Inc.,* 2022 WL 22947596, at *11-12.  Levitan argues that "[i]f the operative pleading does not identify Levitan-specific transactions, counterfeit products, sales, shipments, communications, or conduct occurring in the Eastern District of New York, venue is improper or at least unproven as to Levitan." (ECF No. 1694 at

---

[8] "[C]ourts have permitted use of section 1965(b) to establish personal jurisdiction only after finding jurisdiction proper as to at least one defendant under section 1965(a)." *Milton v. Wazed*, No. 16-CV-4542, 2018 WL 2074179, at *9 (E.D.N.Y. Mar. 30, 2018) (collecting cases); *see also Lipson v. Birch*, 46 F. Supp. 3d 206, 216 (E.D.N.Y. 2014) ("[I]n order for § 1965(b) to apply, the Second Circuit has found that at least one defendant must satisfy the test for personal jurisdiction set forth in 18 U.S.C. § 1965(a) (citing *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 71 (2d Cir. 1998)).  The Court has already determined that it has jurisdiction over Vega under Section 1965(a). *See Gilead Scis., Inc.*, 2022 WL 22947596, at *10.

[9] "[W]here Section 1965(b) authorizes the exercise of personal jurisdiction over a defendant, a court may also exercise personal jurisdiction over that defendant 'for other claims that arise out of the same operative facts as the civil RICO claim, even if personal jurisdiction would not otherwise be present as to those claims.'" *Vice v. Nat'l Collegiate Student Loan Tr. 2004-1*, No. 23-CV-6287, 2026 WL 867096, at *18 (S.D.N.Y. Mar. 30, 2026) (quoting *J.T. v. de Blasio*, 500 F. Supp. 3d 137, 163 (S.D.N.Y. 2020)).

10.)  But "[t]he statutory standard for venue focuses not on whether a defendant has made a deliberate contact — a factor relevant in the analysis of personal jurisdiction — but on the location where events occurred." *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992) (citation omitted).  As the Court already found, "[t]he alleged scheme involved the sale of counterfeit drugs . . . to pharmacies in the Eastern District of New York.  Many of the participants in the scheme — most of the pharmacies, counterfeit suppliers, a distributor, and certain businesses associated with money laundering — are also located in the district.  Thus, venue lies in this district under Section 1391(b)(2)." *Gilead Scis., Inc.*, 2022 WL 22947596, at *12 (citing *Cartier v. Micha, Inc.*, No. 06-CV-4699, 2007 WL 1187188, a *3 (S.D.N.Y. Apr. 20, 2007); *Baron Philippe de Rothschild, S.A. v. Paramount Distillers, Inc.*, 923 F. Supp. 433, 437 (S.D.N.Y. 1996)).  Accordingly, Levitan's motion to dismiss for improper venue is denied.

### iii.     Failure to State a Claim

Finally, Levitan objects to Judge Marutollo's recommendation that the Court deny Levitan's motion to dismiss for failure to state a claim.  (*See* ECF No. 1694 at 10–12.)  Levitan argues that the sixth amended complaint "does not provide individualized factual allegations," and does not "give Levitan fair notice of what he personally did, when he did it, with whom, through what transactions, involving what products, and how those acts caused the alleged injury."  (*Id.* at 12.)[10]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

---

[10] Levitan also objects that the sixth amended complaint does not satisfy Rule 9(b)'s heightened pleading standard, and that "[t]he same problem applies to Lanham Act and trademark-related theories."  (ECF No. 1694 at 11.)  Because Levitan did not raise these arguments in either of his motions to dismiss, the Court does not consider them. *See McClellon v. Rickard*, No. 24-CV-10053, 2026 WL 686499, at *7 (S.D.N.Y. Mar. 11, 2026).

U.S. 662, 678 (2009) (citation modified).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The sixth amended complaint easily satisfies this standard.  As Judge Marutollo observed, the sixth amended complaint "goes into considerable detail about the role that Levitan played in the alleged criminal enterprise and the specific contacts and defendants to whom he supplied counterfeits."  (ECF No. 1681 at 34 (citing ECF No. 1644 ¶¶ 106, 278–84).)  Accordingly, Levitan's motion to dismiss for failure to state a claim is denied.

> **b.  Motion to Dismiss Filed After Judge Marutollo Issued the Report and Recommendation**

On May 22, 2026, after Judge Marutollo issued the report and recommendation, Levitan filed another motion to dismiss.  (ECF No. 1687.)  "[A] party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g).[11]  In Levitan's latest motion, he reiterates many of the same arguments that he made in his earlier motions to dismiss, and raises new arguments that build upon his objections to Judge Marutollo's report and recommendation.  (*See* ECF No. 1688.)  These arguments were available to Levitan when he made his earlier motions.  Accordingly, the Court also denies this motion to dismiss. *See Ogunkoya v. Cnty. of Monroe*, No. 15-CV-6119, 2020 WL 3791850, at *4 (E.D.N.Y. July 7, 2020) (denying a motion to dismiss "to the extent [the defendants] raise defenses or objections that could have been or were previously presented or decided"); *see also Torres v. UConn*

---

[11] "One exception [to Rule 12(g)] is that the issue of subject matter jurisdiction may be raised at any time."  *Crown Cork & Seal Co. Master Ret. Tr. v. Credit Suisse First Bos. Corp.*, No. 12-CV-5803, 2013 WL 491538, at *1 (S.D.N.Y. Feb. 8, 2013) (citing Fed. R. Civ. P. 12(h)(3)).  Levitan's motion to dismiss does not argue that the Court lacks subject matter jurisdiction.  (*See* ECF No. 1688.)

*Health*, No. 17-CV-325, 2018 WL 2926277, at *6 (D. Conn. June 7, 2018) (denying second motion to dismiss where the defendants "previously filed a Rule 12(b)(6) motion, and the defense asserted in the second motion was available at that time").

## IV.     Motion to Vacate Seizure Order and Asset Order

Judge Marutollo recommended that the Court deny Levitan's motion to vacate the Asset Freeze Order and Seizure Order against him.  (ECF No. 1681 at 36–37.)  Levitan objects that the report and recommendation "does not apply the governing ex parte seizure, injunction, and due-process standards to the facts presented in the amended motion and the Dobbs affidavit."  (ECF No. 1694 at 14.)  Levitan maintains that he was entitled to due process under the Constitution and the Lanham Act, and that "[t]he R&R does not meaningfully analyze those requirements as applied to Levitan."  (*Id.* at 15.)  He says that "[o]nce Levitan appeared and challenged the seizure, the Court was required to conduct a real adversarial review under Rule 65, § 1116(d), and due process."  (*Id.*)

Levitan did not make these arguments in his original motion; instead, he challenged the seizure order because "the issuing court lacked territorial power over the seizure location;" the Lanham Act "does not authorize extraterritorial seizures;" under *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), "a single district court may not issue remedies of nationwide scope that bind beyond the parties and the court's territorial authority;" and the execution of the seizure order violated his, his wife's, and his minor child's Fourth Amendment rights.  (ECF No. 1667 at 6–11.)  He also argued that "[e]ven if the seizure order had been jurisdictionally valid, the manner in which Plaintiffs' attorneys executed it independently requires vacatur and suppression."  (*Id.* at 14.)

Levitan could have made the arguments he now raises in objection to Judge Marutollo's report and recommendation in connection with his original motion, but did not.  Because "[p]arties may not raise new arguments for the first time in objections to a report and

17

recommendation, *McClellon v. Rickard*, No. 24-CV-10053, 2026 WL 686499, at *7 (S.D.N.Y. Mar. 11, 2026) (citation modified), the Court does not consider this objection.

## V.    Motion for More Definite Statement

Finally, Judge Marutollo recommended that the Court deny Levitan's motion for a more definite statement, in part because Levitan "can, and indeed has, prepared a response to Gilead's pleadings." (ECF No. 1681 at 34 (citing ECF No. 1670 (Levitan's Answer to the Fourth Amended Complaint)).) Levitan objects that "[t]he Fourth Amended Complaint is superseded; it cannot establish that the Sixth Amended Complaint gives adequate notice, particularly after multiple amendments and disputed service." (ECF No. 1694 at 13.) He maintains that "the Sixth Amended Complaint, as applied to Levitan, lacks the necessary specificity regarding his alleged conduct, dates, counterparties, transactions, products, counterfeit items, communications, predicate acts, knowledge, and causation." (*Id.*)

While Judge Marutollo cited Levitan's answer to the fourth amended complaint as evidence that he could adequately discern the plaintiffs' claims against him, the judge also noted that the sixth amended complaint "addresses claims against all Defendants, including Levitan," and "goes into considerable detail about the role that Levitan played in the alleged criminal enterprise and the specific contacts and defendants to whom he supplied counterfeits." (*See* ECF No. 1681 at 34.) Under Rule 12(e) of the Federal Rules of Civil Procedure, a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The sixth amended complaint is 194 pages long (*see* ECF No. 1644), and "pleads enough factual matter to enable [Levitan] to prepare a response," *T.K., Inc. v. Castleton Cap. Corp.*, No. 12-CV-853, 2013 WL 12293454, at *1 (D. Conn. May 30, 2013). *See also Zuppe v. Elite Recovery Servs., Inc.*, No. 05-CV-857, 2006 WL 47688, at *2 (D. Conn. Jan. 5, 2006) (denying

motion for more definite statement where the complaint "contain[ed] sufficient detail in terms of the actions, dates, and circumstances alleged, as well as the legal basis for plaintiff's claims, for defendant to be fairly apprised of the claims against it"). In any event, Levitan filed an answer to the sixth amended complaint after Judge Marutollo issued the report and recommendation. (ECF No. 1692.) Accordingly, Levitan's motion for more definite statement is denied.

## CONCLUSION

For these reasons, the Court adopts Judge Marutollo's thorough and persuasive report and recommendation. The Court grants Levitan's motion to vacate his default and denies the plaintiffs' motion for default judgment. The Court also denies Levitan's motion to appoint counsel, motion to vacate the seizure order, motion for more definite statement, and motions to dismiss.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      July 2, 2026